


UNITED STATES DISTRICT COURT
OFFICE OF THE CLERK
WESTERN DISTRICT OF TEXAS  FILED

William G. Putnicki

2008 JAN 15  A 2008West 8th Street, Room 130
Austin, Texas 78701
512-916-5896

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

**E-FILING**   January 7, 2008

Richard W. Wieking, Clerk of Court
United States District Court
280 South 1st Street
San Jose, CA 95113

       In re:  Finley v. Pulcrano et al
               1:07-cv-00889-SS

Dear Clerk:    C 08 00248 PVT

The above action has been transferred to your court pursuant to the transfer order signed by the Honorable Sam Sparks on December 10, 2007.

Enclosed are certified copies of the transfer order and docket sheet. You may access all electronically filed pleadings in this case via PACER. If any pleadings were not filed electronically, please find them enclosed.

Please acknowledge receipt of the enclosed documents by returning, in the self-addressed stamped envelope, the extra copy of this letter, showing the date filed in your court and your cause number.

Thank you for your attention to this matter.

                    Sincerely,

                    William G. Putnicki, Clerk
                    Western District of Texas

      By:  _____
            Jaye Kissler, Docket Clerk

Enclosures

**C 08 00248 PVT**    CLOSED

ADR

E-FILING

U.S. District Court [LIVE]
Western District of Texas (Austin)
CIVIL DOCKET FOR CASE #: 1:07-cv-00889-SS

## Internal Use Only

| | |
|---|---|
| Finley v. Pulcrano et al | Date Filed: 10/24/2007 |
| Assigned to: Judge Sam Sparks | Date Terminated: 12/10/2007 |
| Case in other court: 201st Judicial District Court of Travis County, TX, D-1-GN-07-003427 | Jury Demand: Plaintiff |
| | Nature of Suit: 160 Stockholders Suits |
| Cause: 28:1332 Diversity-Contract Dispute | Jurisdiction: Diversity |

**Plaintiff**

**Johnathan Brant Finley**              represented by    **Donald R. Taylor**
Taylor Dunham & Burgess, LLP
301 Congress Avenue
Suite 1050
Austin, TX 78701
(512)473-2257
Fax: 512/478-4409
Email: dtaylor@taylordunham.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jennifer A. Tatum**
Taylor, Dunham & Burgess LLP
301 Congress Ave.
Suite 1050
Austin, TX 78701
(512)473-2257
Fax: (512)478-4409
Email: jtatum@taylordunham.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Miguel S. Rodriguez**
Taylor Dunham & Burgess LLP
301 Congress Avenue
Suite 1050
Austin, TX 78701
(512)473-2257
Fax: 512/478-4409
Email: mrodriguez@taylordunham.com

A true copy of the original, I certify.
WILLIAM G. PUTNICKI
Clerk, U.S. District Court
By _____
Deputy Clerk

                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Dan Pulcrano**                            represented by  **Peter D. Kennedy**
                                                                 Graves Dougherty Hearon & Moody, PC
                                                                 401 Congress Ave.
                                                                 Suite 2200
                                                                 Austin, TX 78701
                                                                 (512) 480-5764
                                                                 Fax: 512/536-9908
                                                                 Email: pkennedy@gdhm.com
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

**Defendant**

**Boulevards New Media, Inc.**          represented by  **Peter D. Kennedy**
                                                                (See above for address)
                                                                *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/24/2007 | 1 | NOTICE OF REMOVAL (Filing fee $350.00 receipt number 419610), filed by Dan Pulcrano, Boulevards New Media, Inc.. (Attachments: # 1 Exhibits; # 2 Civil Cover Sheet, Supplement to JS44, and copy of receipt) (mm5) (Entered: 10/29/2007) |
| 10/29/2007 | 2 | ORDER to supplement the record with state court filings. Signed by Judge Sam Sparks. (mm5) (Entered: 10/29/2007) |
| 11/05/2007 | 3 | MOTION to Dismiss for Lack of Jurisdiction *Personal* by Dan Pulcrano. (Attachments: # 1 Affidavit # 2 Exhibit # 3 # 4 Proposed Order) (Kennedy, Peter) (Entered: 11/05/2007) |
| 11/05/2007 | 4 | Order for Scheduling Recommendations/Proposed Scheduling Order. Scheduling Recommendations/Proposed Scheduling Order due by 12/24/2007.. Signed by Judge Sam Sparks. (jk, ) (Entered: 11/05/2007) |
| 11/05/2007 | 5 | MOTION to Dismiss *or Transfer Venue* by Dan Pulcrano, Boulevards New Media, Inc.. (Attachments: # 1 Affidavit # 2 Exhibit # 3 Exhibit # 4 Proposed Order)(Kennedy, Peter) (Entered: 11/05/2007) |
| 11/21/2007 | 6 | ADVISORY TO THE COURT by Johnathan Brant Finley *Concerning Plaintiff's Responses to Pending Motions*. (Rodriguez, Miguel) (Entered: 11/21/2007) |
| 12/05/2007 | 7 | Agreed MOTION for Extension of Time to File *Briefing* by Johnathan |

