BRADLEY A. BENING - 104221
GEORGE W. DOWELL - 234759
WILLOUGHBY, STUART & BENING, INC.
50 W. San Fernando St., Suite 400
San Jose, California 95113
(408) 289-1972
Facsimile: (408) 295-6375

Attorneys for Defendant
DAN PULCRANO

# IN THE UNITED STATES DISTRICT COURT

# IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNATHAN BRANT FINLEY,<br><br>        Plaintiff,<br><br>vs.<br><br>DAN PULCRANO and BOULEVARDS<br>NEW MEDIA, INCORPORATED,<br><br>        Defendants. | No. C 08-00248 PVT<br><br>**ANSWER TO COMPLAINT**<br><br>**(JURY TRIAL DEMANDED)** |

Defendant DAN PULCRANO ("PULCRANO") by his attorneys, Willoughby, Stuart & Bening, Inc., answer the Complaint herein as follows:

1.    Deny that he has knowledge or information sufficient to form a belief as to the truth of the allegations contained in Section I of the Complaint.

2.    Admit the allegations contained in Paragraph 1 of Section II, with the exception of PULCRANO's office address, which is denied.

3.    Deny that he has knowledge or information sufficient to form a belief as to the truth of the allegations contained in Section I of the Complaint.

4.    Deny the allegations contained in Paragraph 1 of Section III that the District Court of Travis County, Texas has jurisdiction over PULCRANO;

5.    Deny the allegations contained in Paragraph 1 of Section III that PULCRANO in his personal or representative capacities made fraudulent representations.

6.     Deny the allegations contained in Paragraph 1 of Section III that PULCRANO engaged in any scheme to gain control of mrmovietime.com.

7.     Admit the allegations contained in Paragraph 1 of Section III that one agreement did contemplated that MMT would obtain authorization to conduct business in Texas.

8.     Admit the allegations contained in Paragraph 1 of Section III that PULCRANO is involved in a business that operates websites that "cover" cities in Texas.

9.     Deny that he has knowledge or information sufficient to form a belief as to the truth of the allegations contained in Section I of the Complaint.

10.     Deny the allegations contained in Paragraph 2 of Section III that the exercise of personal jurisdiction by Texas courts would comport with the traditional notions of fair play and substantial justice.

11.     Admit the allegations contained in Paragraph 3 of Section III that the amount in controversy exceeds minimum jurisdictional amount of Texas courts.

12.     Deny the allegations contained in Paragraph 4 of Section III that venue is proper, or that any events or omissions occurred that gave rise to Plaintiff's claims.

13.     Admit the allegations contained in Paragraph 1 of Section IV of the Complaint that Plaintiff was operating a sole proprietorship known as mrmovietimes, and additionally that Plaintiff was operating illegally, operating the web site using stolen  intellectual property for which Plaintiff had obtained no license, and which was the subject of threatened litigation by the owner of the intellectual property.

14.     Admit the allegations contained in Paragraph 2 of Section IV of the Complaint.

15.     Admit the allegations contained in Paragraph 3 of Section IV of the Complaint to the extent that Pulcrano and Plantiff discussed the formation of a new entity, and that there was an agreement that Pulcrano would be CEO.

16.     Deny the allegations contained in Paragraph 4 of Section IV of the Complaint that PULCRANO offered to sell Finley stock in MMT and provide Finley with options to purchase more stock in MMT if Finley would put his sole proprietorship into MMT.

2

PULCRANO and Finley agreed, pursuant to a contribution agreement that Finley would exchange his interest in "mrmovietimes.com" for shares of stock equal to a twenty percent interest in MMT, with the opportunity to purchase additional options that would vest over the course of Finley's three year term of employment.

17.    Deny the allegation in Paragraph 4 of Section IV of the Complaint that "Pulcrano promised that Finley would be hired by the new entity" for three years at a salary of $3,000 per month plus 40% of profits in the Corporation.  MMT entered into an employment agreement with Finley for a period of three years at a salary of $3,000 per month.  The bonus was to be 40% of the corporation's cash collected profits less accrued losses.

18.    Deny the allegation in Paragraph 4 of Section IV of the Complaint that "Pulcrano represented that the Corporation would have its own bank account, its own tax-id number and, in general, that the Corporation would be run as a separate entity from Pulcranos's other business ventures."

