CHRISTOPHER E. SCHUMB - 116828
LAW OFFICES OF CHRISTOPHER SCHUMB
10 Almaden Blvd., Suite 1250
San Jose, California 95113
Telephone: (408) 271-3245
Facsimile: (408) 289-1509

Attorneys for Defendant
BOULEVARDS NEW MEDIA,
INCORPORATED

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNATHAN BRANT FINLEY,<br><br>   Plaintiff,<br><br>vs.<br><br>DAN PULCRANO and BOULEVARDS NEW MEDIA, INCORPORATED,<br><br>   Defendants. | No. C 08-00248 PVT<br><br>**ANSWER TO COMPLAINT**<br><br>**(JURY TRIAL DEMANDED)** |

Defendant BOULEVARDS NEW MEDIA, INCORPORATED, ("BNM") by its attorney, Christopher E. Schumb, answer the Complaint herein as follows:

1. Deny that it has knowledge or information sufficient to form a belief as to the truth of the allegations contained in Section I of the Complaint.

2. Deny that it has knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Section II of the Complaint.

3. Admit the allegations contained in Paragraph 2 of Section II, with the exception of BNM's office location, which is denied.

4. Deny the allegations contained in Paragraph 1 of Section III that the District Court of Travis County, Texas has jurisdiction over defendants;

5. Deny that it has knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Section III of the Complaint.

1

6. Deny that it has knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Section III of the Complaint that PULCRANO engaged in any scheme to gain control of mrmovietime.com.

7. Admit the allegations contained in Paragraph 1 of Section III that one agreement did contemplated that MMT would obtain authorization to conduct business in Texas.

8. Admit the allegations contained in Paragraph 1 of Section III that BNM has a business that operates websites that "cover" cities in Texas.

9. Deny the allegations contained in Paragraph 1 of Section III that BNM has several employees in Texas.

10. Deny the allegations contained in Paragraph 2 of Section III that the exercise of personal jurisdiction by Texas courts would comport with the traditional notions of fair play and substantial justice.

11. Admit the allegations contained in Paragraph 3 of Section III that the amount in controversy exceeds minimum jurisdictional amount of Texas courts.

12. Deny the allegations contained in Paragraph 4 of Section III that venue is proper, or that any events or omissions occurred that gave rise to Plaintiff's claims.

13. Admit the allegations contained in Paragraph 1 of Section IV of the Complaint that Plaintiff was operating a sole proprietorship known as mrmovietimes, and additionally that Plaintiff was operating illegally, operating the web site using stolen intellectual property for which Plaintiff had obtained no license, and which was the subject of threatened litigation by the owner of the intellectual property.

14. Admit the allegations contained in Paragraph 2 of Section IV of the Complaint.

15. Admit the allegations contained in Paragraph 3 of Section IV of the Complaint to the extent that Pulcrano and Plantiff discussed the formation of a new entity, and that there was an agreement that Pulcrano would be CEO.

16. Deny that it has knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of Section IV of the Complaint that

PULCRANO offered to sell Finley stock in MMT and provide Finley with options to purchase more stock in MMT if Finley would put his sole proprietorship into MMT.

17. Deny that it has knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of Section IV of the Complaint that "Pulcrano promised that Finley would be hired by the new entity" for three years at a salary of $3,000 per month plus 40% of profits in the Corporation.

18. Deny the allegation in Paragraph 4 of Section IV of the Complaint that "Pulcrano represented that the Corporation would have its own bank account, its own tax-id number and, in general, that the Corporation would be run as a separate entity from Pulcranos's other business ventures."

19. Admit the allegation in Paragraph 4 of Section IV of the Complaint that "Pulcrano also represented that his extensive contacts in the media and advertising world would greatly enhance the value of the mrmovietimes enterprise."

20. Deny the allegations in Paragraph 4 of Section IV of the Complaint that any misrepresentations occurred, in Texas or elsewhere.

21. Deny that it has knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of Section IV of the Complaint that "In reliance on the representations of Pulcrano, Finley agreed to give up 100% fo his ownership interest in the business of mrmovietimes.com to the new entity, in exchange for a 15%-40% stake (depending on his exercise of options) in the Corporation."

22. Admit the allegation in Paragraph 5 of Section IV of the Complaint that in June 2004, PULCRANO and Finley signed the closing documents for the transaction in Austin, Texas.

23. Deny the allegation in Paragraph 6 of Section IV of the Complaint that "over the next three years, Finley diligently worked to grow the business of mrmovietimes.com."

24. Admit the allegation in Paragraph 6 of Section IV of the Complaint that "Advertising revenue grew from approximately $1,200 per month in early 2004 to a high of approximately $42,000 per month by July 2007."

25. Deny the allegation in Paragraph 7 of Section IV of the Complaint that "[d]espite Finely's efforts and success, Boulevards continued to maintain complete control over all revenues and profits of the enterprise and has never acted to place the enterprise into the Corporation which remains and empty shell."

26. Deny the allegation in Paragraph 7 of Section IV of the Complaint that "the Corporation has held, at most, one board meeting over three years ago, has never appointed a third director, has never held a shareholder's meeting."

27. Admit the allegation in Paragraph 7 of Section IV of the Complaint that "Boulevards' accounting personnel manage, with Plaintiff's full knowledge and agreement, mrmovietimes.com's advertising revenue and that this advertising revenue flows into Boulevards' bank accounts where it was commingled with non-mrmovietimes assets."

28. Deny the allegation in Paragraph 7 of Section IV of the Complaint that "[d]espite Finley's requests, defendants had no response to explain why Boulevards was commingling mrmovietimes' funds."

