1  Christopher E. Schumb  SBN 116828
   LAW OFFICES OF CHRISTOPHER SCHUMB
2  10 Almaden Blvd. Suite 1250
   San Jose, California 95113
3  Telephone:  (408)271-3245
   Facsimile:  (408)289-1509
4
5  Attorney for Defendant
   BOULEVARDS NEW MEDIA, INC.
6
7
8                   **IN THE UNITED STATES DISTRICT COURT**
9              **IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| JOHNATHAN BRANT FINLEY, | No. C 08-00248 PVT |
| Plaintiffs, | DEFENDANT BOULEVARDS NEW MEDIA INC.'S MOTION TO SHORTEN TIME TO HEAR ITS QUASH, OR IN THE ALTERNATIVE MODIFY PLAINTIFF'S SUBPOENAS DUCES TECTUM TO AMERICAN LEASING, INC.; DIABLO CAPITAL; AND BRIDGE BANK, N.A., OR IN THE ALTERNATIVE FOR A STAY OF PRODUCTION WHILE ITS MOTION IS HEARD REGULARLY |
| vs. | |
| DAN PULCRANO; BOULEVARDS NEW MEDIA, INC., | |
| Defendants. | |
| | Date: |
| | Time: |
| | Courtroom:  5 |
| | Judge: Hon. Patricia V. Trumbull |

Defendant Boulevards New Media, Incorporated ("BNM") hereby moves this court for an order shortening time for to hear its motion to quash or modify Plaintiff Brant Finley's ("Finley") deposition subpoenas to third parties American Leasing, LP; Diablo Capital; and Bridge Bank, N.A.; or in the alternative, an order staying production of the documents sought in Plaintiff's subpoenas until such time as BNM's motion can be briefed and heard in accordance with Local Rule 7-2(a). Defendant is seeking this order on the grounds that it could not have brought this motion on regular time in any event, and any additional delay is the result of Plaintiff's failure to

1  meet and confer regarding the deposition subpoenas that are subject to BNM's Motion to Quash.
2  This motion is based on this Notice of Motion and Motion, the Memorandum of Points and
3  Authorities filed herewith, the declaration of Christopher E. Schumb, the pleadings and papers on
4  file herein, and upon such other matters as may be presented to the Court at the time of the hearing.

## I. FACTS

Finley's counsel has served subpoenas duces tectum on three non-parties who have business relationships with BNM. The subpoenas appear to have been issued on August 5, 2008; however, BNM did not receive copies of them until August 19, 2008. (*Schumb Decl.* ¶4.) Immediately upon receipt of the subpoenas, counsel for BNM faxed a meet and confer letter to counsel for Finley, advising that it did not believe that BNM had been properly notified of the issuance of the subpoenas, and that they suffered other defects. (*Schumb Decl.* ¶6.) The letter asked for an immediate response from Finley's counsel due to short time between BNM's receipt of the subpoenas and the compliance date of September 4, 2008. (*Id.*)

Finley's counsel did not respond to the letter until August 27, 2008, and did not engage in any type of meaningful attempt to discuss the issues raised in the meet and confer. (*Schumb Decl.* 8.) This is despite Finley's counsel to send two other substantive letters in the meantime that requested information that is being sought both in the subpoenas that he has issued, and party discovery that has been issued. (*Schumb Decl.* ¶7.) Upon receipt of the August 27, 2008 letter, BNM, with no alternative but to seek protection of the court to quash the subpoenas attempted to meet and confer with Finely's counsel to agree on a shortened briefing schedule. (*Schumb Decl.* ¶9.) These efforts were unsuccessful, and this motion was filed immediately.

## II. LEGAL ARGUMENT

**A. Good Cause Exists For The Court To Shorten Time To Hear BNM's Motion To Quash**

The facts of this case show that BNM could have never sought the protection of the court under a regular briefing schedule. Local Rule 7-2(a) requires that all motions shall be filed, served and noticed in writing on the motion calendar of the assigned judge for hearing not less than 35 days after service of the motion. (Civil L.R. 7-2(a).) Plaintiff's subpoenas were issued on August 5, with a production date of September 4, 2008. (*Schumb Decl.* ¶¶3,4.) That provided exactly 30

days for between issuance and response, which makes compliance with the local rules impossible. Exacerbating the situation was that BNM did not receive notice of the subpoenas until August 19, 2008, two weeks following the issuance date and sixteen days before the production date. (*Schumb Decl.*¶3.) Further minimizing an already unnecessarily narrow schedule for bringing its motion, was the eight (8) day delay by Finley's counsel in responding to BNM's meet and confer letter regarding the subpoenas. (*Schumb Decl.*¶8.)

