1  Christopher E. Schumb  SBN 116828
   LAW OFFICES OF CHRISTOPHER SCHUMB
2  10 Almaden Blvd. Suite 1250
   San Jose, California 95113
3  Telephone:  (408)271-3245
   Facsimile:  (408)289-1509
4
5  Attorney for Defendant
   BOULEVARDS NEW MEDIA, INC.
6

7

8              **IN THE UNITED STATES DISTRICT COURT**

9        **IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10

11 | JOHNATHAN BRANT FINLEY,          ) No. C 08-00248 PVT
                                     )
12 |           Plaintiffs,            ) DEFENDANT BOULEVARDS NEW
                                     ) MEDIA INC.'S MOTION TO
13 | vs.                             ) SHORTEN TIME TO HEAR ITS
                                     ) QUASH, OR IN THE ALTERNATIVE
14 | DAN PULCRANO; BOULEVARDS NEW     ) MODIFY PLAINTIFF'S SUBPOENAS
   | MEDIA, INC.,                    ) DUCES TECTUM TO AMERICAN
15 |                                 ) LEASING, INC.; DIABLO CAPITAL;
   |           Defendants.           ) AND BRIDGE BANK, N.A., OR IN
16 |                                 ) THE ALTERNATIVE FOR A STAY
                                     ) OF PRODUCTION WHILE ITS
17 |                                 ) MOTION IS HEARD REGULARLY
                                     )
18 |                                 ) Date:
                                     ) Time:
19 |                                 ) Courtroom:  5
                                     ) Judge: Hon.  Patricia V. Trumbull
20 |                                 )
                                     )
21 | _____)

22              Defendant Boulevards New Media, Incorporated ("BNM")  hereby moves this court

23  for  an order shortening time for to hear its motion to quash or modify Plaintiff Brant Finley's

24  ("Finley") deposition subpoenas to third parties American Leasing, LP; Diablo Capital; and Bridge

25  Bank, N.A.; or in the alternative, an order staying production of the documents sought in Plaintiff's

26  subpoenas until such time as BNM's motion can be briefed and heard in accordance with Local

27  Rule 7-2(a).  Defendant is seeking this order on the grounds that it could not have brought this

28  motion on regular time in any event, and any additional delay is the result of Plaintiff's failure to

─────────────────────────────────────────────
1

1  meet and confer regarding the deposition subpoenas that are subject to BNM's Motion to Quash.

2  This motion is based on this Notice of Motion and Motion, the Memorandum of Points and

3  Authorities filed herewith, the declaration of Christopher E. Schumb, the pleadings and papers on

4  file herein, and upon such other matters as may be presented to the Court at the time of the hearing.

## I. FACTS

6      Finley's counsel has served subpoenas duces tectum on three non-parties who have business

7  relationships with BNM.  The subpoenas appear to have been issued on August 5, 2008; however,

8  BNM did not receive copies of them until August 19, 2008. (*Schumb Decl.* ¶4.)  Immediately upon

9  receipt of the subpoenas, counsel for BNM faxed a meet and confer letter to counsel for Finley,

10  advising that it did not believe that BNM had been properly notified of the issuance of the

11  subpoenas, and that they suffered other defects. (*Schumb Decl.* ¶6.)  The letter asked for an

12  immediate response from Finley's counsel due to short time between BNM's receipt of the

13  subpoenas and the compliance date of September 4, 2008. (*Id.*)

14      Finley's counsel did not respond to the letter until August 27, 2008, and did not engage in

15  any type of meaningful attempt to discuss the issues raised in the meet and confer. (*Schumb Decl.*

16  8.)  This is despite Finley's counsel to send two other substantive letters in the meantime that

17  requested information that is being sought both in the subpoenas that he has issued, and party

18  discovery that has been issued. (*Schumb Decl.* ¶7.)  Upon receipt of the August 27, 2008 letter,

19  BNM, with no alternative but to seek protection of the court to quash the subpoenas attempted to

20  meet and confer with Finely's counsel to agree on a shortened briefing schedule. (*Schumb Decl.*

21  ¶9.)  These efforts were unsuccessful, and this motion was filed immediately.

## II. LEGAL ARGUMENT

### A. Good Cause Exists For The Court To Shorten Time To Hear BNM's Motion To Quash

24      The facts of this case show that BNM could have never sought the protection of the court

25  under a regular briefing schedule.  Local Rule 7-2(a) requires that all motions shall be filed, served

26  and noticed in writing on the motion calendar of the assigned judge for hearing not less than 35

27  days after service of the motion. (Civil L.R. 7-2(a).)  Plaintiff's subpoenas were issued on August

28  5, with a production date of September 4, 2008. (*Schumb Decl.* ¶¶3,4.)  That provided exactly 30

BNM'S MPA ISO MOTION FOR SHORTENED TIME OR STAY

1  days for between issuance and response, which makes compliance with the local rules impossible.

2  Exacerbating the situation was that BNM did not receive notice of the subpoenas until August 19,

3  2008, two weeks following the issuance date and sixteen days before the production date. (*Schumb*

4  *Decl.*¶3.) Further minimizing an already unnecessarily narrow schedule for bringing its motion,

5  was the eight (8) day delay by Finley's counsel in responding to BNM's meet and confer letter

6  regarding the subpoenas. (*Schumb Decl.*¶8.)

