Christopher E. Schumb  SBN 116828
LAW OFFICES OF CHRISTOPHER SCHUMB
10 Almaden Blvd. Suite 1250
San Jose, California 95113
Telephone:  (408)271-3245
Facsimile:  (408)289-1509

Attorney for Defendant
BOULEVARDS NEW MEDIA, INC.

# IN THE UNITED STATES DISTRICT COURT

# IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNATHAN BRANT FINLEY,<br><br>Plaintiffs,<br><br>vs.<br><br>DAN PULCRANO; BOULEVARDS NEW MEDIA, INC.,<br><br>Defendants. | No. C 08-00248 PVT<br><br>DEFENDANT BOULEVARDS NEW MEDIA INC.'S MOTION TO QUASH, OR IN THE ALTERNATIVE MODIFY PLAINTIFF'S SUBPOENAS DUCES TECTUM TO AMERICAN LEASING, INC.; DIABLO CAPITAL; AND BRIDGE BANK, N.A.<br><br>Date:<br>Time:<br>Courtroom:  5<br>Judge:  Hon.  Patricia V. Trumbull |

TO PLAINTIFF JOHNATHAN BRANT FINLEY AND HIS ATTORNEY OF

RECORD:

NOTICE IS HEREBY GIVEN that on September __, 2008, at ___ a.m./p.m., or as soon

there after as counsel may be heard by the above titled court, located 280 South First Street, San

Jose, California, 95113, in the courtroom of the Hon. Patricia V. Trumbull, Defendant Boulevards

New Media, Inc. does move the Court to quash, or in the alternative, modify Plaintiff's subpoenas

issued to American Leasing; Diablo Capital; and Bridge Bank, N.A.  This motion is brought on the

grounds that Plaintiff has not complied with the requirements of the Federal Rules of Civil

Procedure in providing notice to the parties of this action, seeking relevant information, and

BNM'S MOTION TO QUASH SUBPOENAS

1    avoiding undue burden to the deponents.

2        This motion is based on this Notice of Motion and Motion, the Memorandum of Points and

3    Authorities filed herewith, the declarations of Christopher E. Schumb, Boulevards New Media, Inc.,

4    and Bradley A. Bening, the pleadings and papers on file herein, and upon such other matters as may

5    be presented to the Court at the time of the hearing.

6

7                    **I.    INTRODUCTION**

8        Defendant Boulevards New Media, Incorporated ("BNM") requests an order quashing or

9    modifying Plaintiff Brant Finley's ("Finley") deposition subpoenas to third parties American

10   Leasing, LP; Diablo Capital; and Bridge Bank, N.A., on the grounds that the subpoenas, as served

11   seek information that is of a sensitive commercial nature, cause undue burden, seek wholly

12   irrelevant information that does not relate to any claims in this action based on the operative

13   Complaint and were not drawn in compliance with Federal Rules of Civil Procedure ("FRCP") Rule

14   45.[1]

15                        **II. FACTS**

16       This matter arises out the seller's remorse and greed.  Plaintiff is currently alleging that he

17   was induced by fraud to enter into a joint venture with Defendants over four years ago.  The joint

18   venture of the parties was the creation of an internet company whose website is dedicated to

19   providing movie show times to visitors for virtually every city in the Untied States.   In the tradition

20   of Silicon Valley, Finley was the ambitious creator of the website, www.mrmovietimes.com, and

21   Defendant BNM was the established company willing to reach out and provide insight, experience

22   and financing to bring a stuggling idea into profitable reality. After three successful years Finley

23   filed this action in October 2007, seeking rescission of the Contribution Agreement that he entered

24   into with BNM to form Mr. Movie Times, Inc. ("MMT"), in June 2004 alleging that he was induced

25   into the venture through the fraudulent promises of BNM and its CEO Dan Pulcrano ("Pulcrano").

26       As part of the contribution agreement, Finley contributed the domain name

27   _____

28   [1] The subpoenas are identical in their requests with the exception of references to certain Uniform Commercial Code filings and a request unique to the Bridge Bank subpoena.  As a result, BNM files this one motion to quash all three in the interest of judicial economy.

BNM'S MOTION TO QUASH SUBPOENAS

1   www.mrmovietimes.com and BNM contributed capital in the sum of $50,000 and agreed to use its

2   expertise and experience in internet based businesses, search engine optimization, as well as its

3   finance and executive teams to develop the new company. (*Declaration of Boulevards New Media,*

4   *Inc. In Support of Defendant's Motion to Quash Subpoenas* (hereinafter "*BNM Decl.*") ¶2.) In

5   return Finley took 150,000 shares of MMT and BNM took 600,000.[2] (*BNM Decl.* ¶3.) Both parties

6   also contributed additional domain names that related to various cities around the United States.

7   (*BNM Decl.* ¶2.)

8       At the very outset of this litigation attorneys for Mr. Pulcrano immediately presented Finley

9   with the opportunity to retain an independent auditor to review the accounting and financial records

10  of MMT to assuage his paranoia that BNM had somehow been stealing funds from MMT.

11  (*Declaration of Bradley A. Bening In Support of Defendant's Motion to Quash Subpoenas* ("*Bening*

12  *Decl.*") ¶2.) To date, Finley has refused this offer. (*Bening Decl.*¶3.) With regard to more formal

13  forms of party discovery, the parties have agreed on deposition dates for both Finley and Pulcrano

14  to occur in September and October respectively. (*Bening Decl.* ¶4.) Finley has also recently served

15  document requests to both Pulcrano and BNM, which are due in early September. (*Declaration of*

16  *Christopher E. Schumb In Support of Defendant's Motion to Quash* ("*Schumb Decl.*") ¶2; *Bening*

17  *Decl.* ¶5.)

18      Shortly <u>before</u> the issuance of the document requests to BNM and Pulcrano, Finley's

19  counsel also issued three subpoenas to various entities that have financial relationships with BNM –

20  American Leasing, LP; Diablo Capital; and Bridge Bank, N.A. (*Schumb Decl.* ¶4; *Bening Decl.*

21  ¶5.) The subpoenas appear to have been issued on August 5, 2008; however, BNM did not receive

22  copies of them until August 19, 2008. (*Schumb Decl.* ¶3.) A review of the subpoenas show that

23  each one contains at least seven requests, and only one of the requests contained in each set is

24  directly related documents that pertain to MMT. (*Id.*) The remainder are directed at the financial

25  condition of BNM and its "affiliates, subsidiaries or related entities." (*Schumb Decl.* ¶3.) At no

26  time prior to the subpoenas being issued did Finley's counsel provide notice to either Pulcrano's

27

28  [2] There were a total of 1,000,000 shares of MMT stock issued. The remaining 250,000 shares have at all time remained in the treasury, and have been available for acquisition by Finley subject to a vesting agreement, which has fully vested.

3

1  counsel or BNM's counsel. (*Bening Decl.* ¶6; *Schumb Decl.* ¶5.)

2  ### III.  LEGAL ARGUMENT

3  **A. Plaintiff's Counsel Failed to Comply With FRCP 45(b)(1).**

4  The Federal Rules of Civil Procedure require the party issuing a subpoena for the production

5  of documents, electronic data or other tangible items to first provide notice to the parties of the

6  litigation. "[I]f the subpoena commands the production of documents, electronically stored

7  information, or tangible things or the inspection of premises before trial, then before it served, a

8  notice must be served on each party. (*F.R.C.P. 45(b)(1)*.) The Advisory Committee Notes from

9  2007 further explain this requirement was included to reflect that courts had generally been

10  interpreting the notice require of previous iterations of Rule 45 to require "notice to the parties

11  before the subpoena is served on the person commanded to produce or permit inspection." (*FRCP*

12  *Rule 45 2007 Advisory Committee Notes.*)

13  Not only was BNM not provided notice prior to the service of the subpoena, its notice

14  appeared two weeks following service. (*Schumb Decl.* ¶4.) This failure to comply with procedure

15  has not only prevented the parties from meaningfully having an opportunity to discuss the

16  subpoenas prior to their service, but it has also severely prejudiced BNM's attempts to quash them

17  prior to the date upon which the respondents must comply. In *Butler v. Biocore Medical*

18  *Technologies, Inc.* (348 F.3d (10th Cir. 2003)1163.) the court found that providing notice ten days

19  following the service of the subpoena was a violation of FRCP 45(b)(1) and that the "purpose

20  behind the notice requirement is to provide opposing counsel an opportunity to object to the

21  subpoena. A contrary interpretation of Rule 45(b)(1), [] 'would allow a party to mail notice one day

22  prior to the date of compliance, effectively prohibiting counsel from responding.'" (*Id.* at 1173,

23  citations omitted.) This situation is precisely what BNM is currently faced with. It must scurry to

24  attempt to quash the subpoenas, and do so prior to production. (*King v. Fidelity Nat'l Bank of*

25  *Baton Rouge* (5th Cir. 1983) 712 F.2d 188,191, stating that the filing of a motion does not postpone

26  production under the subpoena.)

27  ///

28

---

Finley has never exercised any of his options to acquire additional stock in MMT.

BNM'S MOTION TO QUASH SUBPOENAS

**B. Finley's Subpoenas Subject BNM and the Deponents to Undue Burden.**

A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. (FRCP Rule 45(c)(1).) On timely motion, the issuing court must quash or modify a subpoena that: (iv) subjects a person to undue burden. (FRCP Rule 45(c)(3)(A)(iv).) In determining what constitutes an "undue burden" the court is governed by the standards of FRCP Rule 26(b). (*Gonzales v. Google, Inc.* (N.D. Cal. 2006) 234 F.R.D. 674, 679; *explaining the relationship between FRCP Rules 45, 34, and 26.*) Rule 26(b)(2)(C)(ii) provides that the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome or less expensive. (FRCP Rule 26(b)(2)(C)(i).) If the sought after documents are not relevant, nor calculated to lead to admissible evidence, then any burden whatsoever imposed would be by definition "undue." (*Gonzales v. Google, Inc.* (supra.) 234 F.R.D. 674, 680; citing *Compaq Computer Corp. v. Packard Bell Elec., Inc.* 163 F.R.D. 329, 335-336.) Furthermore, "an evaluation of undue burden requires the court to weight the burden to the subpoenaed party against the value of the information to the serving party, and, in particular, requires the court to consider:…such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." (*Moon v. SCP Pool Corp.* (C.D. Cal. 2005) 232 F.R.D. 633, 637; citing *Travelers Indem. Co. v. Metropolitan Life Insur. Co.* 228 F.R.D. 111, 113; and *United States v. IBM* 83 F.R.D. 97, 104.)

1. The Subpoenas Are Not Limited To Relevant Evidence.

Finley's complaint seeks damages for alleged fraud and securities violations. The basis for these claims, as set forth in his complaint are that MMT has failed to conduct board meetings, elect a third director, secure a tax identification number, and did not establish bank accounts. (*Plaintiff's Petition and Jury Demand* p.4.) Additionally, the complaint alleges that MMT's advertising revenue is deposited to BNM accounts and the accounting is performed by BNM employees. (*Id.*) As a result, plaintiff alleges that this comingling was not contemplated by him when he sought to

BNM'S MOTION TO QUASH SUBPOENAS

1   establish the joint venture and has damaged him.  Based on these allegations, the only banking or

2   finance information that would be relevant to this action are those from the BNM account where the

3   MMT funds were deposited.  The subpoenas as issued; however, seek the following information:

> 1)  Any and all agreements between you and Boulevards New Media, Inc.
>
> 2)  Any and all financing statements in your possession, custody or control which refer or relate to Boulevards New Media, Inc., as the debtor.
>
> 3)  Any and all correspondence (including but not limited to electronic correspondence) between you and Boulevards New Media, Inc. concerning any loans, advances, investments, or capital contributions by you to Boulevards New Media, Inc. or its subsidiaries, affiliates or related entries.
>
> 4)  Any and all documents which identify any property of Boulevards New Media, Inc. pledged, loaned or that serves as collateral to secure any loans, funding lines of credits, investments, capital or other funds provided you our your affiliates, subsidiaries or related entities.
>
> 5)  Any and all documents which relate to any financing statements filed by you with Boulevards New Media, Inc. as the debtor including but not limited to financing statement number [varies per subpoena].
>
> 6)  Any and all financial or accounting statements of Boulevards New Media, Inc. in your possession, custody or control.
>
> 7)  Any and all documents in your possession, custody or control that reference "MMT" or "Mrmovietimes.com."
>
> 8)  Any and all documents which refer or relate to Boulevards New Media Inc.'s "inventory, equipment, accounts, chattel paper, instruments (including but not limited to all promissory notes), certificates of title, documents of title, deposit accounts, investment property, money, general intangibles (including but not limited to all software and all payment intangibles), and fixtures."

22  (*Schumb Decl.* ¶3. Exh. 1; *Bening Decl.* ¶5, Exh. 2. *Item 8 above is unique to the subpoena to*

23  *Bridge Bank, and appears as Request 6 in that subpoena.*)  As the court can see, these requests

24  reach well beyond the allegations of the complaint.  Had Finley limited those requests to items

25  related to MMT, in the same manner of item 7 above, the requests would become significantly more

26  relevant; however other flaws still persist that support BNM's request to quash.

