GARY R. GLEASON (SB# 136167)
FARBSTEIN & BLACKMAN
A Professional Corporation
411 Borel Avevnue, Suite 425
San Mateo, California 94402-3518
Telephone: (650) 554-6200
Facsimile: (650) 554-6240
Local Counsel for Plaintiff
JOHNATHAN BRANT FINLEY

MIGUEL S. RODRIGUEZ (Texas SB# 24007938)
DONALD R. TAYLOR (Texas SB# 19688800)
JENNIFER A. TATUM Texas State Bar #24046950
**TAYLOR, DUNHAM AND BURGESS, LLP**
301 Congress Avenue, Suite 1050
Austin, Texas 78701
Telephone: (512) 473-2257
Facsimile: (512) 478-4409
Attorneys for Plaintiff
JOHNATHAN BRANT FINLEY
.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA—SAN JOSE DIVISION

| | |
|---|---|
| JOHNATHAN BRANT FINLEY,<br><br>        Plaintiff,<br><br>v.<br><br>DAN PULCRANO and BOULEVARDS NEW MEDIA,<br><br>        Defendants. | CASE NO. C 08-00248 PVT<br><br>**PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND** |

COMES NOW Plaintiff Johnathan Brant Finley who hereby files his First Amended Complaint and Jury Demand against Defendants Dan Pulcrano ("Pulcrano") and Boulevards New Media, Inc. ("Boulevards") (all defendants collectively "Defendants") and as grounds would respectfully show the Court as follows:

## I. PARTIES

1.    Plaintiff Johnathan Brant Finley ("Plaintiff" or "Finley") is an individual.

2.    Defendant Dan Pulcrano is an individual who resides in the State of California. Defendant

Pulcrano's office is located 550 South First Street, San Jose, CA, 95113.

3.     Defendant Boulevards New Media, Inc. is a California corporation.   Defendant Boulevards'
home office is located at 550 South First Street, San Jose, CA, 95113.

## II.     JURISDICTION

4.     The amount in controversy exceed the jurisdictional amounts of this Court.   This Court had
diversity jurisdiction based on 28 U.S.C. § 1332(a).

## III.     FACTS COMMON TO ALL CAUSES OF ACTION

5.     Pulcrano is the president and CEO of Boulevards.  Pulcrano has made fraudulent representations
in his individual and representative capacity to Finley.

6.     Starting in 2001, Plaintiff Finley developed, as a sole proprietorship, the business known as
mrmovietimes.com.

7.     At that time, as it is today, mrmovietimes.com was an internet based service that allowed users to
look up local movie times.

8.     The service was free and mrmovietimes.com generated its revenue from advertising displayed on
the website.

9.     Under the rubric of mrmovietimes.com, Finley operated several city-specific websites such as
AtlantaMovieTimes.com, AustinMovieTimes.com, BostonMovieTimes.com and
BuffaloMovieTimes.com.

10.     Pulcrano is the chief executive officer of Boulevards New Media.

11.     Boulevards is a business that owned several California bay area weekly newspapers as well as
several city domain websites including Dallas.com, SanAntonio.com and Houston.com.

12.     In early 2004, Pulcrano contacted Finley to persuade Finley to enter a deal with Pulcrano and
Boulevards.

13.     Pulcrano told Finley he was willing to invest in Finley's business.

PLAINTIFF'S FIRST AMENDED COMPLAINT
AND JURY DEMAND

14.    On April 16, 2004 Pulcrano formed a new entity called MrMovieTimes, Inc. (the "Corporation").

15.    Pulcrano made himself the CEO of the Corporation.

16.    Pulcrano then offered to sell Finley stock and provide him options to purchase more stock in the Corporation if Finley would put his sole proprietorship into the Corporation.

17.    In addition, Pulcrano promised that Finley would be hired by the new entity for three years and, during that term, the new entity would pay him $3,000 per month plus 40% of the new entity's profits.

18.    Pulcrano represented that the Corporation would have its own bank account, its own tax-id number and, in general, that the Corporation would be run as a separate entity from Pulcrano's other business ventures.

19.    Pulcrano also represented that his extensive contacts in the media and advertising world would greatly enhance the value of the mrmovietimes enterprise.

20.    In reliance on the representations of Pulcrano, Finley agreed to give up 100% of his ownership interest in the business of mrmovietimes.com to the new entity, in exchange for a 15%-40% stake (depending on his exercise of options) in the Corporation.

