UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOHNATHAN BRANT FINLEY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DAN PULCRANO, et al.,<br><br>　　　　　Defendants. | Case No.: C 08-0248 PVT<br><br>**ORDER DENYING DEFENDANT BOULEVARDS NEW MEDIA'S MOTION TO QUASH SUBPOENAS** |

　　　In this motion Defendant Boulevards New Media ("BNM") seeks an order quashing subpoenas Plaintiff Johnathan Brant Finley ("Finley") served on three companies with whom BNM does business: American Leasing, L.P., Bridge Bank, N.A., and Diablo Capital. Having reviewed the papers submitted by the parties, the court finds it appropriate to issue this order without oral argument. Based on the moving, opposition and reply papers, and the file herein,

　　　IT IS HEREBY ORDERED that BNM's motion is DENIED, however the subpoenas shall be limited to documents created on or after April 16, 2004. As discussed herein, the information sought is relevant to at least two of Finley's causes of action.

　　　IT IS FURTHER ORDERED that Finley shall promptly provide a copy of this order to American Leasing, L.P., Bridge Bank, N.A., and Diablo Capital.

　　　IT IS FURTHER ORDERED that, absent agreement of Finley and the specific non-party to

the contrary, the deadline for American Leasing, L.P., Bridge Bank, N.A., and Diablo Capital to provide documents in response to the subpoenas is October 20, 2008.

**I.   BACKGROUND**

Four years ago BNM and Finley agreed to create a new corporation, Mr. Movie Times, Inc. ("MMT"), in order to capitalize on Finley's website, www.mrmovietimes.com.  Earlier this year Finley filed this action which includes claims that BNM and its CEO, Defendant Dan Pulcrano ("Pulcrano"), breached the implied covenant of good faith and fair dealing, and engaged in unfair competition, by pledging MMT's assets to secure financing for BNM.  (*See* FAC,[1] 11:11-12 & 12:7-8.)  Finley specifically alleges that Pulcrano and/or BNM pledged MMT's assets to secure financing from American Leasing, L.P., Bridge Bank, N.A., and Diablo Capital.  (*See* FAC, 4:15-22.)

**II.   LEGAL STANDARDS**

Upon a timely motion, Rule 45(c)(3)[2] requires the court to quash or modify a subpoena that "fails to allow a reasonable time to comply," "requires disclosure of privileged or other protected matter, if no exception or waiver applies" or "subjects a person to undue burden."  Court have broad authority under Rule 26(c) to issue protective orders regarding discovery. *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 39 (N.D.Cal.1990).

The burden of persuasion in a motion to quash is on the moving party.  *See Green v. Baca,* 226 F.R.D. 624, 653-54 (C.D. Cal. 2005).  "The party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings." *See Night Hawk Ltd. v. Briarpatch Ltd., L.P.*, 2003 WL 23018833, *8 (S.D.N.Y. 2003).

A party does not have standing to quash a subpoena on the basis that the non-party recipient of the subpoena would be subjected to an undue burden when the non-party has failed to object.

---

[1] As used herein "FAC" refers to Plaintiff's First Amended Complaint and Jury Demand, filed August 29, 2008 (docket no. 33).

[2] All references herein to "Rules" are to the Federal Rules of Civil Procedure.

*See Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D.Fla. 2005), quoting 8 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, FEDERAL PRACTICE AND PROCEDURE CIVIL 2D § 2035 (" 'A party may not ask for an order to protect the rights of another party or a witness if that party or witness does not claim protection for himself, but a party may seek an order if it believes its own interest is jeopardized by discovery sought from a third person.' ").

### III.  DISCUSSION

Defendants argue that the subpoenas to American Leasing, L.P., Bridge Bank, N.A., and Diablo Capital should be quashed, or modified, because Defendants were not given proper notice of the subpoenas, the subpoenas seek information not relevant to this action, the subpoenas are not limited to the relevant time period, and the subpoenas are unduly burdensome on those companies.

In opposing the motion, Finley argues, among other things, that the information sought from the three companies is relevant to his allegations that BNM pledged MMT's assets to secure financing for BNM.  He notes that the subpoenaed parties have not objected to the subpoenas. Finley also argues that the subpoenas are sufficiently limited in time.

In reply, BNM makes much of the fact that Finley is suing in he personal capacity.  It also makes various arguments that go to the merits of the case.  BNM fails to rebut Finley's showing that, other than the need for an appropriate time limitation, the documents sought by Finley are relevant to Finley's allegations referenced above (particularly in light of the fact, conceded by BNM, that BNM commingled MMT's assets with its own assets).

The court has already effectively modified the subpoenas by staying them pending the outcome of this motion.  This renders BNM's complaint about any lack of notice moot.

The information sought in the subpoenas is clearly relevant to Finley's causes of action for breach of the implied covenant of good faith and fair dealing, and unfair competition.  Finley specifically alleges that BNM pledged MMT's assets to secure financing from American Leasing, L.P., Bridge Bank, N.A., and Diablo Capital, and that by doing so BNM harmed Finley in his individual capacity by, for example, breaching the covenant of good faith and fair dealing implied in the agreements between Finley and Defendants.  Finley is entitled to conduct discovery to

obtain evidence in support of his claims, if any such evidence exists.

While the scope of the subpoenas may encompass some documents that are not directly relevant to Finley's claims, other than the need for a time limitation they are not so overly broad as to require modification. In fact, the burden on the non-parties would be greater if the court were to require them to do a more detailed sorting of the documents.

Any issues regarding the confidentiality of the information sought can be adequately addressed through the use of a protective order governing the handling of confidential information. A model form of Stipulated Protective Order is available in the "Forms" section of the court's website (www.cand.uscourts.gov).

### IV. CONCLUSION

BNM has not met its burden of showing that the subject subpoenas should be quashed. It has shown, however, that a modification limiting the time period is warranted. The court is thus limiting the time period to April 16, 2004 (the day Finley alleges Defendants created MMT) through the present.

Dated: *10/6/08*

PATRICIA V. TRUMBULL  
United States Magistrate Judge