|  |  | Brant Finley. (Attachments: # 1 Proposed Order)(Rodriguez, Miguel) (Entered: 12/05/2007) |
|---|---|---|
| 12/10/2007 | ●8 | ORDER granting in part and denying in part 5 Motion to Dismiss ; denying 7 Motion for Extension of Time to File; transferring case to Northern District of CA, San Jose Div. Signed by Judge Sam Sparks. (mc2, ) (Entered: 12/10/2007) |
| 12/10/2007 | ● | (Court only) ***Civil Case Terminated. (mc2, ) (Entered: 12/10/2007) |
| 01/07/2008 | ●9 | Case Transferred to the Northern District of California, San Jose Division. (jk, ) (Entered: 01/07/2008) |

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2007 DEC 10 AM 10: 15
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

JOHNATHAN BRANT FINLEY,
    Plaintiff,

-vs-

Case No. A-07-CA-889-SS

DAN PULCRANO and BOULEVARD NEW MEDIA, INC.,
    Defendants.

## ORDER

BE IT REMEMBERED on the 10th day of December 2007 the Court reviewed the file in the above-styled cause, and specifically Defendants Dan Pulcrano and Boulevard New Media, Inc.'s Motion to Dismiss or Transfer Venue [#5] and the parties' Agreed Motion to Set Briefing Schedule [#7]. After reviewing the motions, the relevant law, and the case file as a whole, the Court enters the following opinion and orders.

### Background

Plaintiff Johnathan Brant Finley filed suit in the 201st Judicial District of Travis County, Texas, on October 8, 2007. The Plaintiff alleged causes of action for violation of the Texas Securities Act, statutory fraud pursuant to Tex. Bus. & Comm. Code § 27.01, common law fraud, and unjust enrichment. On October 24, 2007, Defendants removed the case to the Western District of Texas, Austin Division, on the basis of diversity jurisdiction under 28 U.S.C. §§ 1441 and 1446. Defendants seek a transfer of venue to the Northern District of California, San Jose Division, or, in the alternative, dismissal for improper venue.

A true copy of the original, I certify.
WILLIAM G. PUTNICKI
Clerk, U.S. District Court
By _____ Deputy Clerk

Analysis

I.   **Agreed Motion to Set Briefing Schedule**

Defendants filed the motion to transfer venue on November 5, 2007, along with Defendant Pulcrano's Motion to Dismiss for Lack of Personal Jurisdiction [#3]. Under Local Rule CV-7(d), Plaintiff had eleven (11) days to respond. On November 21, 2007, several days after the eleven days expired, the Plaintiff filed an advisory to the Court that the parties had agreed on "an extension of the deadline to file its responses to the pending motions" until November 30, 2007 and were negotiation an agreed briefing schedule. No responses were received by the self-imposed, extended deadline. Under Local Rule CV-7(d), the Court may grant a motion as unopposed if no response is filed by the deadline.

On December 5, 2007, the parties filed an Agreed Motion to Set Briefing Schedule [#7]. The parties request permission to conduct limited discovery before responding to Defendants' pending motions and ask for an additional sixty (60) days to file his responses. This Court has discretion to permit discovery on a motion to dismiss for lack of personal jurisdiction. *See Wyatt v. Kaplan*, 686 F.2d 276, 283 (5th Cir. 1982); *Assoc. Metals & Minerals Corp. v. S.S. Geert Howaldt*, 348 F.2d 457, 459 (5th Cir. 1965). However, the Court denies the request for limited discovery and an extension of time to file Plaintiff's responses because, as discussed more fully below, the case should be transferred to California.

II.  **Transfer of Venue Standard**

The Defendants move to transfer the case for the convenience of parties and witnesses under 28 U.S.C. § 1404(a). Section 1404(a) provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division

-2-

where it might have been brought." 28 U.S.C. § 1404(a). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Duren v. Barrack*, 376 U.S. 612, 622 (1964)). The Court must consider whether transfer is convenient and in the interests of justice pursuant to § 1404(a). Because a plaintiff has the privilege of choosing the venue in which to file, the defendant bears the burden of proving a transfer of venue would be "clearly" more convenient for the parties and witnesses and would be in the interest of justice. *See In re Volkswagen of Am. Inc.*, --- F.3d ---, 2007 WL 3088142 at *7 (5th Cir. Oct. 24, 2007); *Schexnider v. McDermott Int'l, Inc.*, 817 F.2d 1159, 1163 (5th Cir. 1987) ("[t]here is ordinarily a strong presumption in favor of the plaintiff's choice of forum that may be overcome only when the private and public interest factors clearly point towards trial in the alternative forum."). "When the transferee forum is no more convenient than the chosen forum, the plaintiff's choice should not be disturbed." *Volkswagen*, 2007 WL 3088142 at *7.