19.    Admit the allegation in Paragraph 4 of Section IV of the Complaint that "Pulcrano also represented that his extensive contacts in the media and advertising world would greatly enhance the value of the mrmovietimes enterprise."

20.    Deny the allegations in Paragraph 4 of Section IV of the Complaint that any misrepresentations occurred, in Texas or elsewhere.

21.    Deny that he has knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of Section IV of the Complaint that "In reliance on the representations of Pulcrano, Finley agreed to give up 100% fo his ownership interest in the business of mrmovietimes.com to the new entity, in exchange for a 15%-40% stake (depending on his exercise of options) in the Corporation."

22.    Admit the allegation in Paragraph 5 of Section IV of the Complaint that in June 2004, PULCRANO and Finley signed the closing documents for the transaction in Austin, Texas.

23.    Deny the allegation in Paragraph 6 of Section IV of the Complaint that "over

1  the next three years, Finley diligently worked to grow the business of mrmovietimes.com."

2      24.    Admit the allegation in Paragraph 6 of Section IV of the Complaint that

3  "Advertising revenue grew from approximately $1,200 per month in early 2004 to a high of

4  approximately $42,000 per month by July 2007."

5      25.    Deny that he has knowledge or information sufficient to form a belief as to the

6  truth of the allegations contained in Paragraph 7 of Section IV of the Complaint that

7  "[d]espite Finely's efforts and success, Boulevards continued to maintain complete control

8  over all revenues and profits of the enterprise and has never acted to place the enterprise into

9  the Corporation which remains and empty shell."

10     26.    Deny the allegation in Paragraph 7 of Section IV of the Complaint that "the

11  Corporation has held, at most, one board meeting over three years ago, has never appointed a

12  third director, has never held a shareholder's meeting."

13     27.    Admit the allegations contained in Paragraph 7 of Section IV of the Complaint

14  that "Boulevards' accounting personnel manage, with Plaintiffs full knowledge and

15  agreement, mrmovietimes.com's advertising revenue and that this advertising revenue flows

16  into Boulevards' bank accounts where it was commingled with non-mrmovietimes assets."

17     28.    Deny the allegation in Paragraph 7 of Section IV of the Complaint that

18  "[d]espite Finley's requests, defendants had no response to explain why Boulevards was

19  commingling mrmovietimes' funds."

20     29.    Admit the allegation in Paragraph 7 of Section IV of the Complaint that

21  "Pulcrano never obtained a tax identification number or bank account for Mr.MovieTimes,

22  Inc." All of this was done with Plaintiffs knowledge and agreement.

23     30.    Admit the allegation in Paragraph 7 of Section IV of the Complaint that

24  Finley was being paid by Boulevards.

25     31.    Deny the allegation in Paragraph 7 of Section IV of the Complaint that

26  "Pulcrano and Boulevards have also refused to provide Finley with information concerning

27  the income, expenses and financial status fo the mrmovietimes.com enterprise." In fact,

28  Paintiff has always had full access to the accounting, and has logged on to the accounting

4

1  system 363 times between July of 2004 and January of 2008 to review accounting

2  information, and has had full access to all accounting information and personnel.

3  **WITH RESPECT TO COUNT 1**

4      32.    Defendant incorporates his admissions and denials to the allegations contained

5  in Section IV of the Complaint in response to Paragraph 1 of Count 1 of Section V of the

6  Complaint.

7      33.    Denies the allegations set forth in Paragraph 2 of Count 1 of Section V of the

8  Complaint that Pulcrano offered and sold securities in the Corporation to Finley by means of

9  an untrue statement of material fact and an omission to state a material fact necessary in

10  order to make the statements made, in light of the circumstances under which there were

11  made, not misleading."