29. Admit the allegation in Paragraph 7 of Section IV of the Complaint that "Pulcrano never obtained a tax identification number or bank account for Mr.MovieTimes, Inc." All of this was done with Plaintiff's knowledge and agreement.

30. Admit the allegation in Paragraph 7 of Section IV of the Complaint that Finley was being paid by Boulevards.

31. Deny the allegation in Paragraph 7 of Section IV of the Complaint that "Pulcrano and Boulevards have also refused to provide Finley with information concerning the income, expenses and financial status fo the mrmovietimes.com enterprise." In fact, Plaintiff has always had full access to the accounting, and has logged on the accounting system three hundred and sixty-three (363) times between July 2004 and January 2008 to review accounting information, and has had full access to all accounting information and personnel.

**WITH RESPECT TO COUNT 1**

32. Defendant incorporates its admissions and denials to the allegations contained

1  in Section IV of the Complaint in response to Paragraph 1 of Count 1 of Section V of the
2  Complaint.
3      33.   Denies the allegations set forth in Paragraph 2 of Count 1 of Section V of the
4  Complaint that ". . .Boulevards offered and sold securities in the Corporation to Finley by
5  means of an untrue statement of material fact and an omission to state a material fact
6  necessary in order to make the statements made, in light of the circumstances under which
7  there were made, not misleading."
8      34.   Denies the allegation in Paragraph 3 of Count 1 of Section V of the Complaint
9  that "in addition or in the alternative, to the extent Boulevards is the offeror or seller,
10  Pulcrano is responsible as a control person and/or aider."
11      WHEREFORE, defendant demands judgment dismissing Count 1 of the Complaint.

### WITH RESPECT TO COUNT 2

13      35.   Defendant incorporates its admissions and denials to the allegations contained
14  in Section IV of the Complaint in response to Paragraph 1 of Count 2 of Section V of the
15  Complaint.
16      36.   Denies the allegations set forth in Paragraph 2 of Count 2 of Section V of the
17  Complaint.
18      WHEREFORE, defendant demands judgment dismissing Count 2 of the Complaint

### WITH RESPECT TO COUNT 3

20      37.   Defendant incorporates its admissions and denials to the allegations contained
21  in Section IV of the Complaint in response to Paragraph 1 of Count 3 of Section V of the
22  Complaint.
23      38.   Denies the allegations set forth in Paragraph 2 of Count 3 of Section V of the
24  Complaint.
25      WHEREFORE, defendant demands judgment dismissing Count 3 of the Complaint.

### WITH RESPECT TO COUNT 4

27      39.   Denies the allegations set forth in Count 4 of Section V of the Complaint.
28  ///

**WITH RESPECT TO SECTION VI**

40. Denies the allegations set forth in Section VI of the Complaint.

**AFFIRMATIVE DEFENSES**

41. FOR A FIRST AFFIRMATIVE DEFENSE, defendant ALLEGES that the Complaint is barred by the Statute of Limitations as provided in the California Code of Civil Procedure §§338 and 339.

42. FOR A SECOND AFFIRMATIVE DEFENSE, defendant ALLEGES that the Complaint fails to state facts sufficient to state a claim against BNM.

43. FOR A THIRD AFFIRMATIVE DEFENSE, defendant ALLEGES that Plaintiff is guilty of "unclean hands" in the matters set forth in the Complaint, which conduct extinguishes the rights to equitable relief in this action.

44. FOR A FOURTH AFFIRMATIVE DEFENSE, defendant ALLEGES that Plaintiff is guilty of "latches" in the matters set forth in the Complaint, which conduct extinguishes the rights to equitable relief in this action.

45. FOR A FIFTH AFFIRMATIVE DEFENSE, defendant ALLEGES that by and through his ongoing and continuous employment with and position as an officer of MMT, plaintiff has ratified the conduct alleged in the Complaint, and is thus barred from recovery for any causes of action sought.

46. FOR A SIXTH AFFIRMATIVE DEFENSE, defendant ALLEGES that the plaintiff has waived any and all claims in the Complaint.

47. FOR A SEVENTH AFFIRMATIVE DEFENSE, defendant ALLEGES that the plaintiff has failed to mitigate any of the damages sought in the Complaint.

48. FOR AN EIGHTH AFFIRMATIVE DEFENSE, defendant ALLEGES that it duly performed, satisfied and discharged all duties and obligations it may have owed to the plaintiff arising out of any and all agreements, representations or contracts made by them or on behalf of MMT, and this action is, therefore, barred by the provisions of California Civil Code §1473.

49. FOR A NINTH AFFIRMATIVE DEFENSE, defendant ALLEGES that

plaintiff has delayed in giving notice of rescission and received substantial benefits under the contract, and defendant has suffered substantial prejudice arising out of the delay within its meaning of California Civil Code §1693.

## PRAYER FOR RELIEF

WHEREFORE, defendants pray for relief as follows:

1. Plaintiff take nothing under his complaint.
2. Defendant Boulevards New Media be awarded its fees and costs incurred in defending this matter.
3. Interest at the legal rate.
4. Such other and further relief which the court may deem proper.

DATED: February 4, 2008          LAW OFFICE OF CHRISTOPHER SCHUMB

By: _____
CHRISTOPHER E. SCHUMB
Attorneys for Defendant, BOULEVARDS NEW MEDIA, INCORPORATED

## DEMAND FOR JURY TRIAL

Defendant Boulevards New Media hereby notifies this Court and the other parties hereto of its request and intent to have this matter heard before a jury.

DATED: February 4, 2008          LAW OFFICE OF CHRISTOPHER SCHUMB

By: _____
CHRISTOPHER E. SCHUMB
Attorneys for Defendant, BOULEVARDS NEW MEDIA, INCORPORATED