Upon seeing that Plaintiff had no intention of addressing BNM's concerns regarding the subpoenas, BNM attempted to comply with Local Civil Rule 6-3(a)(2) by reaching a stipulated briefing and argument schedule that was unsuccessful. (*Schumb Decl.*¶9.) If the court does not rule on BNM's motion to quash prior to September 4, 2008, the harm that Defendant is attempting to prevent, will have already occurred, and you cannot put toothpaste back in the tube. (*King v. Fidelity Nat'l Bank of Baton Rouge* (5th Cir. 1983) 712 F.2d 188,191, stating that the filing of a motion does not postpone production under the subpoena.)

To date the parties have submitted a stipulation to the court's case management order that moved, among other deadlines, the discovery deadline that was originally set for October 31, 2008 to December 3, 2008. Therefore, an order shortening time will not affect the other events of this case.

However, if the court is not inclined to hear this motion on shortened time, BNM, in the alternative, seeks a stay of the subpoenas to have its Motion to Quash heard on a regular briefing schedule.

**B. The Court Can Issue A Stay Of The Production While It Considers BNM's Motion**

In *Fallon v. Locke, Liddell & Sapp, LLP* (N.D. Cal., 2007) WL 29040502, the court applied the rule of *Landis v. North American Co.* (1936) 299 U.S. 248, which states that "[a] district court has discretionary power to stay a proceeding in its own court." (*Id.* at 254.) Later, the Northern District of California also further explained the grounds that a court should apply in its determination of granting a stay:

> [a] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule applies whether the

separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court.
*Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863-64 (9th Cir.1979) cert. denied, 444 U.S. 827 (1979). But, the Ninth Circuit has also recently cautioned, "while it is the prerogative of the district court to manage its workload, case management standing alone is not necessarily a sufficient ground to stay proceedings." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 2007 WL 2379611 at 4 (9th Cir.2007) (citing *Lockyer*, 398 F.3d at 1102).

(*Fallon v. Locke, Liddell & Sapp, LLP* (Supra) WL 29040502 at 2.)

1. A Stay Of Production Under The Subpoenas Is In The Interest of Justice

Plaintiff's discovery to both party defendants encompasses all of the subpoenaed documents. To the extent that something is not produced, the parties will have the opportunity to meet and confer on a curtailed production from the subpoenaed parties that will reduce any undue burden placed on them. In the event that the parties cannot agree through the meet and confer process, they will in all likelihood return to the court with a narrow set of issues to be ruled upon.

Again, due to timeframe for the deponents to respond to the subpoenas, BNM could not have brought a motion within the time required by Local Civil Rule 7-2(a). Moreover, due to the highly prejudicial delay of not receiving the subpoenas until August 19, 2008, BNM was hardly afforded the opportunity to bring a motion of shortened time. Lastly, the process was further delayed by Mr. Rodriguez' failure to respond to BNM's meet and confer in a timely manner.

2. A Stay Will Not Prejudice Plaintiff

There is no discernable prejudice to plaintiff because of the pending party discovery which incorporates virtually every request contained in the subpoenas. The sought after documents will conceivably be produced on or about September 8, 2008, just four days after the responsive date for the subpoenas. Since Mr. Pulcrano's deposition is not set to occur until early October, as long as the hearing can be set before that date so that any sought after documents could be produced in a timely manner, Plaintiff will not be at a loss to proceed with its desired course of discovery.

///

///

3. **Failure to Issue A Stay If The Motion To Quash Is Not Heard On Shortened Time Will Cause Severe Prejudice to Defendant**

If a stay is not granted, BNM will be prejudiced because the deponents will be forced documents that are irrelevant and of a commercially sensitive nature. Moreover, if the court denies the stay it will allow the production of documents that plaintiff's own discovery deems irrelevant. The discovery responses sent to the parties limits the "relevant time" of this matter to January 1, 2003 to the present, the subpoenas are unlimited by any such restraint. This creates an unquestionable certainty that records which, by plaintiff's own admission have no relevance to this proceeding will be produced. This will result in non-party deponents wasting resources to produce inconsequential records responsive to improperly drawn subpoenas. As a result, sensitive commercial information of defendant will be disseminated to an adversary for review without any legal foundation.

### III. CONCLUSION

Based on the foregoing facts, BNM respectfully requests that this court to hear its motion to quash on shortened time, or in that alternative, grant a stay that will delay compliance with the subpoenas issued by Finley while Defendant's motion can be heard on a briefing schedule in compliance with the Local Rules.

DATED: August 27, 2008

LAW OFFICE OF CHRISTOPHER E. SCHUMB

By _____
Christopher E. Schumb
Attorney for BOULEVARDS NEW MEDIA, INC.

5
BNM'S MPA ISO MOTION FOR SHORTENED TIME OR STAY