7  Upon seeing that Plaintiff had no intention of addressing BNM's concerns regarding the

8  subpoenas, BNM attempted to comply with Local Civil Rule 6-3(a)(2) by reaching a stipulated

9  briefing and argument schedule that was unsuccessful. (*Schumb Decl.*¶9.) If the court does not rule

10  on BNM's motion to quash prior to September 4, 2008, the harm that Defendant is attempting to

11  prevent, will have already occurred, and you cannot put toothpaste back in the tube. (*King v.*

12  *Fidelity Nat'l Bank of Baton Rouge* (5th Cir. 1983) 712 F.2d 188,191, stating that the filing of a

13  motion does not postpone production under the subpoena.)

14  To date the parties have submitted a stipulation to the court's case management order that

15  moved, among other deadlines, the discovery deadline that was originally set for October 31, 2008

16  to December 3, 2008. Therefore, an order shortening time will not affect the other events of this

17  case.

18  However, if the court is not inclined to hear this motion on shortened time, BNM, in the

19  alternative, seeks a stay of the subpoenas to have its Motion to Quash heard on a regular briefing

20  schedule.

21  **B. The Court Can Issue A Stay Of The Production While It Considers BNM's Motion**

22  In *Fallon v. Locke, Liddell & Sapp, LLP (*N.D. Cal., 2007) WL 29040502, the court applied

23  the rule of *Landis v. North American Co.* (1936) 299 U.S. 248, which states that "[a] district court

24  has discretionary power to stay a proceeding in its own court." (*Id.* at 254.) Later, the Northern

25  District of California also further explained the grounds that a court should apply in its

26  determination of granting a stay:

27  [a] trial court may, with propriety, find it is efficient for its own docket and the
   fairest course for the parties to enter a stay of an action before it, pending resolution

28  of independent proceedings which bear upon the case. This rule applies whether the

3

1    separate proceedings are judicial, administrative, or arbitral in character, and does
2    not require that the issues in such proceedings are necessarily controlling of the
     action before the court.
3    *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863-64 (9th Cir.1979)
     cert. denied, 444 U.S. 827 (1979). But, the Ninth Circuit has also recently cautioned,
4    "while it is the prerogative of the district court to manage its workload, case
     management standing alone is not necessarily a sufficient ground to stay
5    proceedings." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 2007 WL
     2379611 at 4 (9th Cir.2007) (citing *Lockyer*, 398 F.3d at 1102).
6

7    (*Fallon v. Locke, Liddell & Sapp, LLP* (Supra) WL 29040502 at 2.)

8        1.   A Stay Of Production Under The Subpoenas Is In The Interest of Justice

9            Plaintiff's discovery to both party defendants encompasses all of the subpoenaed documents.

10   To the extent that something is not produced, the parties will have the opportunity to meet and

11   confer on a curtailed production from the subpoenaed parties that will reduce any undue burden

12   placed on them.  In the event that the parties cannot agree through the meet and confer process, they

13   will in all likelihood return to the court with a narrow set of issues to be ruled upon.

14           Again, due to timeframe for the deponents to respond to the subpoenas, BNM could not

15   have brought a motion within the time required by Local Civil Rule 7-2(a).  Moreover, due to the

16   highly prejudicial delay of not receiving the subpoenas until August 19, 2008, BNM was hardly

17   afforded the opportunity to bring a motion of shortened time.  Lastly, the process was further

18   delayed by Mr. Rodriguez' failure to respond to BNM's meet and confer in a timely manner.

19       2.   A Stay Will Not Prejudice Plaintiff

20           There is no discernable prejudice to plaintiff because of the pending party discovery which

21   incorporates virtually every request contained in the subpoenas.  The sought after documents will

22   conceivably be produced on or about September 8, 2008, just four days after the responsive date for

23   the subpoenas.  Since Mr. Pulcrano's deposition is not set to occur until early October, as long as

24   the hearing can be set before that date so that any sought after documents could be produced in a

25   timely manner, Plaintiff will not be at a loss to proceed with its desired course of discovery.

26   ///

27   ///

28

3.  Failure to Issue A Stay If The Motion To Quash Is Not Heard On Shortened Time Will Cause Severe Prejudice to Defendant

If a stay is not granted, BNM will be prejudiced because the deponents will be forced documents that are irrelevant and of a commercially sensitive nature.  Moreover, if the court denies the stay it will allow the production of documents that plaintiff's own discovery deems irrelevant.  The discovery responses sent to the parties limits the "relevant time" of this matter to January 1, 2003 to the present, the subpoenas are unlimited by any such restraint.  This creates an unquestionable certainty that records which, by plaintiff's own admission have no relevance to this proceeding will be produced.  This will result in non-party deponents wasting resources to produce inconsequential records responsive to improperly drawn subpoenas.  As a result, sensitive commercial information of defendant will be disseminated to an adversary for review without any legal foundation.

### III. CONCLUSION

Based on the foregoing facts, BNM respectfully requests that this court to hear its motion to quash on shortened time, or in that alternative, grant a stay that will delay compliance with the subpoenas issued by Finley while Defendant's motion can be heard on a briefing schedule in compliance with the Local Rules.

DATED: August 27, 2008

LAW OFFICE OF CHRISTOPHER E. SCHUMB

By _____

Christopher E. Schumb
Attorney for BOULEVARDS NEW MEDIA, INC.