27  ///

28      2.  The Requests Are Not Sufficiently Limited In Time.

6

1  There is no limitation on the dates of information sought. How would records of Boulevards

2  "affiliates, subsidiaries or related entities" that pre-date the formation of the joint venture in June

3  2004 be relevant? They would not, and Finley's own party discovery admits as much. The

4  discovery requests sent to the parties limits the "relevant time" of this matter to January 1, 2003 to

5  the present. (*Schumb Decl.* ¶2; *Bening Decl*¶5.) The subpoenas, however, are unlimited by any

6  such restraint. This creates an unquestionable certainty that records which, by plaintiff's own

7  admission have no relevance to this proceeding will be produced. This will result in non-party

8  deponents wasting resources to produce inconsequential records responsive to improperly drawn

9  subpoenas. As a result, sensitive commercial information of defendant will be disseminated to an

10  adversary for review without any legal foundation. In Moon v. SCP Pool Corp., *supra*, the court

11  found that a subpoena issued to a third party that sought records dating back 10 years was

12  burdensome. (*Moon v. SCP Pool Corp.* (Supra) 232 F.R.D. 633, 637, 638.) Finley's request have

13  no horizon, and reach back as far the deponents can possibly find in their files, despite there being

14  no conceivable theory in which discoverable information could exist in such time frame. Therefore,

15  the subpoenas are "overbroad on their face and exceed the bounds of fair discovery." (*Id.*)

16      3.  <u>Finley' Subpoenas Do Not Identify The Documents Sought With Particularity.</u>

17      Moreover, Finley's complaint does not allege that any "affiliates, subsidiaries or related

18  entities" have access to the account where Finley contends MMT's funds were deposited. Nor does

19  it allege that BNM wrongfully invested MMT funds in other "affiliates, subsidiaries or related

20  entities." In fact, the complaint does not even allude to such entities. Notwithstanding this issue,

21  Finley's subpoena makes no attempt to define what an "affiliate" or "related entity" is. To wit, is an

22  affiliate a vendor? A customer? A vendor's customer? Given that both companies, BNM and

23  MMT, are internet companies that sell advertising to other companies, are those companies

24  affiliates or related entities? What is the reach of related? Is it contractual? Is it an ownership

25  interest?

26      More troubling is the use of the term "your affiliates, subsidiaries, or related entities" in

27  request number 4 in each subpoena. This would require each deponent to divulge information about

28  its business relationships that have absolutely no bearing on this suit. Also, the same issues arise at

BNM'S MOTION TO QUASH SUBPOENAS

1  what Finley intends the definition of "affiliate" and/ or "related entity" to mean. The ambiguity

2  provides him with the ability to continue demanding more, and more until he determines that his

3  hunger for documents has been satiated.

4    The only allegation of the complaint is that the funds were comingled with non-MMT assets,

5  yet in request 6 to the Bridge Bank subpoena, Finley is seeking records that pertain to multiple

6  accounts, property, money, inventory, fixtures, and so on. At its heart Finley's complaint pleads

7  classic fraud in the inducement. Neither his complaint, nor the answer filed by BNM, state any

8  facts that theories that put any of this, or the information of any of the other requests into play.

9  Therefore, Finley cannot show that these subpoenas are drafted with the necessary particularity.

10    4.  The Subpoenas Are Hopelessly Overbroad.

11    As set forth above, the categories of information sought by the subpoenas far exceed the

12  scope of the complaint and/or answers on file in this matter. The requests have no end with regard

13  to time, no limit with regard to the number of companies, accounts, persons, or other any other

14  cognizable parameters that permit a logical response tailored to the issues at bar.

15    5.  Finley Cannot Show A Need For These Documents From The Deponents.

16    Each of the requests are related directly contact between the deponents and BNM, therefore,

17  all or nearly all of the documents would conceivably be in the possession of BNM, which is a party

18  to this action. In fact, Finley has served BNM with document requests that would reach the relevant

19  information that he is attempting to seek in these requests, however do to his own counsel's

20  scheduling of events, those responses are not due until after the deponents would have to produce

21  under the subpoenas. (*Schumb Decl.* ¶¶2,3.) When a subpoenaing party cannot show that they have

22  attempted to obtain documents sought in a subpoena from the opposing party first, requiring a non-

23  party to produce them is undue burden. (*Moon v. SCP Pool Comp.* (Supra) 232 F.R.D. 633, 683.)

24  As a result, Finley would not have the grounds to make a showing that the subpoenas should be

25  issued until BNM has responded to the requests for production.

26  **C. Finley's Subpoenas Seek Commercial Information And Should Be Quashed.**

27    To protect a person subject to or affected by a subpoena, the issuing court may, on motion,

28  quash or modify the subpoena if it requires: (i) disclosing a trade secret or other confidential

8

BNM'S MOTION TO QUASH SUBPOENAS

1  research, development, or commercial information.  (FRCP Rule 45(c)(3)(B)(i).)  All of the

2  categories, save number 7 (8 on the Bridge Bank subpoena) seek commercial information involving

3  BNM, and deponents.  Additionally, requests 3 and 4, unquestionably seek commercial information

4  that would involve non-parties who are "affiliates", "subsidiaries" or "related entities" to either

5  BNM or the deponents, who have no relevance to this case.  (See, *Moon v. SCP Pool Comp.* 232

6  F.R.D. 633, 638.)

7  ### IV. CONCLUSION

8        BNM respectfully requests that this court quash, or in that alternative, appropriately modify

9  the improper subpoenas that have been issued by Plaintiff in this matter.

10  DATED: August 27, 2008

              LAW OFFICE OF CHRISTOPHER E. SCHUMB

By  _____

     Christopher E. Schumb
     Attorney for BOULEVARDS NEW MEDIA, INC.

BNM'S MOTION TO QUASH SUBPOENAS

Christopher E. Schumb  SBN 116828
LAW OFFICES OF CHRISTOPHER SCHUMB
10 Almaden Blvd. Suite 1250
San Jose, California 95113
Telephone:  (408)271-3245
Facsimile:  (408)289-1509

Attorney for Defendant
BOULEVARDS NEW MEDIA, INC.

## IN THE UNITED STATES DISTRICT COURT

## IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNATHAN BRANT FINLEY, | No. C 08-00248 PVT |
| Plaintiffs, | DECLARATION OF CHRISTOPHER E. SCHUMB IN SUPPORT OF DEFENDANT BOULEVARDS NEW MEDIA'S MOTION TO QUASH SUBPOENAS |
| vs. | |
| DAN PULCRANO; BOULEVARDS NEW MEDIA, INC., | |
| Defendants. | |

I, Christopher E. Schumb, declare:

1.      I am duly licensed to practice before the courts of the State of California, and I represent defendant Boulevards New Media, Inc. ("BNM") in the above-entitled action. If called to testify, I could and would testify competently to the matters contained herein.

2.      On August 8, 2008, my office received Plaintiffs First Request for Production to BNM, which were served by facsimile and certified mail.  (A true and correct copy of these requests is attached hereto as Exhibit 1.)

3.      On August 19, 2008, my office received copies of the subpoenas served by Mr. Rodriguez on American Leasing; Diablo Capital; and Bridge Bank, N.A., from Quest Discovery Services.  (True and correct copies of the subpoenas and the post marked envelope are attached hereto as Exhibit 2.)

4.      The subpoenas that were received by my office on August 19, 2008, were issued by Plaintiff's attorney, Miguel Rodriguez on August 5, 2008.

1    5.    At no time prior to the receipt of these subpoenas was I provided with notice

2  that they would be served on the subject third parties.

3    6.    Immediately upon receipt of the subpoenas on August 19, 2008, I faxed a

4  meet and confer letter to Mr. Rodriguez. (A true and correct copy of this letter is attached

5  hereto as Exhibit 3.)

6    7.    Mr. Rodriguez did not respond to this meet and confer until August 27, 2008.

7  (A true and correct copy of this letter is attached hereto as Exhibit 4.)

8

9    I declare under penalty of perjury under the laws of the State of California that the

10  foregoing is true and correct. Executed this 28 day of August, 2008, at San Jose,

11  California.

12

13    Christopher E. Schumb

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF CHRISTOPHER E. SCHUMB ISO MOTION TO QUASH

.

EXHIBIT 1



# TAYLOR DUNHAM

## AND **BURGESS** LLP

ATTORNEYS

August 8, 2008

**VIA FACSIMILE &**
**CERTIFIED MAIL, RRR**
Christopher E. Schumb
The Law Offices of Christopher E. Schumb
10 Almaden Blvd., Suite 1250
San Jose, CA 95113

**VIA FACSIMILE &**
**CERTIFIED MAIL, RRR**
Bradley A. Bening
George Washington Dowell
Willoughby, Stuart & Bening, Inc.
50 W. San Fernando Street, Suite 400
San Jose, CA 95113

Re:     Cause No. C 08-00248-PVT; *Johnathan Brant Finley v. Dan Pulcrano and Boulevards New Media, Inc.*; In the United States District Court for the Northern District of California, San Jose Division.

Dear Counsel:

Enclosed please find the following documents in the above referenced matter:

1.  Plaintiff Finley's First Request for Production [Nos. 1-23] to Defendant Dan Pulcrano; and
2.  Plaintiff Finley's First Request for Production [Nos. 1-29] to Defendant Boulevards New Media, Inc.

Thank you.

Sincerely,

Tamara Boston
Legal Assistant

/tb

Enclosures

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | | |
|---|---|---|
| JOHNATHAN BRANT FINLEY<br>**Plaintiff,** | § | |
| | § | |
| | § | |
| v. | § | **CAUSE NO. C 08-00248 PVT** |
| | § | |
| DAN PULCRANO and | § | |
| BOULEVARDS NEW MEDIA, INC. | § | |
| **Defendants.** | § | |
| | § | |

## PLAINTIFF FINLEY'S FIRST REQUEST FOR PRODUCTION [NOS. 1-29] TO DEFENDANT BOULEVARDS NEW MEDIA, INC.

TO:    Defendant Boulevards New Media, Inc., by and through its attorney of record Christopher E. Schumb, The Law Offices of Christopher E. Schumb, 10 Almaden Blvd., Suite 1250, San Jose, CA 95113.

Pursuant to Rule 34 (a)(2) of the Federal Rules of Civil Procedure, Plaintiff Jonhathan Brant Finley hereby propounds this First Set of Requests for Production [Nos.1-29] to Defendant Boulevards New Media, Inc.  Defendant is required to respond to each request for production contained herein and to serve those responses on Plaintiff within thirty days of service of these requests, by serving those responses on Plaintiff's attorney of record, Miguel S. Rodriguez, Taylor, Dunham & Burgess, L.L.P., 301 Congress Avenue, Suite 1050, Austin, Texas 78701. Defendant is required to produce for inspection and copying at the offices of Taylor, Dunham & Burgess, L.L.P. or some other mutually acceptable location, all of the requested documents. Defendant is also required to supplement its responses to the requests for production under the circumstances specified in the Federal Rules of Civil Procedure.

Respectfully submitted,

**TAYLOR, DUNHAM & BURGESS, L.L.P.**
301 Congress Avenue, Suite 1050
Austin, Texas  78701

(512) 473-2257 Telephone
(512) 478-4409 Facsimile

By: _____

Donald R. Taylor
Tx State Bar No. 1968800
Miguel S. Rodriguez
Tx State Bar No. 24007938
Jennifer A. Tatum
Tx State Bar No. 24046950
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing document was served on all parties by delivering a true and correct copy by facsimile and certified mail, return receipt requested on this the 8th day of August, 2008 as follows:

Christopher E. Schumb
The Law Offices of Christopher E. Schumb
10 Almaden Blvd., Suite 1250
San Jose, CA 95113

George Washington Dowell
Bradley A. Bening
Willoughby, Stuart & Bening, Inc.
50 W. San Fernando Street, Suite 400
San Jose, CA 95113

_____
Miguel S. Rodriguez

## INSTRUCTIONS

Each request for production shall be set forth immediately prior to the answer thereto.

Your written response shall state that inspection will be permitted as requested except only to the extent that you make objections in writing to particular items, or categories of items, stating specific reasons why such discovery should not be allowed.

You are to produce all responsive documents for inspection as they are kept in the usual course of business, or you shall organize and label them to correspond with the categories in the request.

You are to produce all responsive documents that are in your possession, custody, or control.

You are to produce the original and all non-identical copies of the document, e.g., copies with marginal notes, comments, etc., and you are not to dispose of the documents until the inspection or copying hereunder has been completed.

## ELECTRONIC/MAGNETIC DATA

Pursuant to Fed. R. Civ. P. 34, Plaintiff specifically requests any electronic or magnetic data be produced in its original format. Any request for production or interrogatories shall be construed to include a request for electronic documents/information.