21.    In reliance on the representations of Pulcrano, individually and as an agent for Boulevards, Plaintiff and Defendants entered into a series of agreements, including but not limited to, the Contribution Agreement, the Employment Agreement, the Voting Agreement and the Stock Option Agreement (collectively the "Transactions").

22.    Over the next three years, Finley diligently worked to grow the business of mrmovietimes.com.

23.    Advertising revenue increased from approximately $1,200 per month in early 2004 to approximately $42,000 per month by July 2007.

24.    Despite Finley's efforts and success, Boulevards continued to maintain complete control over all revenues and profits of the enterprise and, through the date of the filing of this action never acted to

1    place the enterprise into the Corporation which remained an empty shell.

2    25.    In fact, the Corporation prior to this lawsuit held, at most, one board meeting over three years

3    ago, never appointed a third director, never held a shareholder's meeting, never secured a tax

4    identification number and had no separate bank accounts.

5
6    26.    Boulevards' accounting personnel manage mrmovietimes.com's advertising revenue and, on

7    information and belief, this advertising revenue flows into Boulevards' bank accounts where it was

8    commingled with non-mrmovietimes assets.

9    27.    Upon information and belief, prior to this lawsuit, Pulcrano never obtained a tax identification

10   number or bank account for MrMovieTimes, Inc.

11
12   28.    Rather than Finley being paid by MrMovieTimes, Inc., Finley's salary was paid by Boulevards.

13   29.    Prior to this lawsuit, Pulcrano and Boulevards refused to provide Finley with information

14   concerning the income, expenses and financial status of the mrmovietimes.com enterprise.

15   30.    Upon information and belief, Pulcrano and/or Boulevards pledged assets of the Corporation to

16   secure funding, financing, loans, advances or other monetary compensation from American Leasing,

17   L.P.

18   31.    Upon information and belief, Pulcrano and/or Boulevards pledged assets of the Corporation to

19   secure funding, financing, loans, advances or other monetary compensation from Bridge Bank, NA.

20
21   32.    Upon information and belief, Pulcrano and/or Boulevards pledged assets of the Corporation to

22   secure funding, financing, loans, advances or other monetary compensation from Diablo Capital.

23   33.    Upon information and belief, Pulcrano and/or Boulevards pledged assets of the Corporation to

24   secure funding, financing, loans, advances or other monetary compensation from Domain Capital, LLC.

25   34.    Upon information and belief, Pulcrano and/or Boulevards pledged assets of the Corporation

26   including an "undivided one hundred (100%) percent interest in the internet domain name and related

27   registrations [of urls]."

28

PLAINTIFF'S FIRST AMENDED COMPLAINT
AND JURY DEMAND

35.    Upon information and belief, Pulcrano and/or Boulevards pledged assets of the Corporation including "licensing rights and intellectual property rights directly associated with or derived from the ownership of such url- www.indianapolis.com, www.oakland.com, www.raleigh.com, www.bethesda.com."

36.    Upon information and belief, Defendants have taken funds of the Corporation over and above what they were entitled.

## IV. CAUSES OF ACTION

37.    All claims are stated in the alternative to the extent they conflict.

38.    All of the foregoing facts are incorporated by reference in the following counts.

39.    All conditions precedent for bringing this action have been satisfied.

## COUNT 1 – VIOLATIONS OF THE CORPORATE SECRUITES LAW OF 1968 (CAL. CORP. CODE §§ 25000 ET SEQ.)

40.    Plaintiff incorporates by reference into this Count the background facts set forth in paragraphs 1 to 39 above and incorporates those allegations as though set forth herein in full.

41.    Pulcrano and Boulevards offered and sold securities in the Corporation to Finley by means of an untrue statement of material fact and an omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading.

42.    In addition or in the alternative, to the extent Boulevards is the offeror or seller, Pulcrano is responsible as a control person and/or aider.

43.    Finley seeks the remedy of rescission.

44.    In addition, or in the alternative, Finley seeks the recovery of damages.

45.    Finley also seeks a recovery of his attorney's fees and costs and interest.

46.    Defendants Pulcrano and Boulevards and jointly and severally liable for the violations of the Corporate Securities Law of 1968.