The preliminary question in a change of venue motion is "whether the suit could have been filed originally in the destination venue." *Id.* at *3. After determining the suit could have been filed in the destination venue, the Court weighs the parties' private interests in convenience and the public interest in the fair administration of justice. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1974). The private interest factors include: (1) the plaintiff's choice of forum; (2) the convenience of the parties and material witnesses; (3) the place of the alleged wrong; (4) the cost of obtaining the attendance of witnesses and the availability of compulsory process; and (5) the possibility of delay

-3-

and prejudice if transfer is granted.[1] *Robertson v. Kiamichi R.R. Co., L.L.C.*, 42 F. Supp. 2d 651, 655 (E.D. Tex. 1999). The public interest factors include (1) the administrative difficulties caused by court congestion; (2) the local interest in adjudicating local disputes; (3) the unfairness of burdening citizens in an unrelated forum with jury duty; and (4) the avoidance of unnecessary problems in conflict of laws. *Id.*

Recently, the Fifth Circuit in *In re Volkswagen* considered the proper standard for transfer of venue. 2007 WL 3088142 (5th Cir. Oct. 24, 2007). In *Volkswagen*, the defendants moved for, and were denied by the district court, a transfer of venue from the Marshall Division of the Eastern District of Texas to the Dallas Division of the Northern District of Texas. *Id.* at *1. The defendants asserted transfer should be granted because: 1) the car was purchased in Dallas County; 2) the accident occurred in Dallas; 3) Dallas residents witnessed the accident; 4) Dallas police and paramedics were involved; 5) the autopsy was performed by a Dallas doctor; 6) the third-party defendant lived in Dallas; 7) none of the parties or witnesses lived in the Marshall Division; and 8) none of the events occurred in the Marshall Division. *Id.* The Fifth Circuit recognized a history of conflicting precedent with regard to the proper deference to be given to a plaintiff's choice of forum. *Id.* at *3-6. The Court rejected the standard that the moving party must show that convenience and justice "substantially" favor transfer, instead holding that "a party seeking transfer 'must show good cause'" and therefore transfer must be granted "[w]hen the transferee forum is clearly more convenient." *Id.* at *3, 7.

---

[1] The Fifth Circuit has stated the location of counsel is irrelevant to the venue analysis and an improper factor for courts to consider. *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003).

-4-

## II. Transfer to California

The preliminary question in a change of venue motion is "whether the suit could have been filed originally in the destination venue." *Volkswagen*, 2007 WL 3088142 at *3. Because both defendants reside in the Northern District of California, this suit could have been brought there. 28 U.S.C. § 1391(a).

The Defendants argue that the private interest factors favor transfer to California. The Defendants claim that because the Plaintiff lives in Mexico, Austin is no more convenient a location to litigate the case than California, especially since Plaintiff regularly travels to California for business. According to Defendants, the relevant documents and several witnesses are in California, whereas none are located in Austin. Although Plaintiff claims several misrepresentations were made in Texas, the underlying facts on which his claims are based allege failures to perform obligations in California, not Texas. The Plaintiff has failed to identify any private interest factors that weigh in favor of keeping the case in Texas. As a result, the Court finds that the private interests involved favor transfer to California.

The Defendants also argue that the public interest factors favor transfer. Specifically, Defendants claim that because the Plaintiff relocated himself and his business to Mexico over two years ago, there is little or no local interest in having this lawsuit tried in Austin. The Court agrees. The citizens of Austin have little, if any, ongoing interest in a case between California defendants and a plaintiff who lives in Mexico. It would be unfair to burden the citizens of the Western District of Texas with jury duty on a case in which they and their community have no interest. The citizens of California, on the other hand, have a strong interest in the case. Additionally, Defendants argue that the contracts at issue require the application of California law. Thus, transferring the case to

California could avoid unnecessary conflicts of law. The Court thus finds that the case should be transferred to the Northern District of California, San Jose Division, for the convenience of parties and witnesses and in the interest of justice.

### Conclusion

In accordance with the foregoing:

IT IS ORDERED the parties' Agreed Motion to Set Briefing Schedule [#7] is DENIED.

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss or Transfer Venue [#5] is GRANTED IN PART as to transfer and DENIED IN PART as to dismissal.

IT IS FINALLY ORDERED that pursuant to 28 U.S.C. § 1404(a) this cause is TRANSFERRED to the United States District Court for the Northern District of California, San Jose Division.

SIGNED this the 10th day of December 2007.

_____
SAM SPARKS
UNITED STATES DISTRICT JUDGE