12      34.    Deny the allegation in Paragraph 3 of Count 1 of Section V of the Complaint

13  that "in addition or in the alternative, to the extent Boulevards is the offeror or seller,

14  Pulcrano is responsible as a control person and/or aider."

15      WHEREFORE, defendant demands judgment dismissing Count 1 of the Complaint.

16  **WITH RESPECT TO COUNT 2**

17      35.    Defendant incorporates his admissions and denials to the allegations contained

18  in Section IV of the Complaint in response to Paragraph 1 of Count 2 of Section V of the

19  Complaint.

20      36.    Denies the allegations set forth in Paragraph 2 of Count 2 of Section V of the

21  Complaint.

22      WHEREFORE, defendant demands judgment dismissing Count 2 of the Complaint

23  **WITH RESPECT TO COUNT 3**

24      37.    Defendant incorporates his admissions and denials to the allegations contained

25  in Section IV of the Complaint in response to Paragraph 1 of Count 3 of Section V of the

26  Complaint.

27      38.    Denies the allegations set forth in Paragraph 2 of Count 3 of Section V of the

28  Complaint.

1    WHEREFORE, defendant demands judgment dismissing Count 3 of the Complaint.

2    **WITH RESPECT TO COUNT 4**

3    39.    Denies the allegations set forth in Count 4 of Section V of the Complaint.

4    **WITH RESPECT TO SECTION VI**

5    40.    Denies the allegations set forth in Section VI of the Complaint.

6    **AFFIRMATIVE DEFENSES**

7    41.    FOR A FIRST AFFIRMATIVE DEFENSE, defendant ALLEGES that the

8    Complaint is barred by the Statute of Limitations as provided in the California Code of Civil

9    Procedure §§338 and 339.

10    42.    FOR A SECOND AFFIRMATIVE DEFENSE, defendant ALLEGES that the

11    Complaint fails to state facts sufficient to state a claim against PULCRANO.

12    43.    FOR A THIRD AFFIRMATIVE DEFENSE, defendant ALLEGES that

13    Plaintiff is guilty of "unclean hands"in the matters set forth in the Complaint, which conduct

14    extinguishes the rights to equitable relief in this action.

15    44.    FOR A FOURTH AFFIRMATIVE DEFENSE, defendant ALLEGES that

16    Plaintiff is guilty of "latches" in the matters set forth in the Complaint, which conduct

17    extinguishes the rights to equitable relief in this action.

18    45.    FOR A FIFTH AFFIRMATIVE DEFENSE, defendant ALLEGES that by and

19    through his ongoing and continuous employment with and position as an officer of MMT,

20    plaintiff has ratified the conduct alleged in the Complaint, and is thus barred from recovery

21    for any causes of action sought.

22    46.    FOR A SIXTH AFFIRMATIVE DEFENSE, defendant ALLEGES that the

23    plaintiff has waived any and all claims in the Complaint.

24    47.    FOR A SEVENTH AFFIRMATIVE DEFENSE, defendant ALLEGES that the

25    plaintiff has failed to mitigate any of the damages sought in the Complaint.

26    48.    FOR AN EIGHTH AFFIRMATIVE DEFENSE, defendant ALLEGES that he

27    duly performed, satisfied and discharged all duties and obligations he may have owed to the

28    plaintiff arising out of any and all agreements, representations or contracts made by him or

6

1  on behalf of MMT, and this action is, therefore, barred by the provisions of California Civil

2  Code §1473.

3      49.    FOR A NINTH AFFIRMATIVE DEFENSE, defendant ALLEGES that

4  plaintiff has delayed in giving notice of rescission and received substantial benefits under the

5  contract, and defendant has suffered substantial prejudice arising out of the delay within its

6  meaning of California Civil Code §1693.

7                        **PRAYER FOR RELIEF**

8      WHEREFORE, defendants pray for relief as follows:

9   1.    Plaintiff take nothing under his complaint

10  2.    Recovery of the fees and costs incurred in defending this matter

11  3.    Interest at the legal rate;

12  4.    Such other and further relief which the court may deem proper.

13

14  DATED: February 4, 2008              WILLOUGHBY, STUART & BENING

15

16                                  By: _____
17                                      BRADLEY A. BENING
                                        Attorneys for Defendant, DAN
18                                      PULCRANO

19

20                        **DEMAND FOR JURY TRIAL**

21      Defendant Dan Pulcrano hereby notifies this Court and the other parties hereto of

22  his request and intent to have this matter heard before a jury.

23

24  DATED: February 4, 2008              WILLOUGHBY, STUART & BENING

25

26                                  By: _____
27                                      BRADLEY A. BENING
                                        Attorneys for Defendant, DAN
28                                      PULCRANO

                                    7