Christopher E. Schumb  SBN 116828
LAW OFFICES OF CHRISTOPHER SCHUMB
10 Almaden Blvd. Suite 1250
San Jose, California 95113
Telephone:  (408)271-3245
Facsimile:  (408)289-1509

Attorney for Defendant
BOULEVARDS NEW MEDIA, INC.

## IN THE UNITED STATES DISTRICT COURT

## IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNATHAN BRANT FINLEY, | No. C 08-00248 PVT |
| Plaintiffs, | DECLARATION OF CHRISTOPHER E. SCHUMB IN SUPPORT OF DEFENDANT BOULEVARDS NEW MEDIA'S MOTION TO SHORTEN TIME |
| vs. | |
| DAN PULCRANO; BOULEVARDS NEW MEDIA, INC., | |
| Defendants. | |

I, Christopher E. Schumb, declare:

1.    I am duly licensed to practice before the courts of the State of California, and I represent defendant Boulevards New Media, Inc. ("BNM") in the above-entitled action. If called to testify, I could and would testify competently to the matters contained herein.

2.    On August 8, 2008, my office received Plaintiffs First Request for Production to BNM, which were served by facsimile and certified mail.

3.    On August 19, 2008, my office received copies of the subpoenas served by Mr. Rodriguez on American Leasing; Diablo Capital; and Bridge Bank, N.A., from Quest Discovery Services.  (True and correct copies of the subpoenas and the post marked envelope are attached hereto as Exhibit 1.)

4.    The subpoenas that were received by my office on August 19, 2008, were issued by Plaintiff's attorney, Miguel Rodriguez on August 5, 2008.

5.    At no time prior to the receipt of these subpoenas was I provided with notice

1   that they would be served on the subject third parties.

2         6.     Immediately upon receipt of the subpoenas on August 19, 2008, I faxed a

3   meet and confer letter to Mr. Rodriguez, which went unanswered.  (A true and correct copy

4   of this letter is attached hereto as Exhibit 2.)

5         7.     On August 22 and 25, 2008, I received two letter from Mr. Rodriguez that

6   dealt with issue in this case wholly unrelated to my meet and confer letter.

7         8.     On August 27, 2008, I received a response to my meet and confer letter that

8   did not engage in any effort address the issues raised therein.  (A true and correct copy of

9   this letter is attached hereto as Exhibit 3.)

10        9.     On August 28, 2008, I attempted to meet and confer in accordance with Local

11  Rule 6-3(a)(2) to stipulate to streamlined briefing schedule with Mr. Rodriguez, but was

12  unsuccessful in reaching Mr. Rodriquez .  He was out of the office for this day.  I left a

13  voicemail for Mr. Rodriquez suggesting a date for filing any oppositions on Tuesday,

14  September 2, 2008.  Due to the urgency in having the subpoenas quashed we have filed the

15  motion.

16

17       I declare under penalty of perjury under the laws of the State of California that the

18  foregoing is true and correct.  Executed this 28th day of August, 2008, at San Jose,

19  California.

20  

21                Christopher E. Schumb

22

23

24

25

26

27

28

DECLARATION OF CHRISTOPHER E. SCHUMB ISO MOTION TO SHORTEN TIME

EXHIBIT 1

# qds

*Quality • Uniformity • Excellence • Service • Teamwork*

**QUEST DISCOVERY SERVICES**

http://www.questds.com/

08/07/08

## *Records Request Form*

ATTN: CHRISTOPHER E. SCHUMB, ESQ.
CHRISTOPHER E. SCHUMB
ATTORNEY AT LAW
10 ALMADEN BLVD.
SUITE 1250
SAN JOSE, CA 95113-2233

| | |
|---|---|
| In Reply Refer to: | San Jose |
| Our File Number: | SJS814256 |
| Thru: | To SJS814258 |
| QDS Client Number: | SCH479 |
| Client File Number: | |
| Claim Number: | |
| Insured: | |
| Deposition Date: | 09/04/08 |

RE:    JONATHAN BRANT FINLEY VS. DAN PULCRANO AND BOULEVARDS NEW MEDIA, INC
Case No:    C0800248PVT
Records of: **PLEASE SEE DESCRIPTION OF RECORDS**

Quest Discovery Services at the request of: **TAYLOR, DUNHAM & BURGESS LLP ATORNEYS AT LAW**
is obtaining records as listed on subpoena. Please mark the appropriate spaces   below for those items which you desire
and return by the deposition   date and time. *Please mark "none" if you do not wish to receive any subpoenaed
items for any one deponent.*  Do not return this form unless you are placing an order and/or waiving time.

| None | X-rays | Records | Path | Echo | Deponent | File Number |
|------|--------|---------|------|------|----------|-------------|
| ☐ | ☐ | | | | **AMERICAN LEASING, LP**<br>C/O CHRISTOPHER MENKIN 348 MATTHEW ST. | SJS814256A |
| ☐ | ☐ | | | | **DIABLO CAPITAL**<br>C/O LARRY CARRE 763 PARK HILL RD. | SJS814257A |
| | ☐ | | | | **BRIDGE BANK, N.A.**<br>C/O DANIEL MYERS 55 ALMADEN BLVD. | SJS814258A |