## DEFINITIONS FOR REQUESTS FOR PRODUCTION

## DEFINITIONS

The following definitions shall apply to these requests for production:

1.    "Identify" or "identity" means:

(a)    In the case of a natural person, the person's full name, last known residential address, employer or business affiliation, occupation or business position and last known business address.

(b)    In the case of a business entity, its full name, legal status, principal place of business, full name of its chief executive officer, address of the principal place of business, and telephone number.

(c)    In the case of a communication in the form of a document, the identity of the person preparing or authoring it, the sender, its title or description of its subject matter, the identity of the addresses, including carbon copy holders, its date of preparation and distribution or publication, a location of each non-identical copy,

the identity of the present custodian of the document, the identity of the person or persons who can identify the document, and substance of the writing of the document. In lieu of supplying the foregoing information you may attach a copy of each such document with your answer to these interrogatories.

(d)    In the case of a communication in the form of an oral statement, the identity of the person making the statement, the place and date where and when the statement was made, the names of all persons present when the statement was made, and the substance, or, if possible, verbatim recitation of the statement.

(e)    In the case of a communication in the form of a meeting or conference, the identity of each person present in person, by telephone, or other means, the date and place of the meeting or conference, the identity of each document prepared for, distributed or exchanged at, or made during or following such meeting or conference, and the substance, or, if possible, verbatim recitation of the communication.

(f)    In the case of an act or omission, a description of the act or omission, the date and place when and where it occurred, the identity of the person or persons acting or failing to act, the identity of persons who have knowledge of the act or omission, the date of the act or omission first became known to you and the circumstances and manner in which you first obtained such knowledge.

2.    "Statement" includes any oral or written communication, in whatever form, made by a person, or in which the person has manifested their agreement with, or adoption of, the statement.

3.    "Any" includes any and all of the item, of whatever description, whether it includes one or more of the requested data.

4.    "Finley" and/or "Plaintiff" shall mean Johnathan Brant Finely and his employees, agents, attorneys, or other representative of any of them and all other persons acting or purporting to act on behalf of him.

5.    "Pulcrano" and/or "Defendant Pulcrano" shall mean Dan Pulcrano and his employees, agents, attorneys, or other representative of any of them and all other persons acting or purporting to act on behalf of him.

6.    "You," "your" and "Boulevards" shall mean Boulevards New Media, Inc. and its present or former officers, directors, employees, agents, attorneys, or other representative of any of them and all other persons acting or purporting to act on behalf of them.

7.    "MrMovieTimes, Inc." shall mean MrMovieTimes, Inc., as well as all other persons acting or purporting to act on behalf of MrMovieTimes, Inc., including its attorneys or other representatives.

8.    The term "document" includes, by way of illustration only and not by way of limitation, the following, whether printed or reproduced by any process, or written or produced by hand, and whether or not claimed to be privileged or otherwise excludable from discovery, namely:  computer tapes, discs, drums, memory cores, or other computer media; computer printouts or other computer output; notes; writings; drawings; graphs; data; lists; itineraries; correspondence; communications of any nature; telegrams; memoranda; notebooks of any character; charts; summaries of records of personal conversations; calendars; diaries or excerpts therefrom; logs; routing slips or memoranda; reports; publications; photographs; minutes or records of meetings; transcripts of oral testimony or statements; reports or summaries of interviews; written statements; affidavits; reports or summaries of investigations; agreements or contracts, including all modifications or revisions thereof; reports or summaries of negotiations; court papers; brochures; pamphlets; press releases; drafts of, revisions of drafts of, or translations of any document; tape recordings; dictation recordings or belts; circuit diagrams; data compilations; designs; log books; part specifications; data books; data sheets; schematics; and all tangible items.  Any document with marks on any sheet or side thereof, including by way of illustration only and not by way of limitation, initials, stamped indicia, any comment or notation of any character and not a part of the original text, or any reproduction thereof, is to be considered a separate document for purposes of this request.  "Document" also includes any copy of an original document, if the original is unavailable.

9.    "Communication" shall mean any document, oral statement, conversation, meeting, or conference, formal or informal, at any time or place, and under any circumstances whatsoever, whereby information of any nature was stated, written, recorded or in any manner transmitted or transferred.

10.    "Concerning" shall mean relating to, referring to, describing, evidencing or constituting.

11.    "Relevant Time Period" shall mean from January 1, 2003 until the present.

# REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**
Any and all agreements between you and Defendant Pulcrano.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:**
Any and all agreements between you and Domain Capital, LLC.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:**
Any and all agreements between you and American Leasing, LP.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:**
Any and all agreements between you and Bridge Bank, N.A.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:**
Any and all agreements between you and Diablo Capital.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:**
Any and all financing statements in your possession, custody or control which refer or relate to you as the debtor.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:**
Any and all correspondence (including but not limited to electronic correspondence) between you and Domain Capital, LLC concerning any loans, advances, investments, or capital contributions by Domain Capital, LLC to you or your subsidiaries, affiliates or related entities.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:**
Any and all correspondence (including but not limited to electronic correspondence) between you and American Leasing, LP concerning any loans, advances, investments, or capital contributions by American Leasing, LP to you or your subsidiaries, affiliates or related entities.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:**
Any and all correspondence (including but not limited to electronic correspondence) between you and Bridge Bank, N.A. concerning any loans, advances, investments, or capital contributions by Bridge Bank, N.A. to you or your subsidiaries, affiliates or related entities.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:**
Any and all correspondence (including but not limited to electronic correspondence) between you and Diablo Capital concerning any loans, advances, investments, or capital contributions by Diablo Capital to you or your subsidiaries, affiliates or related entities.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:**
Any and all correspondence (including but not limited to electronic correspondence) between you and Pulcrano concerning Mr. Movie Times and/or Finley during the Relevant Time Period.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:**
Any and all correspondence (including but not limited to electronic correspondence) between you and Finely concerning Mr. Movie Times and/or Pulcrano during the Relevant Time Period.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13:**
Any and all correspondence (including but not limited to electronic correspondence) between you and any auditors, accountants, financial advisors, tax consultants or other professional (other than legal counsel) concerning any loans, advances, investments, or capital contributions by Diablo Capital, American Leasing, LP, Bridge Bank, N.A. and/or Domain Capital, LLC to you or your subsidiaries, affiliates or related entities.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:**
Any and all documents which identify any property of Boulevards pledged, loaned or that serves as collateral to secure any loans, funding, lines of credits, investments, capital or other funds provided by Diablo Capital, American Leasing, LP, Bridge Bank, N.A. and/or Domain Capital, LLC or their affiliates, subsidiaries or related entities.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:**
Any and all documents which relate to any financing statements filed with Boulevards New

Media, Inc. as the debtor including but not limited to financing statement number 057029440970, number 067067124588, number 077126559375, and number 077138456142.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:**
Any and all documents which relate to your interest in the internet domain name and related registrations of the URL www.detroit.com; www.indianapolis.com; www.oakland.com; www.raleigh.com; and www.bethesda.com.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17:**
Any and all financial or accounting statements of Boulevards New Media, Inc.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18:**
Any and all documents in your possession, custody or control that reference "MMT" or "Mrmovietimes.com" during the Relevant Time Period.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19:**
Any and all documents of any security interest held by any person or entity in the stock of Mr. Movie Times during the Relevant Time Period.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20:**
Any and all minutes of meetings of the Boulevard's board of directors related to (directly or indirectly) Finely during the Relevant Time Period.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21:**
Any and all documents tendered to a lender or bank reflecting the finances of Mr. Movie Times.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22:**
Any and all documents tendered to any tax preparer, auditor, accountant, bank and/or investor reflecting Boulevard's ownership of Mr. Movie Times stock and/or reflecting the finances of Mr. Movie Times.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23:**
Any and all documents related to the indemnification of Pulcrano in this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 24:**
Any and all billing records, fee statements, invoices or other documents related to any legal expenses paid by or through Mr. Movie Times or paid as the result of any indemnification of Pulcrano in this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 25:**
Any documents which identify any businesses, corporations, entities, partnerships, sole enterprises, unincorporated entities or limited liability companies for which Boulevards New Media, Inc. has any ownership of or any interest in.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 26:**
Any documents which identify any businesses, corporations, entities, partnerships, sole enterprises, unincorporated entities or limited liability companies for which MrMovieTimes, Inc. has any ownership of or any interest in.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 27:**
Any and all bank statements and banking agreements for all accounts where MMT funds were held in deposit during the Relevant Time Period.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 28:**
Any and all documents of any security interest held by any person or entity in accounts where Mr. Movie Times funds were held in deposit during the Relevant Time Period.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 29:**
Any and all legal opinions relating to the approval or recommendation of indemnification by you of Pulcrano in this lawsuit.

**RESPONSE:**

EXHIBIT 2

# qds

S J S 8 1 4 2 5 6

*Quality • Uniformity • Excellence • Service • Teamwork*

## QUEST DISCOVERY SERVICES

http://www.questds.com/

08/07/08

# *Records Request Form*

ATTN: CHRISTOPHER E. SCHUMB, ESQ.
CHRISTOPHER E. SCHUMB
ATTORNEY AT LAW
10 ALMADEN BLVD.
SUITE 1250
SAN JOSE, CA 95113-2233

| | |
|---|---|
| In Reply Refer to: | **San Jose** |
| Our File Number: | **SJS814256** |
| Thru: | **To SJS814258** |
| QDS Client Number: | **SCH479** |
| Client File Number: | |
| Claim Number: | |
| Insured: | |
| Deposition Date: | **09/04/08** |

RE:    **JONATHAN BRANT FINLEY VS. DAN PULCRANO AND BOULEVARDS NEW MEDIA, INC**
Case No:  **C0800248PVT**
Records of: **PLEASE SEE DESCRIPTION OF RECORDS**

Quest Discovery Services at the request of: **TAYLOR, DUNHAM & BURGESS LLP ATORNEYS AT LAW**
is obtaining records as listed on subpoena. Please mark the appropriate spaces   below for those items which you desire
and return by the deposition   date and time. *Please mark "none" if you do not wish to receive any subpoenaed
items for any one deponent.* Do not return this form unless you are placing an order and/or waiving time.

| None | X-rays | Records | Path | Echo | Deponent | File Number |
|------|--------|---------|------|------|----------|-------------|
| ☐ | ☐ | | | | **AMERICAN LEASING, LP**<br>C/O CHRISTOPHER MENKIN 348 MATTHEW ST. | **SJS814256A** |
| ☐ | ☐ | | | | **DIABLO CAPITAL**<br>C/O LARRY CARRE 763 PARK HILL RD. | **SJS814257A** |
| ☐ | ☐ | | | | **BRIDGE BANK, N.A.**<br>C/O DANIEL MYERS 55 ALMADEN BLVD. | **SJS814258A** |

☐ *BILLING INSTRUCTIONS OR DOLLAR LIMITATIONS:*

☐ *BILL DIRECTLY TO INSURANCE CARRIER / THIRD PARTY:*

| | | | |
|---|---|---|---|
| Carrier Name: _____ | | Name of Insured: _____ | |
| Carrier Address: _____ | | Date of Loss: _____ | Claim #: _____ |
| Carrier Address: _____ | | Adjuster's Name: _____ | |

The entity requesting records agrees to pay to Quest Discovery Services its customary charges for this service which are: $34 Basic per deponent, 38¢ per 8 1/2 x 11 page. $15 Certificate of No Records, $3 Minimum Page Charge, $15 additional record charges when applicable, plus sales tax and shipping/handling. Call for prices on blueprints, x-rays, oversized pages and other special items. If requested, quotations will be provided with a $16 service fee per file if costs are not approved and $5 if costs are approved. Orders received after deposition/due date will be assessed a $25 retrieval fee. In the event legal action is necessary to collect past due amounts, requestor agrees to pay all reasonable costs incurred in collection, including attorney's fees as well as a service charge of 1.5% per month. Prices subject to change without notice.

Attorneys for: _____
Client's name
Circle one:   Plaintiff   Defendant   Co-Defendant   Other

Firm Name: _____

Authorized Signature Required          Date
(Applies to all attached pages)

| **Corporate Office:** | **Branch Offices:** | | | |
|---|---|---|---|---|
| 981 Ridder Park Drive | P.O. Box 214267 | 3438 Mendocino Ave., Ste. A | 2507 West Shaw Ave., Ste. 101 | 5730 Uplander Way, Ste. 101 |
| San Jose, CA 95131 | Sacramento, CA 95821-0267 | Santa Rosa, CA 95403 | Fresno, CA 93711 | Culver City, CA 90230 |
| (408) 441-7000 | (916) 483-7030 | (707) 528-2300 | (559) 224-0909 | (310) 645-5557 |
| FAX (408) 441-7070 | FAX (916) 483-7037 | FAX (707) 528-6047 | FAX (559) 224-1122 | FAX (310) 645-1466 |

AO88 (Rev. 12/07) Subpoena in a Civil Case

SJS 8/4256

# UNITED STATES DISTRICT COURT

### Northern District of California

Jonathan Brant Finley

**SUBPOENA IN A CIVIL CASE**

V.