## COUNT 2 – VIOLATIONS OF THE TEXAS SECURITIES ACT

47.    Plaintiff incorporates by reference into this Count the background facts set forth in paragraphs 1 to 39 above and incorporates those allegations as though set forth herein in full.

48.    Pulcrano and Boulevards offered and sold securities in the Corporation to Finley by means of an untrue statement of material fact and an omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading.

49.    In addition or in the alternative, to the extent Boulevards is the offeror or seller, Pulcrano is responsible as a control person and/or aider.

50.    Finley seeks the remedy of rescission.   In addition, or in the alternative, Finley seeks the recovery of damages.

51.    Finley also seeks a recovery of his attorney's fees and costs and interest.

52.    Defendants Pulcrano and Boulevards and jointly and severally liable for the violations of the Texas Securities Act.

## COUNT 3 –FRAUD BY NON-DISCLOSURE

53.    Plaintiff incorporates by reference into this Count the background facts set forth in paragraph 1 to 39 above and incorporates those allegations as though set forth herein in full.

54.    Defendants  Pulcrano  and  Boulevards  have  committed  fraud  by  non  disclosure  by  1) nondisclosure by Defendants of facts materially affecting the value or desirability of the property; (2) Defendant's  knew  facts  and  these  facts  were  unknown  to  or  beyond  the  reach  of  Plaintiff;  (3) Defendant's intended to induce action by the Plaintiff; (4) Defendants did induce Plaintiff to act by reason of nondisclosure; and (5) Plaintiff suffered damages as a result.

55.    As a proximate result, Plaintiff Finley has suffered damages for which he seeks a recovery from Defendants.  In addition or in the alternative, Finley seeks the remedy of rescission.  Finley also seeks recovery of his attorney's fees, costs and interest.

PLAINTIFF'S FIRST AMENDED COMPLAINT
AND JURY DEMAND

## COUNT 4 – COMMON LAW FRAUD

56.     Plaintiff incorporates by reference into this Count the background facts set forth in paragraphs 1 to 39 above and incorporates those allegations as though set forth herein in full.

57.     Defendants Pulcrano and Boulevards have committed fraud by making the foregoing factual misrepresentations with the intent that Plaintiff would rely upon them.

58.     Plaintiff relied upon these misrepresentations.

59.     As a proximate result, Plaintiff Finley has suffered damages for which he seeks a recovery from Defendants.

## COUNT 5 – CONVERSION

60.     Plaintiff incorporates by reference into this Count the background facts set forth in paragraphs 1 to 39 above and incorporates those allegations as though set forth herein in full.

61.     Plaintiff owned the Corporation, or had a right to possession of the Corporation at the time of Defendants' conversion; (2) Defendants' conversion occurred through a wrongful act or disposition of property rights; and (3) as a result of Defendants' conversion Plaintiff suffered damages.

62.     Plaintiff owned intellectual property and/or is/was owed funds from the Corporation, or had a right to possession of intellectual property and/or funds from the Corporation at the time of Defendants' conversion; (2) Defendants' conversion occurred through a wrongful act or disposition of property rights; and (3) as a result of Defendants' conversion Plaintiff suffered damages.

63.     Defendants Pulcrano and Boulevards are jointly and severally liable for the conversion.

64.     Defendant Pulcrano aided and abetted Boulevards in the above referenced conversion and/or Defendant Boulevards aided and abetted Pulcrano in the above referenced conversion.

65.     Finley seeks the remedy of rescission.

66.     In addition, or in the alternative, Finley seeks the recovery of damages.

67.     Finley also seeks a recovery of his attorney's fees and costs and interest.

## COUNT 6 – BREACH OF CONTRACT

68.     Plaintiff incorporates by reference into this Count the background facts set forth in paragraphs 1 to 39 above and incorporates those allegations as though set forth herein in full.

69.     Defendants by their conduct described above breached the parties' Contribution Agreement which has caused Plaintiff damages.

70.     Plaintiff seeks recovery of all actual, consequential and special damages as a result of Defendants' breaches of contract.

71.     Finley seeks the remedy of rescission.

72.     In addition, or in the alternative, Finley seeks the recovery of damages.

73.     Finley also seeks a recovery of his attorney's fees and costs and interest.

74.     Defendants Pulcrano and Boulevards and jointly and severally liable for the

## COUNT 7 – FRAUD IN THE INDUCEMENT

75.     Plaintiff incorporates by reference into this Count the background facts set forth in paragraphs 1 to 39 above and incorporates those allegations as though set forth herein in full.