☐  *BILLING INSTRUCTIONS OR DOLLAR LIMITATIONS:*

☐  *BILL DIRECTLY TO INSURANCE CARRIER / THIRD PARTY:*

| | | | | | |
|---|---|---|---|---|---|
| Carrier Name: | | Name of Insured: | | | |
| Carrier Address: | | Date of Loss: | | Claim #: | |
| Carrier Address: | | Adjuster's Name: | | | |

The entity requesting records agree to pay to Quest Discovery Services its customary charges for this service which are:  $34 Basic per deponent, 38¢ per 8 1/2 x 11 page,  $15 Certificate of No
Records, $8 Minimum Page  Charge, $15 additional record charges when applicable,  plus sales tax and shipping/handling. Call for prices on blueprints, x-rays, oversized pages  and other special items.
If requested, quotations will be  provided with a $16 service fee per file if costs are not approved and $5 if costs are approved.  Orders received after deposition/due  date will be assessed a $25 retrieval
fee.  In the event legal action is  necessary to collect past due amounts, requestor agrees to pay all  reasonable costs incurred in collection, including attorney's fees as  well as a service charge of 1.5%
per month. Prices subject to change without notice.

Attorneys for:  _____  Circle one:   Plaintiff   Defendant   Co-Defendant   Other
                            Client's name

Firm Name:  _____

Authorized Signature Required          Date
(Applies to all attached pages).

| **Corporate Office:** | **Branch Offices:** | | | |
|---|---|---|---|---|
| 981 Ridder Park Drive | P.O. Box 214267 | 3438 Mendocino Ave., Ste. A | 2507 West Shaw Ave., Ste. 101 | 5730 Uplander Way, Ste. 101 |
| San Jose, CA 95131 | Sacramento, CA 95821-0267 | Santa Rosa, CA 95403 | Fresno, CA 93711 | Culver City, CA 90230 |
| (408) 441-7000 | (916) 483-7030 | (707) 528-2300 | (559) 224-0909 | (310) 645-5557 |
| FAX (408) 441-7070 | FAX (916) 483-7037 | FAX (707) 528-6047 | FAX (559) 224-1122 | FAX (310) 645-1466 |

$SJS\ 814256$

AO88 (Rev. 12/07) Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT
### Northern District of California

Jonathan Brant Finley

**SUBPOENA IN A CIVIL CASE**

V.

Dan Pulcrano and Boulevards New Media, Inc.

Case Number:[1] C 08-00248 PVT

TO:

American Leasing, LP c/o Christopher Menkin
348 Mathew Street, Santa Clara, CA 95050

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attached Exhibit A

| PLACE | QUEST DISCOVERY SERVICES | DATE AND TIME |
|---|---|---|
| | 14127 Capri Drive, Ste. 7, Los Gatos, CA 95032 | Sept. 4, 2008 at 10:00 a.m |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Plaintiff | $8/5/08$ |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Miguel S. Rodriguez, Taylor, Dunham and Burgess, LLP, 301 Congress Avenue, Suite 1050, Austin, Texas 78701, Telephone: (512) 473-2257

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

08/26/2008 10:14 4082891509

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
               DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

[The remainder of the page consists of fine-print text of Federal Rule of Civil Procedure 45(c), (d), and (e) which is illegible at this resolution.]

## EXHIBIT A
## AMERICAN LEASING

1.  Any and all agreements between you and Boulevards New Media, Inc.

2.  Any and all financing statements in your possession, custody or control which refer or relate to Boulevards New Media, Inc. as the debtor.

3.  Any and all correspondence (including but not limited to electronic correspondence) between you and Boulevards New Media, Inc. concerning any loans, advances, investments, or capital contributions by you to Boulevards New Media, Inc. or its subsidiaries, affiliates or related entities.

4.  Any and all documents which identify any property of Boulevards New Media, Inc. pledged, loaned or that serves as collateral to secure any loans, funding, lines of credits, investments, capital or other funds provided by you or your affiliates, subsidiaries or related entities.

5.  Any and all documents which relate to any financing statements filed by you with Boulevards New Media, Inc. as the debtor including but not limited to financing statement number 067067124588.

6.  Any and all financial or accounting statements of Boulevards New Media, Inc. in your possession, custody or control.

7.  Any and all documents in your possession, custody or control that reference "MMT" or "Mmmovietimes.com."

(PROOF OF SERVICE BY MAIL - Federal Rule 5(a))

I am employed in the county of SANTA CLARA, my business address is 981 RIDDER PARK DRIVE, SAN JOSE, CA 95131, I am over the age of eighteen (18), and am not a party to the within action(s). I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service, and that the correspondence described below will be deposited with the United States Postal Service today in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing affidavit. I served the within copy: SUBPOENA IN A CIVIL CASE, on the below listed entities in said actions by placing said documents in a sealed envelope with postage fully prepaid and addressed as follows:

CHRISTOPHER E. SCHUMB
ATTORNEY AT LAW
10 ALMADEN BLVD.
SUITE 1250
SAN JOSE, CA 95113-2233
ATTN: CHRISTOPHER E. SCHUMB, ESQ.


WILLOUGHBY, STUART & BENING
ATTORNEYS AT LAW
50 W. SAN FERNANDO STREET
SUITE 400
SAN JOSE, CA 95113
ATTN: BRADLEY A. BENING, ESQ.

and that they were deposited on 08/07/08 for deposit in the United States Postal Service and that the envelope was sealed and placed for collection and mailing that date at Quest Discovery Services, 981 RIDDER PARK DRIVE, SAN JOSE, CA 95131, following ordinary business practices.