Dan Pulcrano and Boulevards New Media, Inc.

Case Number:[1] C 08-00248 PVT

TO:

American Leasing, LP c/o Christopher Menkin
348 Mathew Street, Santa Clara, CA 95050

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attached Exhibit A

| PLACE     QUEST DISCOVERY SERVICES<br>14127 Capri Drive, Ste. 7, Los Gatos, CA 95032 | DATE AND TIME<br>Sept. 4, 2008 at 10:00 a.m |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>Attorney for Plaintiff | DATE<br>8/5/08 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Miguel S. Rodriguez, Taylor, Dunham and Burgess, LLP, 301 Congress Avenue, Suite 1050, Austin, Texas 78701, Telephone: (512) 473-2257

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

SJS 814256

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | | PLACE |
|---|---|---|---|
| SERVED | | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) Protecting a Person Subject to a Subpoena.

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) Contempt.

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# EXHIBIT A
## AMERICAN LEASING

1. Any and all agreements between you and Boulevards New Media, Inc.

2. Any and all financing statements in your possession, custody or control which refer or relate to Boulevards New Media, Inc. as the debtor.

3. Any and all correspondence (including but not limited to electronic correspondence) between you and Boulevards New Media, Inc. concerning any loans, advances, investments, or capital contributions by you to Boulevards New Media, Inc. or its subsidiaries, affiliates or related entities.

4. Any and all documents which identify any property of Boulevards New Media, Inc. pledged, loaned or that serves as collateral to secure any loans, funding, lines of credits, investments, capital or other funds provided by you or your affiliates, subsidiaries or related entities.

5. Any and all documents which relate to any financing statements filed by you with Boulevards New Media, Inc. as the debtor including but not limited to financing statement number 067067124588.

6. Any and all financial or accounting statements of Boulevards New Media, Inc. in your possession, custody or control.

7. Any and all documents in your possession, custody or control that reference "MMT" or "Mrmovietimes.com."

(PROOF OF SERVICE BY MAIL - Federal Rule 5(a))

I am employed in the county of SANTA CLARA, my business address is 981 RIDDER PARK DRIVE, SAN JOSE, CA 95131, I am over the age of eighteen (18), and am not a party to the within action(s). I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service, and that the correspondence described below will be deposited with the United States Postal Service today in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing affidavit. I served the within copy: SUBPOENA IN A CIVIL CASE, on the below listed entities in said actions by placing said documents in a sealed envelope with postage  fully prepaid and addressed as follows:

**CHRISTOPHER E. SCHUMB**
**ATTORNEY AT LAW**
**10 ALMADEN BLVD.**
**SUITE 1250**
**SAN JOSE, CA 95113-2233**
**ATTN: CHRISTOPHER E. SCHUMB, ESQ.**


**WILLOUGHBY, STUART & BENING**
**ATTORNEYS AT LAW**
**50 W. SAN FERNANDO STREET**
**SUITE 400**
**SAN JOSE, CA 95113**
**ATTN: BRADLEY A. BENING, ESQ.**

and that they were deposited on 08/07/08 for deposit in the United States Postal Service and that the envelope was sealed and placed for collection and mailing that date at Quest Discovery Services, 981 RIDDER PARK DRIVE, SAN JOSE, CA 95131, following ordinary business practices.

DATED:  08/07/08 AT SAN JOSE, CALIFORNIA

I Declare under penalty of perjury that the foregoing is true and correct.

| *This form was printed for*<br>*all subpoenas in this series* |
|---|

_____
signature

SJS 814257

AO88 (Rev. 12/07) Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT

### Northern District of California

Jonathan Brant Finley

**SUBPOENA IN A CIVIL CASE**

V.

Dan Pulcrano and Boulevards New Media, Inc.

Case Number:[1] C 08-00248 PVT

TO:

Diablo Capital c/o Larry Carre
763 Park Hill Rd., Danville, CA 94526

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attached Exhibit A

| PLACE | DATE AND TIME |
|---|---|
| QUEST DISCOVERY SERVICES<br>763 Park Hill Road, Danville, CA 94526 | Sept. 4, 2008 at 10:00 a.m |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Plaintiff | 8 / 15 / 08 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Miguel S. Rodriguez, Taylor, Dunham and Burgess, LLP, 301 Congress Avenue, Suite 1050, Austin, Texas 78701, Telephone: (512) 473-2257

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

SD 814257

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

SERVED ON (PRINT NAME)　　　　　　　　　　MANNER OF SERVICE

SERVED BY (PRINT NAME)　　　　　　　　　　TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) Protecting a Person Subject to a Subpoena.

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) Contempt.

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## EXHIBIT A
### Diablo Capital

1.  Any and all agreements between you and Boulevards New Media, Inc.

2.  Any and all financing statements in your possession, custody or control which refer or relate to Boulevards New Media, Inc. as the debtor.

3.  Any and all correspondence (including but not limited to electronic correspondence) between you and Boulevards New Media, Inc. concerning any loans, advances, investments, or capital contributions by you to Boulevards New Media, Inc. or its subsidiaries, affiliates or related entities.

4.  Any and all documents which identify any property of Boulevards New Media, Inc. pledged, loaned or that serves as collateral to secure any loans, funding, lines of credits, investments, capital or other funds provided by you or your affiliates, subsidiaries or related entities.

5.  Any and all documents which relate to any financing statements filed by you with Boulevards New Media, Inc. as the debtor including but not limited to financing statement number 067067124588.

6.  Any and all financial or accounting statements of Boulevards New Media, Inc. in your possession, custody or control.

7.  Any and all documents in your possession, custody or control that reference "MMT" or "Mrmovietimes.com."

AO88 (Rev. 12/07) Subpoena in a Civil Case

SDS 814258

# UNITED STATES DISTRICT COURT
## Northern District of California

Jonathan Brant Finley

### SUBPOENA IN A CIVIL CASE

V.

Dan Pulcrano and Boulevards New Media, Inc.

Case Number:[1] C 08-00248 PVT

TO:

Bridge Bank, N.A. c/o Daniel Myers
55 Almaden Boulevard, San Jose, CA 95113

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| | |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attached Exhibit A

| PLACE      QUEST DISCOVERY SERVICES | DATE AND TIME |
| --- | --- |
| 55 Almaden Blvd., San Jose, CA 95113 | Sept. 4, 2008 at 10:00 a.m |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| _____  Attorney for Plaintiff | 8/5/08 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Miguel S. Rodriguez, Taylor, Dunham and Burgess, LLP, 301 Congress Avenue, Suite 1050, Austin, Texas 78701, Telephone: (512) 473-2257

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
          DATE                                   SIGNATURE OF SERVER

                                        _____
                                            ADDRESS OF SERVER

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) Protecting a Person Subject to a Subpoena.

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) Contempt.

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

SJS 0142 58

## EXHIBIT A
## BRIDGE BANK, NA

1.   Any and all agreements between you and Boulevards New Media, Inc.

2.   Any and all financing statements in your possession, custody or control which refer or relate to Boulevards New Media, Inc. as the debtor.

3.   Any and all correspondence (including but not limited to electronic correspondence) between you and Boulevards New Media, Inc. concerning any loans, advances, investments, or capital contributions by you to Boulevards New Media, Inc. or its subsidiaries, affiliates or related entities.

4.   Any and all documents which identify any property of Boulevards New Media, Inc. pledged, loaned or that serves as collateral to secure any loans, funding, lines of credits, investments, capital or other funds provided by you or your affiliates, subsidiaries or related entities.

5.   Any and all documents which relate to any financing statements filed by you with Boulevards New Media, Inc. as the debtor including but not limited to financing statement number 057029440970.

6.   Any and all documents which refer or relate to Boulevards New Media, Inc.'s "inventory, equipment, accounts, chattel paper, instruments (including but not limited to all promissory notes), certificates of title, documents of title, deposit accounts, investment property, money, general intangibles (including but not limited to all software and all payment intangibles), and fixtures."

7.   Any and all financial or accounting statements of Boulevards New Media, Inc. in your possession, custody or control.

8.   Any and all documents in your possession, custody or control that reference "MMT" or "Mrmovietimes.com."



Quest Discovery Services



UNITED STATES POSTAGE
PITNEY BOWES
02 1M          $ 00.59⁰
0004219565     AUG 18 2008
MAILED FROM ZIP CODE 95131

ATTN: CHRISTOPHER E. SCHUMB, ESQ.
CHRISTOPHER E. SCHUMB
ATTORNEY AT LAW
10 ALMADEN BLVD.
SUITE 1250
SAN JOSE, CA 95113-2233

9511352271 C061

EXHIBIT 3

LAW OFFICES OF
# CHRISTOPHER SCHUMB
10 ALMADEN BLVD., SUITE 1250
SAN JOSE, CALIFORNIA 95113
TELEPHONE (408) 271-3245
FACSIMILE (408) 289-1509


VIA FACSIMILE


August 19, 2008


Miquel S. Rodriquez Esq.
Taylor, Dunham & Burgess, LLP
301 Congress Avenue, Suite 1050
Austin, Texas  78701


        Re: Finley v. Boulevards New Media Inc. et al.

Dear Mr. Rodriquez:

        Please consider this as a meet and confer letter regarding
three (3) subpoenas your firm has apparently served on American
Leasing, Bridge Bank and Diablo Capital.  Although the subpoenas
are dated August 5, 2008 and the transmittal form from QDS is
dated August 7, 2008, I just received them by mail today.
Interestingly, the envelope they came in was not postmarked until
August 18, 2008.  This contradicts the proof of service that is
attached to the subpoenas.  I have enclosed a copy of the
envelope with the post mark.  Clearly then, you have failed to
give Boulevards 30 days notice prior to the production as
required under FRCP 34.

        Not only have you failed to timely serve me with the
subpoenas, but you have also failed to comply with FRCP 45(b)(1)
which requires that you "must" first give notice to opposing
counsel before serving a subpoena for documents.  Your failure to
do this, especially in light of the confidential financial
information that you are seeking, is terribly inappropriate, and
appears to me at least, to belie any good faith error.  I suggest
that you withdraw the three subpoenas immediately, and that we
engage in a meet and confer dialogue to ascertain what you need
and whether, given the current state of the pleadings, you are
entitled to it.  We have plenty of time to accomplish this before
the discovery cut-off of December 3, 3008

Page Two
Miquel S. Rodriquez Esq.
Taylor, Dunham & Burgess, LLP
August 19, 2008


    My client has an ongoing business relationship with all of
these deponents and that burdening them with this process as well
as involving them in the lawsuit could have deleterious
consequences for my client.  Your failure to give me prior notice
that you intended to subpoena records from these deponents
prevented us from trying to provide any documents that you are
entitled to that in currently in my client's possession, in order
to avoid burdening the deponents.

    Please let me know immediately if you will comply with my
request.  I would like a response by tomorrow so that, in the
event it is in the negative, we can begin to prepare motions to
quash and for sanctions.


                         Very truly yours,



                         CHRISTOPHER E. SCHUMB

cc: Brad Bening Esq.

C:\WP51\LEGAL\BNM\FIN\ROD819.LTR

LAW OFFICES OF
# CHRISTOPHER SCHUMB
10 ALMADEN BLVD., SUITE 1250
SAN JOSE, CALIFORNIA 95113
TELEPHONE (408) 271-3245
FACSIMILE (408) 289-1509


FACSIMILE TRANSMISSION COVER SHEET



DATE:            August 19, 2008


TO:              Brad Bening Esq.
                 Miquel Rodriquez Esq.


FAX NUMBER:      (408) 295-6375
                 (512) 478-4409


FROM:            Christopher Schumb


REGARDING:       Finely v. Boulevards New Media Inc.



NUMBER OF PAGES IN THIS TRANSMISSION,
INCLUDING COVER SHEET . . . . . . . . . 3

## Confidentiality Notice

The information contained in this facsimile message is attorney privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and return the original message to us at the address above via the U.S. Postal Service. Thank you.

LAW OFFICES OF
# CHRISTOPHER SCHUMB
10 ALMADEN BLVD., SUITE 1250
SAN JOSE CALIFORNIA 95113
TELEPHONE (408) 271-3245
FACSIMILE (408) 289-1508

FACSIMILE TRANSMISSION COVER SHEET

DATE:         August 19, 2008

TO:           Brad Bening Esq.
              Miquel Rodriquez Esq.

FAX NUMBER:   (408) 295-6375
              (512) 478-4409

FROM:         Christopher Schumb

REGARDING:    Finely v. Boulevards New Media Inc.

NUMBER OF PAGES IN THIS TRANSMISSION,
INCLUDING COVER SHEET . . . . . . . . . 3

### Confidentiality Notice

The information contained in this facsimile message is attorney privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and return the original message to us at the address above via the U.S. Postal Service. Thank you.