76.     Defendants made 1) false representations to Plaintiff and/or concealed a material fact; (2) Defendants made these false representations with knowledge of their falsity; (3) with intent to induce Plaintiff to enter into the Transaction; (4) Plaintiff acted in justifiable reliance upon Defendants false representations and/or concealed facts; and (5) Plaintiff suffered damage a result of his reliance.

77.     Plaintiff seeks recovery of all actual, consequential and special damages as a result of Defendants' fraud in the inducement.

78.     Finley seeks the remedy of rescission.

79.     In addition, or in the alternative, Finley seeks the recovery of damages.

80.     Finley also seeks a recovery of his attorney's fees and costs and interest.

PLAINTIFF'S FIRST AMENDED COMPLAINT
AND JURY DEMAND

## COUNT 8-BREACH OF FIDUCIARY DUTY

81.     Plaintiff refers to the allegations set forth in Paragraphs 1 through 39 and incorporates those allegations as though set forth herein in full.

82.     Pursuant to the agreement with Plaintiff, pursuant to their participation as Majority shareholder(s) and pursuant to their relationships with Plaintiffs, Defendants owed Plaintiff a fiduciary duty of good faith, fair dealing, honestly, integrity and a duty to act with reasonable care and diligence.

83.     The aforesaid acts, conduct, breaches and omissions on the part of Defendants constituted breaches of said Defendants' fiduciary duties to Plaintiff.

84.     In committing the unlawful conduct alleged herein, Defendants acted fraudulently, with oppression and or malice, with the express intent to injure and damage and with full knowledge of the consequences thereof and of the damage being caused to Plaintiff.

85.     Despite this knowledge, Defendants committed the aforementioned acts which fall within the language of California Civil Code Sect. 3294 in that they subjected Plaintiff to despicable conduct with a willful and conscience disregard of the rights of Plaintiff; subjected Plaintiff to cruel and unjust hardship in conscience disregard of Plaintiff's rights and subjected Plaintiff to extreme financial hardship solely for the elicit benefit of Defendants, and such actions justify an award of exemplary and punitive damages against Defendants, in an amount sufficient to justify said Defendants and other from committing similar or identical acts to those described herein.

86.     Plaintiff seeks recovery of all actual, consequential and special damages as a result of Defendants' breach of fiduciary duty.

87.     Finley seeks the remedy of rescission.

88.     In addition, or in the alternative, Finley seeks the recovery of damages.

89.     Finley also seeks a recovery of his attorney's fees and costs and interest.

90.     Defendants Pulcrano and Boulevards and jointly and severally liable for the above referenced

1   breaches of fiduciary duty.

2   91.     In the alternative, Defendant Pulcrano aided and abetted Boulevards in the above referenced

3   breach(es) of fiduciary duty and/or Defendant Boulevards aided and abetted Pulcrano in the above

4   referenced breach(es) of fiduciary duty.

5                           **COUNT 9-NEGLIGENT MISREPRESENATION**

6

7   92.     Plaintiff incorporates by reference into this Count the background facts set forth in paragraphs 1

8   to 39 above and incorporates those allegations as though set forth herein in full.

9   93.     The conduct of Defendants as described hereinabove also constitutes negligent

10  misrepresentation.

11  94.     Certain negligent misrepresentations (as to a past or existing material fact) were made by

12  Defendants which were (1) untrue; (2) without any reasonable grounds for Defendants to believe it to be

13  true; (3) made with the intent to induce Plaintiff to rely upon it or was made recklessly or without

14  reasonable group for believing its truth; Plaintiff was unaware of the falsity of the representation and

15  acted in reliance upon the truth of the representation and Plaintiff was justified in relying upon the

16  representation; and (4) Plaintiff, as a result of his reliance upon the truth of the representation, sustained

17  damage.

18

19  95.     Plaintiff alleges that Defendants knowingly made that false representation with intent and effect

20  of inducing Plaintiff's detrimental reliance thereon.

21

22  96.     Plaintiff has suffered damages as a direct and foreseeable result of Defendants' negligence.

23       **COUNT 10-BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING**

24  97.     Plaintiff incorporates by reference into this Count the background facts set forth in paragraphs 1

25  to 39 above and incorporates those allegations as though set forth herein in full.