   DATED:   08/07/08 AT SAN JOSE, CALIFORNIA

I Declare under penalty of perjury that the foregoing is true and correct.

| *This form was printed for all subpoenas in this series* | |
|---|---|

_____
signature

SJS 814257

AO88 (Rev. 12/07) Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT
## Northern District of California

Jonathan Brant Finley

**SUBPOENA IN A CIVIL CASE**

V.

Dan Pulcrano and Boulevards New Media, Inc.

Case Number:[1] C 08-00248 PVT

TO:

Diablo Capital c/o Larry Carre
763 Park Hill Rd., Danville, CA 94526

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attached Exhibit A

| PLACE      QUEST DISCOVERY SERVICES<br>763 Park Hill Road, Danville, CA 94526 | DATE AND TIME<br>Sept. 4, 2008 at 10:00 a.m |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)   Attorney for Plaintiff | DATE<br>8/5/08 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Miguel S. Rodriguez, Taylor, Dunham and Burgess, LLP, 301 Congress Avenue, Suite 1050, Austin, Texas 78701, Telephone: (512) 473-2257

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

SJJ 814257

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) Protecting a Person Subject to a Subpoena.

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) Contempt.

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## EXHIBIT A
## Diablo Capital

1.      Any and all agreements between you and Boulevards New Media, Inc.

2.      Any and all financing statements in your possession, custody or control which refer or relate to Boulevards New Media, Inc. as the debtor.

3.      Any and all correspondence (including but not limited to electronic correspondence) between you and Boulevards New Media, Inc. concerning any loans, advances, investments, or capital contributions by you to Boulevards New Media, Inc. or its subsidiaries, affiliates or related entities.

4.      Any and all documents which identify any property of Boulevards New Media, Inc. pledged, loaned or that serves as collateral to secure any loans, funding, lines of credits, investments, capital or other funds provided by you or your affiliates, subsidiaries or related entities.

5.      Any and all documents which relate to any financing statements filed by you with Boulevards New Media, Inc. as the debtor including but not limited to financing statement number 067067124588.

6.      Any and all financial or accounting statements of Boulevards New Media, Inc. in your possession, custody or control.

7.      Any and all documents in your possession, custody or control that reference "MMT" or "Mrmovietimes.com."

S3S814258

AO88 (Rev. 12/07) Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT
## Northern District of California

Jonathan Brant Finley

**SUBPOENA IN A CIVIL CASE**

V.

Dan Pulcrano and Boulevards New Media, Inc.

Case Number:[1] C 08-00248 PVT

TO:

Bridge Bank, N.A. c/o Daniel Myers
55 Almaden Boulevard, San Jose, CA 95113

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attached Exhibit A

| PLACE QUEST DISCOVERY SERVICES | DATE AND TIME |
|---|---|
| 55 Almaden Blvd., San Jose, CA 95113 | Sept. 4, 2008 at 10:00 a.m |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Plaintiff | 8/5/08 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Miguel S. Rodriguez, Taylor, Dunham and Burgess, LLP, 301 Congress Avenue, Suite 1050, Austin, Texas 78701, Telephone: (512) 473-2257

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

935814258

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

| Executed on | | |
|---|---|---|
| | DATE | SIGNATURE OF SERVER |
| | | ADDRESS OF SERVER |

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) Protecting a Person Subject to a Subpoena.

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) Contempt.

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**EXHIBIT A**
**BRIDGE BANK, NA**

1.    Any and all agreements between you and Boulevards New Media, Inc.

2.    Any and all financing statements in your possession, custody or control which refer or relate to Boulevards New Media, Inc. as the debtor.

3.    Any and all correspondence (including but not limited to electronic correspondence) between you and Boulevards New Media, Inc. concerning any loans, advances, investments, or capital contributions by you to Boulevards New Media, Inc. or its subsidiaries, affiliates or related entities.

4.    Any and all documents which identify any property of Boulevards New Media, Inc. pledged, loaned or that serves as collateral to secure any loans, funding, lines of credits, investments, capital or other funds provided by you or your affiliates, subsidiaries or related entities.

5.    Any and all documents which relate to any financing statements filed by you with Boulevards New Media, Inc. as the debtor including but not limited to financing statement number 057029440970.

6.    Any and all documents which refer or relate to Boulevards New Media, Inc.'s "inventory, equipment, accounts, chattel paper, instruments (including but not limited to all promissory notes), certificates of title, documents of title, deposit accounts, investment property, money, general intangibles (including but not limited to all software and all payment intangibles), and fixtures."

7.    Any and all financial or accounting statements of Boulevards New Media, Inc. in your possession, custody or control.

8.    Any and all documents in your possession, custody or control that reference "MMT" or "Mrmovietimes.com."



Quest Discovery Services



UNITED STATES POSTAGE

PITNEY BOWES

02 1M
0004219565
MAILED FROM ZIP CODE 95131

$ 00.59°
AUG 18 2008

**ATTN: CHRISTOPHER E. SCHUMB, ESQ.**
**CHRISTOPHER E. SCHUMB**
**ATTORNEY AT LAW**
**10 ALMADEN BLVD.**
**SUITE 1250**
**SAN JOSE, CA 95113-2233**

9511352271 C081

.