## TX REPORT

NAME :
TEL  :4082891509
DATE :08/19/2008 16:23

| JOB NO. | TYPE | NO. | DESTINATION TEL/ID | DATE | TIME | PAGE | TIME USE | MODE | RESULT |
|---------|------|-----|--------------------|------|------|------|----------|------|--------|
| 0018 | TX | 001 | 2956375 | 08/19 | 16:22 | 003 | 00'25 | ECM | OK |

LAW OFFICES OF
# CHRISTOPHER SCHUMB
10 ALMADEN BLVD., SUITE 1250
SAN JOSE, CALIFORNIA 95113
TELEPHONE (408) 271-3243
FACSIMILE (408) 289-1509


FACSIMILE TRANSMISSION COVER SHEET


DATE:          August 19, 2008

TO:            Brad Bening Esq.
               Miquel Rodriquez Esq.


FAX NUMBER:    (408) 295-6375
               (512) 478-4409


FROM:          Christopher Schumb

REGARDING:     Finely v. Boulevards New Media Inc.


NUMBER OF PAGES IN THIS TRANSMISSION,
INCLUDING COVER SHEET . . . . . . . . . 3

### Confidentiality Notice

The information contained in this facsimile message is attorney privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and return the original message to us at the address above via the U.S. Postal Service. Thank you.


| TX REPORT |
| --- |

NAME :
TEL  :4082891509
DATE :08/19/2008 16:21

| JOB NO. | TYPE | NO. | DESTINATION TEL/ID | DATE | TIME | PAGE | TIME USE | MODE | RESULT |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| 0017 | TX | 001 | 151247844097 | 08/19 | 16:20 | 003 | 00'31 | ECM | OK |

EXHIBIT 4



## TAYLOR DUNHAM
### AND BURGESS LLP
ATTORNEYS

August 27, 2008

**VIA FACSIMILE**
Christopher E. Schumb
The Law Offices of Christopher E. Schumb
10 Almaden Blvd., Suite 1250
San Jose, CA 95113

     Re:    Cause No. C 08-00248-PVT; *Johnathan Brant Finley v. Dan Pulcrano and Boulevards New Media, Inc.*; In the United States District Court for the Northern District of California, San Jose Division.

Dear Mr. Schumb:

     Each of the third parties who have been served with subpoenas have knowledge of facts in this case and were identified as such in Plaintiff's initial disclosures served on Defendants in April. It is our understanding that notice was mailed to you prior to any service of the subpoenas on American Leasing, Bridge Bank and Diablo Capital. Enclosed please find the original envelope postmarked August 7, 2008 and an affidavit from Violet Byrd which affirms that mailing date and address. The original notice was mailed to your address as 10 Almaden Blvd., Suite 1250, San Jose, California 95113. This notice was returned with a note from the post office that the forward placed on the address had expired and the notice was returned to the sender. The notice you received with the postmark of August 18, 2008 was the second attempt to reach you at the very same address.

     As evidenced by the affidavit and the original envelope, notice was mailed prior to serving the subpoenas on American Leasing, Bridge Bank and Diablo Capital. Furthermore, your reliance upon FED. R. CIV. P. 34 (requiring 30-days notice) is misplaced as it refers to requests to another party in the litigation. As the subpoenas were directed to third parties the notice provided was sufficient.

301 Congress Ave., Suite 1050 | Austin, Texas 78701 | 512.473.2257 | Fax 512.478.4409 | www.taylordunham.com

Letter to Mr. Christopher E. Schumb
August 27, 2008
Page 2

Therefore, we will not be delaying or re-issuing the subpoenas at this time with the exception of the subpoena for Domain Capital. We will re-issue the Domain Capital subpoena and provide you with copies prior to service upon Domain Capital.

Very truly yours,

Miguel S. Rodriguez

MSR/jy

Enclosures

cc:    Mr. Benning (via facsimile)

SJ S8 14 256 - SJS814258

(PROOF OF SERVICE BY MAIL - Federal Rule 5(a))

I am employed in the county of SANTA CLARA, my business address is 981 RIDDER PARK DRIVE, SAN JOSE, CA 95131, I am over the age of eighteen (18), and am not a party to the within action(s). I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service, and that the correspondence described below will be deposited with the United States Postal Service today in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing affidavit. I served the within copy: SUBPOENA IN A CIVIL CASE, on the below listed entities in said actions by placing said documents in a sealed envelope with postage fully prepaid and addressed as follows:

CHRISTOPHER E. SCHUMB
ATTORNEY AT LAW
10 ALMADEN BLVD.
SUITE 1250
SAN JOSE, CA 95113-2233
ATTN: CHRISTOPHER E. SCHUMB, ESQ.


WILLOUGHBY, STUART & BENING
ATTORNEYS AT LAW
50 W. SAN FERNANDO STREET
SUITE 400
SAN JOSE, CA 95113
ATTN: BRADLEY A. BENING, ESQ.

and that they were deposited on 08/07/08 for deposit in the United States Postal Service and that the envelope was sealed and placed for collection and mailing that date at Quest Discovery Services, 981 RIDDER PARK DRIVE, SAN JOSE, CA 95131, following ordinary business practices.

DATED:   08/07/08 AT SAN JOSE, CALIFORNIA

I Declare under penalty of perjury that the foregoing is true and correct.

```
┌─────────────────────────────────┐
│   This form was printed for      │
│   all subpoenas in this series   │
└─────────────────────────────────┘
```

_____
signature

Quest Discovery Services

qds

No Answer @ Llo   need to verify if they're valid   8/6
- Kirayton Stated they are still @ 10 Murchs
8/6

UNITED STATES POSTAL SERVICE

02 1M
0004218565
MAILED FROM ZIP CODE 95131

$ 00.590
AUG 07 2008
PITNEY BOWES

X 881 NEE 1 5072 78 08/08/08
FORWARD TIME EXP RTN TO SEND
: ATTORNEY AT LAW
301 STOCKTON AVE # 101
SAN JOSE CA 95126-2431

RETURN TO SENDER

# TAYLOR DUNHAM AND BURGESS LLP

301 Congress Avenue, Suite 1050
Austin, Texas 78701
512-473-2257
512-478-4409 facsimile

## FACSIMILE TRANSMITTAL SHEET

### *August 27, 2008*

### PLEASE DELIVER THE FOLLOWING IMMEDIATELY:

| | | | |
|---|---|---|---|
| **TO:** | Christopher E. Schumb | **FAX NO.** | (408) 289-1509 |
| **TO:** | Bradley A. Bening<br>George Dowell | **FAX NO.** | (408) 295-6375 |
| **FROM:** | Janet Yastic, Legal Assistant | | |
| **RE:** | Cause No. C 08-00248-PVT; *Johnathan Brant Finley v. Dan Pulcrano and Boulevards New Media, Inc.*; In the United States District Court for the Northern District of California, San Jose Division. | | |

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS PRIVILEGED AND CONFIDENTIAL ATTORNEY INFORMATION INTENDED ONLY FOR THE USE OF THE ADDRESSEE. PERSONS RESPONSIBLE FOR DELIVERING THIS COMMUNICATION TO THE INTENDED RECIPIENT ARE HEREBY NOTIFIED NOT TO READ THE ATTACHED AND THAT ANY DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE, AND PLEASE RETURN THE ORIGINAL COMMUNICATION TO US AT OUR LETTERHEAD ADDRESS VIA THE U.S. POSTAL SERVICE.

**TOTAL PAGES SENT:**   5 (including cover)

**ORIGINAL WILL FOLLOW VIA:**

_____ ELECTRONIC MAIL

_____ OVERNIGHT

_____ MESSENGER

_____ CERTIFIED MAIL

1   Bradley A. Bening  SBN 104221
    George W. Dowell  SBN 234759
2   WILLOUGHBY, STUART & BENING, INC.
    50 W. San Fernando St., Suite 400
3   San Jose, California 95113
    Telephone: (408) 289-1972
4   Facsimile:  (408) 295-6375

5   Attorneys for Defendant
    DAN PULCRANO
6

7           **IN THE UNITED STATES DISTRICT COURT**

8      **IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 9  JOHNATHAN BRANT FINLEY, | ) No. C 08-00248 PVT |
| | ) |
| 10             Plaintiffs, | ) DECLARATION OF BRADLEY A. |
| | ) BENING IN SUPPORT OF |
| 11  vs. | ) DEFENDANT BOULEVARDS NEW |
| | ) MEDIA'S MOTION TO QUASH |
| 12  DAN PULCRANO; BOULEVARDS NEW | ) SUBPOENAS |
|     MEDIA, INC., | ) |
| 13 | ) Date: |
|             Defendants. | ) Time: |
| 14 | ) Courtroom:  5 |
| | ) Judge:  Hon.  Patricia V. Trumbull |
| 15 | ) |
| 16 |_____ ) |

17         I, Bradley A. Bening, declare:

18         1.     I am a member of the law firm of Willoughby, Stuart & Bening, duly licensed

19  to practice before the courts of the State of California, and I represent defendant Dan

20  Pulcrano in the above-entitled action. If called to testify, I could and would testify

21  competently to the matters contained herein.

22         2.     In an attempt to streamline the amount of discovery that would take place in this

23  matter and to obviate the situation that the parties currently find themselves in I presented plaintiff's

24  counsel, Miguel Rodriguez with the opportunity to retain an independent auditor to review the

25  accounting and financial records of MMT to ensure that the accounting by Boulevards had been

26  proper at all times.

27         3.     At no time following this offer has Plaintiff or his counsel accepted this

28  opportunity to review the relevant financial information of MovieTimes.com.

_____
1
DECLARATION OF BRADLEY A. BENING ISO MOTION TO QUASH

1    4.    The parties have agreed to take the deposition of Brant Finley in late

2  September, with Mr. Pulcrano's deposition to follow in early to mid-October.

3    5.    On August 12, 2008, my office received Plaintiffs First Request for

4  Production to Dan Pulcrano, where were served by facsimile and certified mail on August 8,

5  2008.  (A true and correct copy of these requests are attached hereto as Exhibit 1.)

6    6.    On August 8, 2008, my office received copies of the subpoenas served by Mr.

7  Rodriguez on American Leasing; Diablo Capital; and Bridge Bank, N.A., from Quest

8  Discovery Services.  (True and correct copies of the subpoenas are attached hereto as

9  Exhibit 2.)  At no time prior to the receipt of these subpoenas was I provided with notice

10  that they would be served on the subject third parties.

11

12    I declare under penalty of perjury under the laws of the State of California that the

13  foregoing is true and correct.  Executed this _28_ day of August, 2008, at San Jose,

14  California.

15

16  Bradley A. Bening

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF BRADLEY A. BENING ISO MOTION TO QUASH

.

EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | | |
|---|---|---|
| **JOHNATHAN BRANT FINLEY**<br>**Plaintiff,** | §<br>§<br>§ | |
| **v.** | §<br>§ | **CAUSE NO. C 08-00248 PVT** |
| **DAN PULCRANO and**<br>**BOULEVARDS NEW MEDIA, INC.**<br>**Defendants.** | §<br>§<br>§<br>§ | |

## PLAINTIFF FINLEY'S FIRST REQUEST FOR PRODUCTION [NOS. 1-23] TO DEFENDANT DAN PULCRANO

TO:    Defendant Dan Pulcrano, by and through his attorney of record, George Washing Dowell and Bradley A. Bening, Willoughby, Stuart & Bening, Inc. 50 W. San Fernando Street, Suite 400 San Jose, CA 95113.

Pursuant to Rule 34 (a)(2) of the Federal Rules of Civil Procedure, Plaintiff Jonhathan Brant Finley hereby propounds this First Set of Requests for Production [Nos. 1-23] to Defendant Dan Pulcrano.   Defendant is required to respond to each request for production contained herein and to serve those responses on Plaintiff within thirty days of service of these requests, by serving those responses on Plaintiff's attorney of record, Miguel S. Rodriguez, Taylor, Dunham & Burgess, L.L.P., 301 Congress Avenue, Suite 1050, Austin, Texas 78701. Defendant is required to produce for inspection and copying at the offices of Taylor, Dunham & Burgess, L.L.P. or some other mutually acceptable location, all of the requested documents. Defendant is also required to supplement its responses to the requests for production under the circumstances specified in the Federal Rules of Civil Procedure.

Respectfully submitted,

**TAYLOR, DUNHAM & BURGESS, L.L.P.**
301 Congress Avenue, Suite 1050
Austin, Texas  78701

(512) 473-2257 Telephone
(512) 478-4409 Facsimile

By: _____

Donald R. Taylor
Tx State Bar No. 1968800
Miguel S. Rodriguez
Tx State Bar No. 24007938
Jennifer A. Tatum
Tx State Bar No. 24046950
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing document was served on all parties by delivering a true and correct copy by facsimile and certified mail, return receipt requested on this the 8th day of August, 2008 as follows:

Christopher E. Schumb
The Law Offices of Christopher E. Schumb
10 Almaden Blvd., Suite 1250
San Jose, CA 95113

George Washington Dowell
Bradley A. Bening
Willoughby, Stuart & Bening, Inc.
50 W. San Fernando Street, Suite 400
San Jose, CA 95113

_____

Miguel S. Rodriguez

## INSTRUCTIONS

Each request for production shall be set forth immediately prior to the answer thereto.