26  98.     Defendants owed Plaintiff a duty of good faith and fair dealing pursuant to the agreement

27  whereby Defendants agreed to invest in the Corporation.

28

99.     By the aforesaid acts, conduct, breaches and omissions of Defendants, Defendants have breached their duty of good faith and fair dealing to Plaintiff by deceiving Plaintiff and causing Plaintiff to enter into the transactions with Defendants, by not performing their duties to perform all acts that said agreement provided and presupposed, and that Defendant would do to accomplish the purpose of the agreement.

100.    More specifically, Defendants breached their duty of good faith and fair dealing to Plaintiff by, including but not limited to, failing to truthfully and accurately characterize and disclose to Plaintiff the true terms and conditions of the investment in the Corporation, the true terms and conditions of Boulevards' involvement in the Corporation, failing to keep separate the Corporation's accounts, commingling the funds of the Corporation with those of Boulevards and/or Pulcrano's, pledging the Corporation's assets to secure financing for Boulevards and not for the benefit of the Corporation, and by taking other wrongful actions and committing other omissions concerning the business and finances of the Corporation.

101.    As a direct and proximate result of Defendants' breach of its duty of good faith and fair dealing to Plaintiff, Plaintiff has incurred and continues to incur damages in being forced to file this law suit against Defendants, and other separate damages, in addition to the damages caused by the breach of contract, the breach of the implied covenant of good faith and fair dealing, in amounts presently unknown to Plaintiffs, all of which will be determined according to proof.

## COUNT 11-VIOLATION OF UNFAIR COMPETITION ACT
### (CAL. BUS. & PROF. CODE §17200)

102.    Plaintiff incorporates by reference into this Count the background facts set forth in paragraphs 1 to 39 above and incorporates those allegations as though set forth herein in full.

103.    Plaintiff is informed and believes and thereon alleges that said Defendants have been engaged in and continue to be engaged in acts and/or a pattern and practice of unfair competition in violation of Business and Professions Code § 17200 *et. seq.*, including but not limited to:

(a)    Violating Cal. Corp Code §§ 25000 *et. seq*;

(b)    Violating the Texas Securities Act;

(c)    misrepresenting material facts to Plaintiff as alleged in the preceding paragraphs; and

(d)    engaging in self-dealing at the expense of Plaintiff by commingling the Corporation's funds, failing to keep separate the Corporation's accounts, pledging the Corporation's assets for the benefit of Defendants Pulcrano and/or Boulevards, and by taking other wrongful actions and committing other omissions concerning the business and finances of the Corporation.

104.    The above-described unlawful, unfair and fraudulent business practices are an ongoing threat of injury to Plaintiff.

105.    Plaintiff continues to be financially harmed by such conduct and, unless restrained, defendants will continue to engage in such conduct.

106.    Pursuant to California Business & Professions Code § 17203, Plaintiff is entitled to an order of this Court enjoining Defendants from continuing to engage in unfair competition, as defined in Business & Professions Code § 17200, in the State of California. Plaintiff will be irreparably harmed if such an order is not granted.

107.    Defendants have been unjustly enriched at the expense of the Plaintiff whom therefore is entitled to restitution and disgorgement of profits realized by Defendants.

## V. EXEMPLARY DAMAGES

108.    Plaintiff is entitled to recover exemplary damages because Defendants committed the aforementioned acts which fall within the language of California Civil Code Sect. 3294 in that they subjected Plaintiff to despicable conduct with a willful and conscience disregard of the rights of

PLAINTIFF'S FIRST AMENDED COMPLAINT
AND JURY DEMAND

Plaintiff; subjected Plaintiff to cruel and unjust hardship in conscience disregard of Plaintiff's rights and subjected Plaintiff to extreme financial hardship solely for the elicit benefit of Defendants, and such actions justify an award of exemplary and punitive damages against Defendants, in an amount sufficient to justify said Defendants and other from committing similar or identical acts to those described herein.

109.    Defendants have obtained benefits from Finley by fraud and/or taking of an undue advantage of him as described in the foregoing recitation of facts.

110.    As a result, these defendants have been unjustly enriched.

111.    Finley seeks recovery of all monies and assets unjustly obtained by Defendants.

## VI.  JURY DEMAND

112.    Plaintiff demands a trial by jury on the issues in this case.

## VII.  ATTORNEYS' FEES

113.    Plaintiff seeks recovery of his attorneys' fees pursuant to the Contribution Agreement § 21; Employment Agreement § 14 (h); Voting Agreement § 3.9; CAL. CIV. CODE § 1717 *et. seq.*; and any other contractual or statutory authority that authorizes the recovery of attorneys' fees.