EXHIBIT 2

LAW OFFICES OF
# CHRISTOPHER SCHUMB
10 ALMADEN BLVD., SUITE 1250
SAN JOSE, CALIFORNIA 95113
TELEPHONE (408) 271-3245
FACSIMILE (408) 289-1509


VIA FACSIMILE


August 19, 2008


Miquel S. Rodriquez Esq.
Taylor, Dunham & Burgess, LLP
301 Congress Avenue, Suite 1050
Austin, Texas  78701

        Re: <u>Finley v. Boulevards New Media Inc. et al.</u>

Dear Mr. Rodriquez:

        Please consider this as a meet and confer letter regarding
three (3) subpoenas your firm has apparently served on American
Leasing, Bridge Bank and Diablo Capital.  Although the subpoenas
are dated August 5, 2008 and the transmittal form from QDS is
dated August 7, 2008, I just received them by mail today.
Interestingly, the envelope they came in was not postmarked until
August 18, 2008.  This contradicts the proof of service that is
attached to the subpoenas.  I have enclosed a copy of the
envelope with the post mark.  Clearly then, you have failed to
give Boulevards 30 days notice prior to the production as
required under FRCP 34.

        Not only have you failed to timely serve me with the
subpoenas, but you have also failed to comply with FRCP 45(b)(1)
which requires that you "must" first give notice to opposing
counsel before serving a subpoena for documents.  Your failure to
do this, especially in light of the confidential financial
information that you are seeking, is terribly inappropriate, and
appears to me at least, to belie any good faith error.  I suggest
that you withdraw the three subpoenas immediately, and that we
engage in a meet and confer dialogue to ascertain what you need
and whether, given the current state of the pleadings, you are
entitled to it.  We have plenty of time to accomplish this before
the discovery cut-off of December 3, 3008

Page Two
Miquel S. Rodriquez Esq.
Taylor, Dunham & Burgess, LLP
August 19, 2008


    My client has an ongoing business relationship with all of
these deponents and that burdening them with this process as well
as involving them in the lawsuit could have deleterious
consequences for my client.  Your failure to give me prior notice
that you intended to subpoena records from these deponents
prevented us from trying to provide any documents that you are
entitled to that in currently in my client's possession, in order
to avoid burdening the deponents.

    Please let me know immediately if you will comply with my
request.  I would like a response by tomorrow so that, in the
event it is in the negative, we can begin to prepare motions to
quash and for sanctions.


                        Very truly yours,



                        CHRISTOPHER E. SCHUMB

cc: Brad Bening Esq.

C:\WP51\LEGAL\BNM\FIN\ROD819.LTR

LAW OFFICES OF

# CHRISTOPHER SCHUMB

10 ALMADEN BLVD., SUITE 1250
SAN JOSE, CALIFORNIA 95113
TELEPHONE (408) 271-3245
FACSIMILE (408) 289-1509


FACSIMILE TRANSMISSION COVER SHEET


DATE:          August 19, 2008


TO:            Brad Bening Esq.
               Miquel Rodriquez Esq.


FAX NUMBER:    (408) 295-6375
               (512) 478-4409


FROM:          Christopher Schumb


REGARDING:     Finely v. Boulevards New Media Inc.


NUMBER OF PAGES IN THIS TRANSMISSION,
INCLUDING COVER SHEET . . . . . . . . . 3

## Confidentiality Notice

The information contained in this facsimile message is attorney privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and return the original message to us at the address above via the U.S. Postal Service. Thank you.

LAW OFFICES OF
# CHRISTOPHER SCHUMB
10 ALMADEN BLVD., SUITE 1250
SAN JOSE CALIFORNIA 95113
TELEPHONE (408) 271-9245
FACSIMILE (408) 289-1509


FACSIMILE TRANSMISSION COVER SHEET


DATE:          August 19, 2008


TO:            Brad Bening Esq.
               Miquel Rodriquez Esq.


FAX NUMBER:    (408) 295-6375
               (512) 478-4409


FROM:          Christopher Schumb


REGARDING:     Finely v. Boulevards New Media Inc.


NUMBER OF PAGES IN THIS TRANSMISSION,
INCLUDING COVER SHEET . . . . . . . . . 3

**Confidentiality Notice**

The information contained in this facsimile message is attorney privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and return the original message to us at the address above via the U.S. Postal Service. Thank you.

| TX REPORT |
|:---:|

NAME :
TEL  :4082891509
DATE :08/19/2008 16:23

| JOB NO. | TYPE | NO. | DESTINATION TEL/ID | DATE | TIME | PAGE | TIME USE | MODE | RESULT |
|---------|------|-----|--------------------|------|------|------|----------|------|--------|
| 0018    | TX   | 001 | 2956375            | 08/19| 16:22| 003  | 00'25    | ECM  | OK     |

LAW OFFICES OF
**CHRISTOPHER SCHUMB**
10 ALMADEN BLVD., SUITE 1250
SAN JOSE, CALIFORNIA 95113
TELEPHONE (408) 271-3245
FACSIMILE (408) 269-1509

FACSIMILE TRANSMISSION COVER SHEET


DATE:        August 19, 2008

TO:          Brad Bening Esq.
             Miquel Rodriquez Esq.

FAX NUMBER:  (408) 295-6375
             (512) 478-4409

FROM:        Christopher Schumb

REGARDING:   Finely v. Boulevards New Media Inc.