Your written response shall state that inspection will be permitted as requested except only to the extent that you make objections in writing to particular items, or categories of items, stating specific reasons why such discovery should not be allowed.

You are to produce all responsive documents for inspection as they are kept in the usual course of business, or you shall organize and label them to correspond with the categories in the request.

You are to produce all responsive documents that are in your possession, custody, or control.

You are to produce the original and all non-identical copies of the document, e.g., copies with marginal notes, comments, etc., and you are not to dispose of the documents until the inspection or copying hereunder has been completed.

## ELECTRONIC/MAGNETIC DATA

Pursuant to Fed. R. Civ. P. 34, Plaintiff specifically requests any electronic or magnetic data be produced in its original format. Any request for production or interrogatories shall be construed to include a request for electronic documents/information.

## DEFINITIONS FOR REQUESTS FOR PRODUCTION

## DEFINITIONS

The following definitions shall apply to these requests for production:

1.      "Identify" or "identity" means:

(a)     In the case of a natural person, the person's full name, last known residential address, employer or business affiliation, occupation or business position and last known business address.

(b)     In the case of a business entity, its full name, legal status, principal place of business, full name of its chief executive officer, address of the principal place of business, and telephone number.

(c)     In the case of a communication in the form of a document, the identity of the person preparing or authoring it, the sender, its title or description of its subject matter, the identity of the addresses, including carbon copy holders, its date of preparation and distribution or publication, a location of each non-identical copy,

the identity of the present custodian of the document, the identity of the person or persons who can identify the document, and substance of the writing of the document. In lieu of supplying the foregoing information you may attach a copy of each such document with your answer to these interrogatories.

(d)     In the case of a communication in the form of an oral statement, the identity of the person making the statement, the place and date where and when the statement was made, the names of all persons present when the statement was made, and the substance, or, if possible, verbatim recitation of the statement.

(e)     In the case of a communication in the form of a meeting or conference, the identity of each person present in person, by telephone, or other means, the date and place of the meeting or conference, the identity of each document prepared for, distributed or exchanged at, or made during or following such meeting or conference, and the substance, or, if possible, verbatim recitation of the communication.

(f)     In the case of an act or omission, a description of the act or omission, the date and place when and where it occurred, the identity of the person or persons acting or failing to act, the identity of persons who have knowledge of the act or omission, the date of the act or omission first became known to you and the circumstances and manner in which you first obtained such knowledge.

2.     "Statement" includes any oral or written communication, in whatever form, made by a person, or in which the person has manifested their agreement with, or adoption of, the statement.

3.     "Any" includes any and all of the item, of whatever description, whether it includes one or more of the requested data.

4.     "Finley" and/or "Plaintiff" shall mean Johnathan Brant Finely and his employees, agents, attorneys, or other representative of any of them and all other persons acting or purporting to act on behalf of him.

5.     "Pulcrano" "Your" and/or "You" shall mean Dan Pulcrano and his employees, agents, attorneys, or other representative of any of them and all other persons acting or purporting to act on behalf of him.

6.     "Boulevards" shall mean Boulevards New Media, Inc. and its present or former officers, directors, employees, agents, attorneys, or other representative of any of them and all other persons acting or purporting to act on behalf of them.

7.     "MrMovieTimes, Inc." shall mean MrMovieTimes, Inc., as well as all other persons acting or purporting to act on behalf of MrMovieTimes, Inc., including its attorneys or other representatives.

8.     The term "document" includes, by way of illustration only and not by way of limitation, the following, whether printed or reproduced by any process, or written or produced by hand, and whether or not claimed to be privileged or otherwise excludable from discovery, namely:  computer tapes, discs, drums, memory cores, or other computer media; computer printouts or other computer output; notes; writings; drawings; graphs; data; lists; itineraries; correspondence; communications of any nature; telegrams; memoranda; notebooks of any character; charts; summaries of records of personal conversations; calendars; diaries or excerpts therefrom; logs; routing slips or memoranda; reports; publications; photographs; minutes or records of meetings; transcripts of oral testimony or statements; reports or summaries of interviews; written statements; affidavits; reports or summaries of investigations; agreements or contracts, including all modifications or revisions thereof; reports or summaries of negotiations; court papers; brochures; pamphlets; press releases; drafts of, revisions of drafts of, or translations of any document; tape recordings; dictation recordings or belts; circuit diagrams; data compilations; designs; log books; part specifications; data books; data sheets; schematics; and all tangible items.  Any document with marks on any sheet or side thereof, including by way of illustration only and not by way of limitation, initials, stamped indicia, any comment or notation of any character and not a part of the original text, or any reproduction thereof, is to be considered a separate document for purposes of this request.  "Document" also includes any copy of an original document, if the original is unavailable.

9.     "Communication" shall mean any document, oral statement, conversation, meeting, or conference, formal or informal, at any time or place, and under any circumstances whatsoever, whereby information of any nature was stated, written, recorded or in any manner transmitted or transferred.

10.     "Concerning" shall mean relating to, referring to, describing, evidencing or constituting.

11.     "Relevant Time Period" shall mean from January 1, 2003 until the present.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**
Any and all agreements between you and Defendant Boulevards.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:**
Any and all agreements between you and Domain Capital, LLC related to Mr.MovieTimes, Inc. and/or Boulevards.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:**
Any and all agreements between you and American Leasing, LP related to Mr.MovieTimes, Inc. and/or Boulevards.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:**
Any and all agreements between you and Bridge Bank, N.A related to Mr.MovieTimes, Inc. and/or Boulevards.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:**
Any and all agreements between you and Diablo Capital related to Mr.MovieTimes, Inc. and/or Boulevards.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:**
Any and all correspondence (including but not limited to electronic correspondence) between you and Boulevards concerning Mr. Movie Times and/or Finley during the Relevant Time Period.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:**
Any and all correspondence (including but not limited to electronic correspondence) between you and Finely concerning Mr. Movie Times and/or Pulcrano during the Relevant Time Period.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:**
Any and all correspondence (including but not limited to electronic correspondence) between

you and any auditors, accountants, financial advisors, tax consultants or other professional (other than legal counsel) concerning any loans, advances, investments, or capital contributions by Diablo Capital, American Leasing, LP, Bridge Bank, N.A. and/or Domain Capital, LLC to Boulevards or its subsidiaries, affiliates or related entities.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:**
Any and all documents which identify any property of Boulevards pledged, loaned or that serves as collateral to secure any loans, funding, lines of credits, investments, capital or other funds provided by Diablo Capital, American Leasing, LP, Bridge Bank, N.A. and/or Domain Capital, LLC or their affiliates, subsidiaries or related entities.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:**
Any and all documents which relate to your interest in the internet domain name and related registrations of the URL www.detroit.com; www.indianapolis.com; www.oakland.com; www.raleigh.com; and www.bethesda.com.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:**
Any and all financial or accounting statements of Boulevards New Media, Inc.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:**
Any and all documents in your possession, custody or control that reference "MMT" or "Mrmovietimes.com" during the Relevant Time Period.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13:**
Any and all documents of any security interest held by any person or entity in the stock of Mr. Movie Times during the Relevant Time Period.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:**
Any and all documents tendered to a lender or bank reflecting the finances of Mr. Movie Times.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:**
Any and all documents tendered to any tax preparer, auditor, accountant, bank and/or investor

reflecting your and/or Boulevard's ownership of Mr. Movie Times stock and/or reflecting the finances of Mr. Movie Times.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:**
Any and all documents related to your indemnification in this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17:**
Any and all billing records, fee statements, invoices or other documents related to any legal expenses paid by or through Mr. Movie Times or paid as the result of your indemnification in this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18:**
Any and all documents which identify any businesses, corporations, entities, partnerships, sole enterprises, unincorporated entities or limited liability companies for which MrMovieTimes, Inc. has any ownership of or any interest in.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19:**
Any and all bank statements and banking agreements for all accounts where MMT funds were held in deposit during the Relevant Time Period.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20:**
Any and all documents of any security interest held by any person or entity in accounts where Mr. Movie Times funds were held in deposit during the Relevant Time Period.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21:**
Any and all correspondence (including but not limited to electronic correspondence) between you and Boulevards New Media, Inc. concerning the URL's www.detroit.com; www.indianapolis.com; www.oakland.com; www.raleigh.com; and www.betshesda.com.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22:**

Any and all documents which identify any businesses, corporations, entities, partnerships, sole enterprises, unincorporated entities or limited liability companies for which you have any ownership of or any interest in.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23:**

Any and all legal opinions relating to the approval or recommendation of indemnification by Boulevards of you in this lawsuit.

**RESPONSE:**

.

EXHIBIT 2





S J S 8 1 4 2 5 6

*Quality • Uniformity • Excellence • Service • Teamwork*

# QUEST DISCOVERY SERVICES

http://www.questds.com/

## *Records Request Form*

08/07/08

ATTN: BRADLEY A. BENING, ESQ.
WILLOUGHBY, STUART & BENING
ATTORNEYS AT LAW
50 W. SAN FERNANDO STREET
SUITE 400
SAN JOSE, CA 95113

| | |
|---|---|
| In Reply Refer to: | **San Jose** |
| Our File Number: | **SJS814256** |
| Thru: | **To SJS814258** |
| QDS Client Number: | **WIL364** |
| Client File Number: | |
| Claim Number: | |
| Insured: | |
| Deposition Date: | **09/04/08** |

RE:      **JONATHAN BRANT FINLEY VS. DAN PULCRANO AND BOULEVARDS NEW MEDIA, INC**
Case No:   **C0800248PVT**
Records of:  **PLEASE SEE DESCRIPTION OF RECORDS**

Quest Discovery Services at the request of: **TAYLOR, DUNHAM & BURGESS LLP ATORNEYS AT LAW**
is obtaining records as listed on subpoena. Please mark the appropriate spaces   below for those items which you desire
and return by the deposition  date and time.  ***Please mark "none" if you do not wish to receive any subpoenaed
items for any one deponent.***  Do not return this form unless you are placing an order and/or waiving time.

| None | X-rays | Records | Path | Echo | Deponent | File Number |
|---|---|---|---|---|---|---|
| ☐ | | ☐ | | | **AMERICAN LEASING, LP**<br>C/O CHRISTOPHER MENKIN 348 MATTHEW ST. | SJS814256B |
| ☐ | | ☐ | | | **DIABLO CAPITAL**<br>C/O LARRY CARRE 763 PARK HILL RD. | SJS814257B |
| ☐ | | ☐ | | | **BRIDGE BANK, N.A.**<br>C/O DANIEL MYERS 55 ALMADEN BLVD. | SJS814258B |

☐  *BILLING INSTRUCTIONS OR DOLLAR LIMITATIONS:*

☐  *BILL DIRECTLY TO INSURANCE CARRIER / THIRD PARTY:*

Carrier Name:                              Name of Insured:

Carrier Address:                            Date of Loss:                      Claim #:

Carrier Address:                            Adjuster's Name:

This entity requesting records agrees to pay to Quest Discovery Services its customary charges for this service which are: $34 Basic per deponent, 38¢ per 8 1/2 x 11 page, $15 Certificate of No Records, $8 Minimum Page Charge. $15 additional record charges when applicable, plus sales tax and shipping/handling. Call for prices on blueprints, x-rays, oversized pages and other special items. If requested, quotations will be provided with a $16 service fee per file if costs are not approved and $5 if costs are approved. Orders received after deposition/due date will be assessed a $25 retrieval fee. In the event legal action is necessary to collect past due amounts, requestor agrees to pay all reasonable costs incurred in collection, including attorney's fees as well as a service charge of 1.5% per month. Prices subject to change without notice.

Attorneys for:                            Circle one:  Plaintiff  Defendant  Co-Defendant  Other
             Client's name

Firm Name:

Authorized Signature Required                Date
(Applies to all attached pages)

**Corporate Office:**
981 Ridder Park Drive
San Jose, CA 95131
(408) 441-7000
FAX (408) 441-7070

**Branch Offices:**
P.O. Box 214267
Sacramento, CA 95821-0267
(916) 483-7030
FAX (916) 483-7037

3438 Mendocino Ave., Ste. A
Santa Rosa, CA 95403
(707) 528-2300
FAX (707) 528-6047

2507 West Shaw Ave., Ste. 101
Fresno, CA 93711
(559) 224-0909
FAX (559) 224-1122

5730 Uplander Way, Ste. 101
Culver City, CA 90230
(310) 645-5557
FAX (310) 645-1466

Violet Byrd / obtanrec

SJS 814256

AO88 (Rev. 12/07) Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT
### Northern District of California

Jonathan Brant Finley

**SUBPOENA IN A CIVIL CASE**

V.

Dan Pulcrano and Boulevards New Media, Inc.