## VIII.   PRAYER

114.    Plaintiff seeks the following relief (in addition or in the alternative):

   (1)     all actual, special and consequential damages;

   (2)     rescission;

   (3)     exemplary and/or additional damages in an amount to be determined by the jury;

   (4)     attorney's fees;

   (5)     pre-judgment and post-judgment interest at the highest available rate;

   (6)     costs; and

   (7)     such further relief to which Plaintiff may show itself justly entitled.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon final hearing it recover

1   judgment for the foregoing damages and relief and receive such other and further relief to which it may

2   show itself justly entitled.

3

4

5                                  Respectfully submitted,
                                   **TAYLOR, DUNHAM & BURGESS, L.L.P.**

6                                    301 Congress Avenue, Suite 1050
Austin, Texas 78701

7                                    (512) 473-2257 Telephone
(512) 478-4409 Facsimile

8

9                                    By:_____/JAT/_____
                                      Donald R. Taylor

10                                       State Bar No. 19688800
                                      Miguel S. Rodriguez

11                                     State Bar No. 24007938
                                      Jennifer A. Tatum

12                                     State Bar No. 24046950
                              **ATTORNEYS FOR PLAINTIFF**

13                                   **JOHNATHAN BRANT FINLEY**

14                                   GARY R. GLEASON (SB# 136167)
                                  FARBSTEIN & BLACKMAN

15                                   A Professional Corporation
                                411 Borel Avenue, Suite 425

16                                   San Mateo, California 94402-3518
                                Tel: 650-554-6200; Fax: 650-554-6240

17                                   *Local Counsel for Plaintiff*

18                                   JOHNATHAN BRANT FINLEY

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S FIRST AMENDED COMPLAINT
AND JURY DEMAND

**PROOF OF SERVICE**

**CASE NAME:** *Johnathan Brant Finley v. Dan Pulcrano, et al.*
**COURT:**       **United States District Court Northern District of California—San Jose Division**
**CASE NO.:**    **C 08-00248 PVT**

I, the undersigned, certify that I am employed in the San Mateo, California, that I am over the age of eighteen years and not a party to the within action; and that my business address is 411 San Mateo, California 94402.

On August 29, 2008, I served the following document(s):

**PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND**

on the parties stated below, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below by the following means of service:

_X_:    By First-Class Mail — I am readily familiar with the firm's practice for collection and processing of correspondence for mailing. Under that practice, the correspondence is deposited with the U.S. Postal Service on the same day as collected, with first-class postage thereon fully prepaid, in San Mateo, California, for mailing to the office of the addressee following ordinary business practices.

___:    By Personal Service — I caused each such envelope to be given to a courier messenger to personally deliver to the office of the addressee.

___:    By Overnight Courier — I caused each such envelope to be given to an overnight mail service at San Jose, CA, to be hand delivered to the office of the addressee on the next business day.

**<u>Addressee(s)</u>**

**See Attached Service List of Attorneys of Record**

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 29, 2008, at San Mateo, California.

_____
                /s/
ESTHER H. CHETCUTI

PLAINTIFF'S FIRST AMENDED COMPLAINT
                                                AND JURY DEMAND

1

**Attorneys of Record – Service List**

2

**Johnathan Brant Finley  v. Dan Pulcrano, *et al.***

3

**United States District Court Northern District of California—San Jose Division**

**Case No. C 08-00248 PVT**

4

5

6

7

8

9

10

11

12

| Christopher E. Schumb<br>Law Offices of Christopher Schumb<br>10 Almaden Blvd. Suite 1250<br>San Jose, California 95113 | Attorneys for Defendant Boulevards New Media, Inc.<br><br>Telephone:   408 271-3245<br>Facsimile:    408 289-1509 |
|---|---|
| Bradley A. Bening<br>George W. Dowell<br>Willoughby, Stuart & Bening, Inc.<br>50 W. San Fernando Street, Suite 400<br>San Jose, California 95113 | Attorneys for Defendant Dan Pulcrano<br><br>Telephone:   408 289-1972<br>Facsimile:    408 295-6375 |

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S FIRST AMENDED COMPLAINT
AND JURY DEMAND