NUMBER OF PAGES IN THIS TRANSMISSION,
INCLUDING COVER SHEET . . . . . . . . . 3

**Confidentiality Notice**

The information contained in this facsimile message is attorney privileged and confidential information
intended only for the use of the individual or entity named above. If the reader of this message is not the
intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are
hereby notified that any dissemination, distribution, or copying of this communication is strictly
prohibited. If you have received this communication in error, please immediately notify us by telephone and
return the original message to us at the address above via the U.S. Postal Service. Thank you.


| TX  REPORT |
|---|

NAME :
TEL  :4082891509
DATE :08/19/2008 16:21

| JOB NO. | TYPE | NO. | DESTINATION TEL/ID | DATE | TIME | PAGE | TIME USE | MODE | RESULT |
|---------|------|-----|--------------------|------|------|------|----------|------|--------|
| 0017 | TX | 001 | 151247844097 | 08/19 | 16:20 | 003 | 00'31 | ECM | OK |

EXHIBIT 3



## TAYLOR DUNHAM

### AND BURGESS LLP

ATTORNEYS

August 27, 2008

**VIA FACSIMILE**
Christopher E. Schumb
The Law Offices of Christopher E. Schumb
10 Almaden Blvd., Suite 1250
San Jose, CA 95113

> Re:  Cause No. C 08-00248-PVT; *Johnathan Brant Finley v. Dan Pulcrano and
> Boulevards New Media, Inc.*; In the United States District Court for the Northern
> District of California, San Jose Division.

Dear Mr. Schumb:

Each of the third parties who have been served with subpoenas have knowledge of facts in this case and were identified as such in Plaintiff's initial disclosures served on Defendants in April. It is our understanding that notice was mailed to you prior to any service of the subpoenas on American Leasing, Bridge Bank and Diablo Capital. Enclosed please find the original envelope postmarked August 7, 2008 and an affidavit from Violet Byrd which affirms that mailing date and address. The original notice was mailed to your address as 10 Almaden Blvd., Suite 1250, San Jose, California 95113. This notice was returned with a note from the post office that the forward placed on the address had expired and the notice was returned to the sender. The notice you received with the postmark of August 18, 2008 was the second attempt to reach you at the very same address.

As evidenced by the affidavit and the original envelope, notice was mailed prior to serving the subpoenas on American Leasing, Bridge Bank and Diablo Capital. Furthermore, your reliance upon FED. R. CIV. P. 34 (requiring 30-days notice) is misplaced as it refers to requests to another party in the litigation. As the subpoenas were directed to third parties the notice provided was sufficient.

301 Congress Ave., Suite 1050  |  Austin, Texas 78701  |  512.473.2257  |  Fax 512.478.4409  |  www.taylordunham.com

Letter to Mr. Christopher E. Schumb
August 27, 2008
Page 2

Therefore, we will not be delaying or re-issuing the subpoenas at this time with the exception of the subpoena for Domain Capital. We will re-issue the Domain Capital subpoena and provide you with copies prior to service upon Domain Capital.

Very truly yours,

Miguel S. Rodriguez

MSR/jy

Enclosures

cc:     Mr. Benning (via facsimile)

SJ S8 14 256 - SJS814258

(PROOF OF SERVICE BY MAIL - Federal Rule 5(a))

I am employed in the county of SANTA CLARA, my business address is 981 RIDDER PARK DRIVE, SAN JOSE, CA 95131, I am over the age of eighteen (18), and am not a party to the within action(s). I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service, and that the correspondence described below will be deposited with the United States Postal Service today in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing affidavit. I served the within copy: SUBPOENA IN A CIVIL CASE, on the below listed entities in said actions by placing said documents in a sealed envelope with postage fully prepaid and addressed as follows:

CHRISTOPHER E. SCHUMB
ATTORNEY AT LAW
10 ALMADEN BLVD.
SUITE 1250
SAN JOSE, CA 95113-2233
ATTN: CHRISTOPHER E. SCHUMB, ESQ.


WILLOUGHBY, STUART & BENING
ATTORNEYS AT LAW
50 W. SAN FERNANDO STREET
SUITE 400
SAN JOSE, CA 95113
ATTN: BRADLEY A. BENING, ESQ.

and that they were deposited on 08/07/08 for deposit in the United States Postal Service and that the envelope was sealed and placed for collection and mailing that date at Quest Discovery Services, 981 RIDDER PARK DRIVE, SAN JOSE, CA 95131, following ordinary business practices.

    DATED:   08/07/08 AT SAN JOSE, CALIFORNIA

I Declare under penalty of perjury that the foregoing is true and correct.

| This form was printed for all subpoenas in this series | |
|---|---|
| | signature |

P.5

5124784409

TAYLOR & DUNHAM, LLP

Aug 27 2008 2:25PM

**qds**

Quest Discovery Services

-No Answer @ L/o   need to verify if they've moved 8/15

-Reception Stated they are still @ 10 Almaden
8/18

UNITED STATES POSTAGE
PITNEY BOWES
02 1M
0004219565    AUG 07 2008
$ 00.59⁰
MAILED FROM ZIP CODE 95131

95113+2271 CO61
95131@2305

X 951 NEE 1 507I 7S 08/09/08
FORWARD TIME EXP    RTN TO SEND
:ATTORNEY AT LAW
501 STOCKTON AVE # 101
SAN JOSE CA 95126-2431