Case Number:[1] C 08-00248 PVT

TO:

American Leasing, LP c/o Christopher Menkin
348 Mathew Street, Santa Clara, CA 95050

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attached Exhibit A

| PLACE | QUEST DISCOVERY SERVICES | DATE AND TIME |
|---|---|---|
| | 14127 Capri Drive, Ste. 7, Los Gatos, CA 95032 | Sept. 4, 2008 at 10:00 a.m |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Plaintiff | 8/5/08 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Miguel S. Rodriguez, Taylor, Dunham and Burgess, LLP, 301 Congress Avenue, Suite 1050, Austin, Texas 78701, Telephone: (512) 473-2257

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

SJS 814256

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) Protecting a Person Subject to a Subpoena.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) Contempt.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

(PROOF OF SERVICE BY MAIL - Federal Rule 5(a))

I am employed in the county of SANTA CLARA, my business address is 981 RIDDER PARK DRIVE, SAN JOSE, CA 95131, I am over the age of eighteen (18), and am not a party to the within action(s). I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service, and that the correspondence described below will be deposited with the United States Postal Service today in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing affidavit. I served the within copy: SUBPOENA IN A CIVIL CASE, on the below listed entities in said actions by placing said documents in a sealed envelope with postage fully prepaid and addressed as follows:

**CHRISTOPHER E. SCHUMB**
**ATTORNEY AT LAW**
**10 ALMADEN BLVD.**
**SUITE 1250**
**SAN JOSE, CA 95113-2233**
**ATTN: CHRISTOPHER E. SCHUMB, ESQ.**


**WILLOUGHBY, STUART & BENING**
**ATTORNEYS AT LAW**
**50 W. SAN FERNANDO STREET**
**SUITE 400**
**SAN JOSE, CA 95113**
**ATTN: BRADLEY A. BENING, ESQ.**

and that they were deposited on 08/07/08 for deposit in the United States Postal Service and that the envelope was sealed and placed for collection and mailing that date at Quest Discovery Services, 981 RIDDER PARK DRIVE, SAN JOSE, CA 95131, following ordinary business practices.

DATED:   08/07/08 AT SAN JOSE, CALIFORNIA

I Declare under penalty of perjury that the foregoing is true and correct.

```
┌─────────────────────────────────┐
│   This form was printed for      │
│   all subpoenas in this series   │
└─────────────────────────────────┘
```

signature

/ MAILSERV

# EXHIBIT A
## AMERICAN LEASING

1.    Any and all agreements between you and Boulevards New Media, Inc.

2.    Any and all financing statements in your possession, custody or control which refer or relate to Boulevards New Media, Inc. as the debtor.

3.    Any and all correspondence (including but not limited to electronic correspondence) between you and Boulevards New Media, Inc. concerning any loans, advances, investments, or capital contributions by you to Boulevards New Media, Inc. or its subsidiaries, affiliates or related entities.

4.    Any and all documents which identify any property of Boulevards New Media, Inc. pledged, loaned or that serves as collateral to secure any loans, funding, lines of credits, investments, capital or other funds provided by you or your affiliates, subsidiaries or related entities.

5.    Any and all documents which relate to any financing statements filed by you with Boulevards New Media, Inc. as the debtor including but not limited to financing statement number 067067124588.

6.    Any and all financial or accounting statements of Boulevards New Media, Inc. in your possession, custody or control.

7.    Any and all documents in your possession, custody or control that reference "MMT" or "Mrmovietimes.com."

SJS8|425 7

AO88 (Rev. 12/07) Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT
### Northern District of California

Jonathan Brant Finley

**SUBPOENA IN A CIVIL CASE**

V.

Dan Pulcrano and Boulevards New Media, Inc.

Case Number:[1] C 08-00248 PVT

TO:

Diablo Capital c/o Larry Carre
763 Park Hill Rd., Danville, CA 94526

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attached Exhibit A

| PLACE | DATE AND TIME |
|---|---|
| QUEST DISCOVERY SERVICES<br>763 Park Hill Road, Danville, CA 94526 | Sept. 4, 2008 at 10:00 a.m |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Plaintiff | B/5/08 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Miguel S. Rodriguez, Taylor, Dunham and Burgess, LLP, 301 Congress Avenue, Suite 1050, Austin, Texas 78701, Telephone: (512) 473-2257

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

SJD 814257

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) Protecting a Person Subject to a Subpoena.

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) Contempt.

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# EXHIBIT A
## Diablo Capital

1.    Any and all agreements between you and Boulevards New Media, Inc.

2.    Any and all financing statements in your possession, custody or control which refer or relate to Boulevards New Media, Inc. as the debtor.

3.    Any and all correspondence (including but not limited to electronic correspondence) between you and Boulevards New Media, Inc. concerning any loans, advances, investments, or capital contributions by you to Boulevards New Media, Inc. or its subsidiaries, affiliates or related entities.

4.    Any and all documents which identify any property of Boulevards New Media, Inc. pledged, loaned or that serves as collateral to secure any loans, funding, lines of credits, investments, capital or other funds provided by you or your affiliates, subsidiaries or related entities.

5.    Any and all documents which relate to any financing statements filed by you with Boulevards New Media, Inc. as the debtor including but not limited to financing statement number 067067124588.

6.    Any and all financial or accounting statements of Boulevards New Media, Inc. in your possession, custody or control.

7.    Any and all documents in your possession, custody or control that reference "MMT" or "Mmovietimes.com."

SAO88 (Rev. 12/07) Subpoena in a Civil Case

SJS 814258

# UNITED STATES DISTRICT COURT
### Northern District of California

Jonathan Brant Finley

**SUBPOENA IN A CIVIL CASE**

V.

Dan Pulcrano and Boulevards New Media, Inc.

Case Number:[1] C 08-00248 PVT

TO:

Bridge Bank, N.A. c/o Daniel Myers
55 Almaden Boulevard, San Jose, CA 95113

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attached Exhibit A

| PLACE | QUEST DISCOVERY SERVICES | DATE AND TIME |
|---|---|---|
| | 55 Almaden Blvd., San Jose, CA 95113 | Sept. 4, 2008 at 10:00 a.m |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Plaintiff | 8/5/08 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Miguel S. Rodriguez, Taylor, Dunham and Burgess, LLP, 301 Congress Avenue, Suite 1050, Austin, Texas 78701, Telephone: (512) 473-2257

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

SJS814258

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) Protecting a Person Subject to a Subpoena.

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) Contempt.

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## EXHIBIT A
### BRIDGE BANK, NA

1.   Any and all agreements between you and Boulevards New Media, Inc.

2.   Any and all financing statements in your possession, custody or control which refer or relate to Boulevards New Media, Inc. as the debtor.

3.   Any and all correspondence (including but not limited to electronic correspondence) between you and Boulevards New Media, Inc. concerning any loans, advances, investments, or capital contributions by you to Boulevards New Media, Inc. or its subsidiaries, affiliates or related entities.

4.   Any and all documents which identify any property of Boulevards New Media, Inc. pledged, loaned or that serves as collateral to secure any loans, funding, lines of credits, investments, capital or other funds provided by you or your affiliates, subsidiaries or related entities.

5.   Any and all documents which relate to any financing statements filed by you with Boulevards New Media, Inc. as the debtor including but not limited to financing statement number 057029440970.

6.   Any and all documents which refer or relate to Boulevards New Media, Inc.'s "inventory, equipment, accounts, chattel paper, instruments (including but not limited to all promissory notes), certificates of title, documents of title, deposit accounts, investment property, money, general intangibles (including but not limited to all software and all payment intangibles), and fixtures."

7.   Any and all financial or accounting statements of Boulevards New Media, Inc. in your possession, custody or control.

8.   Any and all documents in your possession, custody or control that reference "MMT" or "Mrmovietimes.com."

1    Christopher E. Schumb  SBN 116828
     LAW OFFICES OF CHRISTOPHER SCHUMB
2    10 Almaden Blvd. Suite 1250
     San Jose, California 95113
3    Telephone:  (408)271-3245
     Facsimile:  (408)289-1509
4

5
     Attorney for Defendant
6    BOULEVARDS NEW MEDIA, INC.

7                    IN THE UNITED STATES DISTRICT COURT

8              IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

9    JOHNATHAN BRANT FINLEY,              ) No. C 08-00248 PVT
                                          )
10                  Plaintiffs,           ) DECLARATION OF BOULEVARDS
                                          ) NEW MEDIA, INC., IN SUPPORT OF
11   vs.                                  ) DEFENDANT BOULEVARDS NEW
                                          ) MEDIA'S MOTION TO QUASH
12   DAN PULCRANO; BOULEVARDS NEW         ) SUBPOENAS
     MEDIA, INC.,                         )
13                                        ) Date:
                    Defendants.           ) Time:
14                                        ) Courtroom:  5
                                          ) Judge: Hon.  Patricia V. Trumbull
15                                        )
                                          )
16   ─────────────────────────────────────)

17          I, Dan Pulcrano, declare:

18          1.     I am the President and CEO of Boulevards New Media, Inc. If called to

19   testify, I could and would testify competently to the matters contained herein.

20          2.     In June 2004, Boulevards New Media, Inc. ("BNM") executed a Contribution

21   Agreement with Plaintiff Brant Finley ("Finley"), to create Mr.Movietimes.com, Inc. ("MMT").

22   Finley contributed his existing website, www.mrmovietimes.com, among other non-monetary

23   assets.  BNM agreed to contribute up to $50,000 in addition to other non-monetary assets.  (A true

24   and correct copy of the Contribution Agreement is attached hereto as Exhibit 1, ¶2.)

25          3.     Under the terms of the Contribution Agreement the new company issued

26   150,000 shares of stock in MMT.  BNM was issued 600,000 shares of MMT stock, with

27   250,000 remaining in the treasury, and subject acquisition by Finley based on the vesting of

28   certain stock options.  (Exh. 1, ¶¶2,3.)

                                            1
     ─────────────────────────────────────────────────────
     DECLARATION OF BNM ISO MOTION TO QUASH

1

2         I declare under penalty of perjury under the laws of the State of California that the

3     foregoing is true and correct.  Executed this ___ day of August, 2008, at San Jose,

4     California.

5

6     Dan Pulcrano for Boulevards New Media, Inc.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF BNM ISO MOTION TO QUASH

EXHIBIT 1

# CONTRIBUTION AGREEMENT

This Contribution Agreement is entered into as of June 16, 2004 by and between Boulevards New Media, a California corporation ("BNM"), Johnathan Brant Finley ("JBF") and MrMovieTimes Inc., a California corporation (the "Company").

1.    Purpose.  The purpose of this Agreement is to set forth the obligations of the parties hereto in connection with the formation of the Company.

2.    Capital Contributions in Ownership.  In exchange for the contribution of the URLs listed on Exhibit A hereto and up to $50,000 in cash, BNM will be issued 600,000 shares of common stock of the Company.  The cash to be contributed by BNM shall be paid to the Company at a rate of no more than $4,000 per month.  If the $50,000 cash contribution of BNM is not fully needed as agreed to by the parties hereto, BNM shall pay to JBF 40% of those amounts not needed.  In exchange for the contribution of the URL's listed on Exhibit B and the goodwill of his sole proprietorship Mr. Movietimes.com, JBF will be issued 150,000 shares of the common stock of the Company.

3.    Option Grant.  The Company hereby grants to JBF an option to purchase 250,000 shares of the common stock of the Company pursuant to the form of option agreement attached hereto as Exhibit C.  The options granted will vest over a three year period, annually and in arrears.

4.    Employment Agreement for JBF.  JBF will be employed by Company pursuant to the terms of an Employment Agreement in the form attached hereto as Exhibit D.

5.    Initial Period Termination.  The parties agree that should the Company be dissolved or a transfer in ownership of the shares or control of the Company occur (other than a transfer by BNM to its parent or its parent's parent) for any reason, within six (6) months of the date of this Agreement, then the parties shall rescind the assignment of URLs and software listed in Exhibits A and B, returning such assets to the respective party without any encumbrance or other changes in ownership interests as to such assets and the issuance of stock to JBF pursuant to Section 2 hereof and the grant of options to JBF pursuant to Section 3 will be automatically rescinded. All cash contributions already paid or owing by BNM prior to such dissolution or transfer in ownership shall be retained or paid to JBF as per this Agreement.

6.    Cross Linking.  The parties hereto agree that there will be cross linking between BNM's websites and the Company's websites. Each BNM website for a specific locale will link to a Company site for that locale with links that specify the Company's movie times and/or that locales movie tickets.  The Company's sites will link to the BNM sites for like cities with links that lead to, for example, San Jose Hotels, San Jose Restaurants, San Jose Real Estate and such other links or revisions as may be reasonably requested by BNM from time to time.  For examples, see Exhibit E attached hereto.

7.    <u>Voting Agreement</u>.  As a condition to execution of this Agreement, the parties agree to enter into a Voting Agreement in the form attached hereto as Exhibit F.

8.    <u>Charges by BNM</u>.  BNM and/or its affiliates will provide certain services to the Company including but not limited to accounting, rent, management services etc.  The parties agree that the amount of G&A that can be charged to the Company by BNM and/or its affiliates for such services will not exceed 6.5% of the Company's annual gross revenue.