RETURN TO SENDER

# TAYLOR DUNHAM AND BURGESS LLP

301 Congress Avenue, Suite 1050
Austin, Texas 78701
512-473-2257
512-478-4409 facsimile

## FACSIMILE TRANSMITTAL SHEET

*August 27, 2008*

### PLEASE DELIVER THE FOLLOWING IMMEDIATELY:

| | | | |
|---|---|---|---|
| **TO:** | Christopher E. Schumb | **FAX NO.** | (408) 289-1509 |
| **TO:** | Bradley A. Bening<br>George Dowell | **FAX NO.** | (408) 295-6375 |
| **FROM:** | Janet Yastic, Legal Assistant | | |

**RE:** Cause No. C 08-00248-PVT; *Johnathan Brant Finley v. Dan Pulcrano and Boulevards New Media, Inc.*; In the United States District Court for the Northern District of California, San Jose Division.

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS PRIVILEGED AND CONFIDENTIAL ATTORNEY INFORMATION INTENDED ONLY FOR THE USE OF THE ADDRESSEE. PERSONS RESPONSIBLE FOR DELIVERING THIS COMMUNICATION TO THE INTENDED RECIPIENT ARE HEREBY NOTIFIED NOT TO READ THE ATTACHED AND THAT ANY DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE, AND PLEASE RETURN THE ORIGINAL COMMUNICATION TO US AT OUR LETTERHEAD ADDRESS VIA THE U.S. POSTAL SERVICE.

**TOTAL PAGES SENT:** 5 (including cover)

**ORIGINAL WILL FOLLOW VIA:**

_____ ELECTRONIC MAIL

_____ OVERNIGHT

_____ MESSENGER

_____ CERTIFIED MAIL

1   Christopher E. Schumb  SBN 116828
    LAW OFFICES OF CHRISTOPHER SCHUMB
2   10 Almaden Blvd. Suite 1250
    San Jose, California 95113
3   Telephone:  (408)271-3245
    Facsimile:  (408)289-1509
4

5   Attorneys for Defendant
    BOULEVARDS NEW MEDIA, INC.
6
                    **IN THE UNITED STATES DISTRICT COURT**
7
             **IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA**
8
    JOHNATHAN BRANT FINLEY,              ) No. C 08-00248 PVT
9                                        )
            Plaintiffs,                  ) [PROPOSED] ORDER
10                                       )
    vs.                                  ) Date:
11                                       ) Time:
    DAN PULCRANO; BOULEVARDS NEW         ) Courtroom:  5
12  MEDIA, INC.,                         ) Judge:  Hon.  Patricia V. Trumbull
                                         )
13          Defendants.                  )
                                         )
14                                       )
                                         )
15  _____ )

16                          **[PROPOSED] ORDER**

17          Having reviewed the briefs submitted, and oral arguments of the parties,

18          IT IS ORDERED that defendant Boulevards New Media, Inc.'s Motion for Shortened Time

19  To Hear Its Motion To Quash Plaintiff's Subpoena is GRANTED.  Plaintiff will file its opposition

20  to the Motion to Quash on Tuesday, September 2, 2008.   Defendant waives its reply brief, and oral

21  argument will be held in Courtroom 5 at __ a.m./ p.m. on September __, 2008.

22

23  DATED:                                  _____

24                                          Hon. Patricia V. Trumbull

25

26

27

28
    _____1_____
    [PROPOSED] ORDER

1   Christopher E. Schumb  SBN 116828
    LAW OFFICES OF CHRISTOPHER SCHUMB
2   10 Almaden Blvd. Suite 1250
    San Jose, California 95113
3   Telephone:  (408)271-3245
    Facsimile:  (408)289-1509
4

5   Attorneys for Defendant
    BOULEVARDS NEW MEDIA, INC.
6

7                IN THE UNITED STATES DISTRICT COURT

8           IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

9   JOHNATHAN BRANT FINLEY,              )  No. C 08-00248 PVT
                                         )
10                    Plaintiffs,        )  [PROPOSED] ORDER
                                         )
11  vs.                                  )  Date:
                                         )  Time:
12  DAN PULCRANO; BOULEVARDS NEW         )  Courtroom:  5
    MEDIA, INC.,                         )  Judge: Hon.  Patricia V. Trumbull
13                                       )
                      Defendants.        )
14                                       )
                                         )
15                                       )
                                         )
16  ───────────────────────────────────)

17                        **[PROPOSED] ORDER**

18        Having reviewed the briefs submitted, and oral arguments of the parties,

          IT IS ORDERED that defendant Boulevards New Media, Inc.'s Motion for Shortened Time
19
    To Hear Its Motion To Quash Plaintiff's Subpoenas is GRANTED in part and DENIED in part.
20
    The motion to Shorten Time is DENIED.  The alternative motion for a stay of production pending
21
    hearing on the motion on regular time is GRANTED.  The responsive date for the subpoenas is
22
    hereby deemed to be October 8, 2008.  Plaintiff's Opposition will be filed in compliance with Local
23
    Rule 7-3(a).  Defendant's Reply brief shall be filed in compliance with 7-3(d).  The parties will
24
    come before the court on October 7, 2008, for oral argument at 10:00 a.m.
25

26
    DATED:                                _____
27
                                          Hon. Patricia V. Trumbull
28

                                          1
    [PROPOSED] ORDER