9.    <u>Use of proceeds</u>.  The proceeds from the cash contribution to be made by BNM pursuant to this Agreement shall be used for content acquisition, working capital, salaries and as otherwise agreed to by the board of directors of the Company.

10.    <u>Option to BNM</u>.  JBF hereby grants to BNM an option to purchase all or part of any equity securities of the Company held by JBF (including any common stock issued on the exercise of options) if the Employment Agreement is terminated.  BNM may exercise the options set forth in this Section 9 at any time after termination of the Employment Agreement.  The option granted hereunder may be exercised by BNM in one or more exercises.  The per share price to be paid by BNM for such stock shall be determined based on the following formula (EBITDA of the Company minus Company liabilities) times 5 and then divided by the number of shares outstanding at the time of exercise.  Numbers used in the formula shall be as of the last day of the month immediately preceding the exercise.

11.    <u>Representations of JBF</u>.  JBF hereby represents and warrants to Company and BNM that JBF has sole and complete ownership to the domain name mrmovietimes.com free and clear of any liens, options to sell or other encumbrances and has sole and complete ownership of all the URL's listed on Exhibit B free and clear of any liens, options to sell or other encumbrances.

12.    <u>Restrictions on Transfer</u>.  The parties agree that neither party shall sell, sign, encumber, suffer to be encumbered, hypothecate, pledge, or otherwise transfer all or any part of their interest in the Company, except in accordance with this Agreement.  Any attempted sale, assignment, transfer, pledge, hypothecation or encumbrance in violation of this Agreement shall be null and void.  The following transfers of all or a portion of an interest of a party hereto are permitted hereunder:

(i)    Transfer by will or to a revocable inter vivos trust for the benefit of the parties' spouse or children, or transfer on death by operation of law; or

(ii)    Transfer to a trust in which the transferring party is a trustee; or

(iii)    Transfers by BNM to an affiliate of BNM.

13.    <u>Right of First Refusal</u>.  Except for a permitted transfer, neither party shall transfer its interest in the Company without the prior written consent of the other party, unless and until it has complied with the provisions of the right of first offer described in the following subsections of this Section 12.

(a)    The transferring party shall first give notice to the Company specifying the interest it proposes to transfer, the proposed price, the proposed closing date, and the other terms of the transfer and the proposed purchaser, if one is known at that time.  Said notice shall constitute an offer to the other party to transfer such interest upon the terms contained in the notice.

(b)    Within twenty one (21) days after the receipt of the transfer notice the Company or its assigns shall either accept the offer by sending written notice of its acceptance to the transferring party, or must be deemed to have rejected the offer.

(c)    If the Company or its assigns does not accept the offer, the transferring party may then transfer the offered interest on the same terms and conditions set forth in such party's notice or at a higher price and at no less favorable term to the seller, provided such transfer must occur by the closing date set in the notice pursuant to subsection 12(a).  No transfer may be made pursuant to this Section 12 until the transferee agrees in writing to be bound by the terms of this right of first refusal.  If the transfer does not occur by the closing date set in the notice pursuant to subsection 12(a), the offering party may not make the transfer without reinstituting the procedures set forth in Section 12.

(d)    The parties hereto acknowledge and agree that the Company may assign its rights pursuant to this Section 12 to any third party including but not limited to the non transferring party.

(e)    Each stock certificate representing equity securities subject to this Agreement should stamped or otherwise imprinted with a legend in substantially the following form (in addition to any legend required under applicable state or federal securities laws):

> THE SECURITIES REPRESENTED BY THIS AGREEMENT ARE SUBJECT TO A REPURCHASE OPTION IN FAVOR OF THE CORPORATION OR ITS ASSIGNEES PURSUANT TO AN AGREEMENT BETWEEN THE CORPORATION AND THE HOLDER OF THESE SECURITIES OR SUCH HOLDER'S PREDECESSOR IN INTEREST, A COPY OF WHICH CAN OBTAINED AT THE PRINCIPAL OFFICE OF THE CORPORATION.

14.    Additional Actions and Documents.  The parties shall execute and deliver such further documents and instruments and other assurances, and shall do any and all acts and things reasonably necessary in connection with the performance of their obligations hereunder.  The parties shall take such other further actions as may be required or appropriate to carry out the intent and purposes of this Agreement.

15.    Successors and Assigns.  This Agreement shall bind and inure to the benefit of the parties hereto and their respective heirs, successors, and assigns.

16.    Amendment.  Except as otherwise provided herein, this Agreement shall be changed or modified, in whole or in part, only by a written amendment signed by each of the parties hereto.

17.    <u>Consents</u>.  Any permission, consent, or approval of any kind or character under this Agreement shall be in writing, and shall be effective only to the extent specifically set forth in such writing.

18.    <u>Notice</u>.

(a)    <u>Means/Receipt</u>.  All notices or other communications required or permitted hereunder shall be in writing, and shall be personally delivered or sent by certified mail, postage prepaid, return receipt requested, national overnight courier service (next business day delivery) or facsimile, and shall be deemed received upon the earlier of (i) if personally delivered, the date of delivery to the address of the person to receive such notice, (ii) if mailed, three (3) business days after the posting by the United States Post Office, (iii) if sent by national overnight courier service (next business day delivery), one (1) business day after delivery to such courier service, or (iv) if given by facsimile, upon electronic evidence of receipt.

(b)    <u>Addresses</u>.  Any notice to BNM shall be sent to  BNM's address at 550 South First Street, San Jose, California 95113, attention CEO.  Any notice to JBF shall be sent to JBF's address at 3300 Bee Caves Road, Suite 650, Austin, TX  78746.  Any notice to Company shall be sent to the Company's address at 550 South First Street, San Jose, California 95113, attention CEO.

19.    <u>Indemnification</u>.  Each party shall indemnify and hold the other party harmless against any and all liability imposed or claimed, including attorneys' fees and other legal expenses, arising directly or indirectly from any breach of any term of this Agreement.

20.    <u>Dispute Resolution</u>.  If any dispute arises out of this Agreement, or the breach, termination, or validity thereof, the parties agree first to try in good faith to settle the dispute by mediation pursuant to the Commercial Mediation Rules of the American Arbitration Association before resorting to arbitration or litigation or some other dispute resolution procedure.  If the parties are unsuccessful in their good faith attempt to resolve the dispute through mediation, then the dispute will be settled by arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association.  Any such dispute resolution proceeding shall be held in San Jose, California.

21.    <u>Attorneys' Fees</u>.  If any party brings any suit, action, cross-complaint, or arbitration to enforce the provisions of this Agreement, the prevailing party therein shall be entitled to recover a reasonable allowance for attorneys' fees and litigation expenses in addition to court costs.  "Prevailing Party" within the meaning of this Section 20 shall include, without limitation, a party who agrees to dismiss an action or proceeding upon the other's payment of the sums allegedly due or performance of the covenants allegedly breached, or who obtains substantially the relief sought by it.

22.    <u>Governing Law</u>.  The rights and obligations of the parties shall be governed by, and this Agreement shall be construed and enforced in accordance with, the laws of the State of California, excluding its conflict of laws rules to the extent such rules would apply the law of another jurisdiction.

23.    <u>Entire Agreement</u>. This Agreement constitutes the entire agreement among the parties with regard to the subject matter hereof. This Agreement supersedes all previous agreements between or among the parties, and there are now no agreements, representations, or warranties between or among the parties other than those set forth in this Agreement.

24.    <u>Severability</u>. If any provision of this Agreement, or the application of such provision to any person or circumstances, is held invalid or unenforceable, the remainder of this Agreement, or the application of such provision to persons or circumstances other than those as to which it is held invalid or unenforceable, shall not be affected thereby.

25.    <u>Time of Essence</u>. Time is of the essence in this Agreement and the time periods set forth herein are to be strictly construed and enforced. Where no definite time for performance is specified, however, a delay or omission to exercise any right, power, or remedy hereunder upon any breach or default under this Agreement shall not impair any such right, power, or remedy, nor shall it be construed to be a waiver of any such breach or default, or of any similar breach or default thereafter occurring, or an acquiescence therein.

26.    <u>Construction of Agreement</u>. The terms of this Agreement have been negotiated by the parties hereto, and no provision of this Agreement shall be construed against either party as the drafter thereof.

27.    <u>Waiver</u>. No waivers of any breach of this Agreement extended by any party hereto to any other party shall be construed as a waiver of any rights or remedies of any other party hereto or with respect to any subsequent breach.

28.    <u>Counterparts</u>. This Agreement may be executed in any number of counterparts, each of which shall be an original, but all of which together shall constitute one instrument. Signatures by facsimile are binding and acceptable to the parties.

IN WITNESS WHEREOF, the undersigned have executed this Contribution Agreement as of the date first set forth above.

BNM:                                        JBF:

Boulevards New Media

By: _____             _____
    Dan Pulcrano, CEO                      Johnathan Brant Finley

COMPANY:

MrMovieTimes Inc.

By: _____
    Dan Pulcrano, CEO

FROM :VICKERY & RJ REALTY        Case 5:08-cv-00248-PVT        Document 31-7        FAX NO. :5128570664        Filed 08/28/2008        Page 7 of 13        Jun. 22 2004 03:01PM P6

06/21/2004  06:02    4082988008                V>::=?[:NO                PAGE  03

23.    Entire Agreement. This Agreement constitutes the entire agreement among the parties with regard to the subject matter hereof. This Agreement supersedes all previous agreements between or among the parties, and there are now no agreements, representations, or warranties between or among the parties other than those set forth in this Agreement.

24.    Severability. If any provision of this Agreement, or the application of such provision to any person or circumstances, is held invalid or unenforceable, the remainder of this Agreement, or the application of such provision to persons or circumstances other than those as to which it is held invalid or unenforceable, shall not be affected thereby.

25.    Time of Essence. Time is of the essence in this Agreement and the time periods set forth herein are to be strictly construed and enforced. Where no definite time for performance is specified, however, a delay or omission to exercise any right, power, or remedy hereunder upon any breach or default under this Agreement shall not impair any such right, power, or remedy, nor shall it be construed to be a waiver of any such breach or default, or of any similar breach or default thereafter occurring, or an acquiescence therein.

26.    Construction of Agreement. The terms of this Agreement have been negotiated by the parties hereto, and no provision of this Agreement shall be construed against either party as the drafter thereof.

27.    Waiver. No waivers of any breach of this Agreement extended by any party hereto to any other party shall be construed as a waiver of any rights or remedies of any other party hereto or with respect to any subsequent breach.

28.    Counterparts. This Agreement may be executed in any number of counterparts, each of which shall be an original, but all of which together shall constitute one instrument. Signatures by facsimile are binding and acceptable to the parties.

IN WITNESS WHEREOF, the undersigned have executed this Contribution Agreement as of the date first set forth above.


BNM:                                                    JBF:

Boulevards New Media

By: _____                            _____
    Dan Pulcrano, CEO                                   Johnathan Brant Finley

COMPANY:

MrMovieTimes Inc.

By: _____
    Dan Pulcrano, CEO


9230.2
_____                                       5

**EXHIBIT A**

**BNM URLs**

.

**EXHIBIT B**

**JBF URLs**

**EXHIBIT C**

**FORM OF OPTION AGREEMENT**

# EXHIBIT D

## FORM OF EMPLOYMENT AGREEMENT

9230.2
2501396503 2

.

**EXHIBIT E**

**EXAMPLES**

# EXHIBIT F

## FORM OF VOTING AGREEMENT

1  Christopher E. Schumb  SBN 116828
   LAW OFFICES OF CHRISTOPHER SCHUMB
2  10 Almaden Blvd. Suite 1250
   San Jose, California 95113
3  Telephone:  (408)271-3245
   Facsimile:  (408)289-1509
4

5  Attorneys for Defendant
   BOULEVARDS NEW MEDIA, INC.

6
                    **IN THE UNITED STATES DISTRICT COURT**
7
              **IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA**
8

9  JOHNATHAN BRANT FINLEY,            )  No. C 08-00248 PVT
                                      )
10              Plaintiffs,           )  [PROPOSED] ORDER
                                      )
11 vs.                                )  Date:
                                      )  Time:
12 DAN PULCRANO; BOULEVARDS NEW       )  Courtroom:  5
   MEDIA, INC.,                       )  Judge:  Hon.  Patricia V. Trumbull
13                                    )
                Defendants.           )
14                                    )
                                      )
15                                    )
                                      )
   _____)

16                        **[PROPOSED] ORDER**

17        Having reviewed the briefs submitted, and oral arguments of the parties,

18        IT IS ORDERED that defendant Boulevards New Media, Inc.'s Motion to Quash Plaintiff's

19 Subpoenas is GRANTED.  The court finds that the subpoenas were not drawn in compliance with

20 Federal Rule of Civil Procedure Rule 45(b).  The also finds that the subpoenas would cause undue

21 burden in that they sought irrelevant information that is beyond the scope of this matter, and seek

22 commercially sensitive information which would be prejudicial to Defendant Boulevards New

23 Media, Inc., as well as the deponents.

24

25 DATED:                              _____

26                                     Hon. Patricia V. Trumbull

27

28

                                         1